Fill in this information to identify the case:

United States Bankruptcy Court for the:

_____ District of  Delaware
                       (State)

Case number (if known): _____  Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     02/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Ravn Air Group, Inc.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  47-4133047

4. **Debtor's address**

   **Principal place of business**
   4700 Old International Airport Road
   Number  Street

   Anchorage    AK    99502
   City         State  ZIP Code

   County

   **Mailing address, if different from principal place of business**
   Number  Street

   P.O. Box

   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**
   Number  Street

   City    State    ZIP Code

5. **Debtor's website (URL)**  https://www.flyravn.com/

Debtor    Ravn Air Group, Inc.            Case number (if known)  
         Name

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))  
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))  
☐ Railroad (as defined in 11 U.S.C. § 101(44))  
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))  
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))  
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))  
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)  
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)  
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    4   8   1   1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7  
☐ Chapter 9  
☒ Chapter 11. *Check all that apply:*

       ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

       ☐ A plan is being filed with this petition.

       ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

       ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

       ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No  
☐ Yes. District _____ When _____ Case number _____  
                          MM / DD / YYYY  
      District _____ When _____ Case number _____  
                          MM / DD / YYYY

Debtor    Ravn Air Group, Inc.      Case number (if known) _____
          Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor   See attached.     Relationship _____
       District _____     When ____/____/____
                                                                                                 MM / DD / YYYY
       Case number, if known _____

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

       **Why does the property need immediate attention?** (Check all that apply.)

       ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
            What is the hazard? _____

       ☐ It needs to be physically secured or protected from the weather.

       ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

       ☐ Other _____

       **Where is the property?** _____
                                            Number      Street

                                           City                                    State ZIP Code

       **Is the property insured?**
       ☐ No
       ☐ Yes. Insurance agency _____
             Contact name _____
             Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Debtor  Ravn Air Group, Inc.                                    Case number (if known)
        Name

**15. Estimated assets**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/05/2020
             MM / DD / YYYY

X /s/ J. Mannion
Signature of authorized representative of debtor

John Mannion
Printed name

Title  Chief Financial Officer

**18. Signature of attorney**

X /s/ Victoria Guilfoyle
Signature of attorney for debtor

Date  04/05/2020
      MM / DD / YYYY

Victoria A. Guilfoyle
Printed name

Blank Rome LLP
Firm name

1201 N. Market Street, Suite 800
Number    Street

Delaware          DE       19801
City              State    ZIP Code

(302) 425-6400                    guilfoyle@blankrome.com
Contact phone                     Email address

5183              DE
Bar number        State

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 4

Supplement to Question 10 of the Petition

On April 5, 2020, the following eight affiliated debtors filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware.

1. Ravn Air Group, Inc.
2. Ravn Air Group Holdings, LLC
3. JJM, Inc.
4. HoTH, Inc.
5. Corvus Airlines, Inc.
6. Peninsula Aviation Services, Inc.
7. Frontier Flying Service, Inc.
8. Hageland Aviation Services, Inc.

## SECRETARY'S CERTIFICATE

### April 5, 2020

The undersigned, John Mannion, hereby certifies that he is the Assistant Secretary of Ravn Air Group, Inc., a Delaware corporation (the "Company"), and further certifies that he is authorized to make the following certification:

Attached hereto is a true, complete and correct copy of the Resolutions of the Company dated April 4, 2020. Such resolutions remain in full force and effect as of the date of execution of this certificate.

IN WITNESS WHEREOF, the undersigned has caused this Secretary's Certificate to be executed as of the date first identified above.

John Mannion
Assistant Secretary of Ravn Air Group, Inc.

# RESOLUTIONS OF THE BOARD OF DIRECTORS OF RAVN AIR GROUP, INC.

## A DELAWARE CORORATION

April 4, 2020

**WHEREAS**, the Board of Directors (the "Board") of Ravn Air Group, Inc. (the "Company") has reviewed and considered the materials presented by the management of the Company and the Company's financial and legal advisors regarding the Company's liabilities and liquidity situation; and

**WHEREAS**, the Company contemplates entering, with its wholly-owned subsidiaries, into a senior secured credit agreement (the "DIP Agreement") with certain of its existing lenders (together with their successors, and permitted assigns, the "Lenders") and BNP Paribas, as administrative agent and collateral agent for the Lenders (in such capacity, together with its successors and assigns in such capacity, the "DIP Agent"); and

**WHEREAS**, the Board has consulted with the Company's management and financial and legal advisors and has considered fully each of the strategic alternatives available to the Company; and

**WHEREAS,** in the Board's judgment, it is desirable and in the best interests of the Company, its creditors, stockholders, employees, and other interested parties that the Company file a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, in the Board's judgment, it is desirable and in the best interests of the Company, its creditors, stockholders, employees, and other interested parties that the Company enter into the DIP Agreement, on terms consistent with those presented to the Board, and subject to such changes and alterations based on the reasonable business judgment of the Company's management; and

**NOW, THEREFORE, BE IT RESOLVED,** that each of the Chief Executive Officer and the Chief Financial Officer of the Company (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and hereby is, authorized and directed in the name and on behalf of the Company to execute and verify a voluntary petition to commence proceedings under chapter 11 of the Bankruptcy Code and to cause the same to be filed in any district at such time and venue as the Authorized Officer executing said petition shall determine;

**RESOLVED, FURTHER,** that each of the Company and the Authorized Officers be, and hereby are, authorized and directed to execute and verify a voluntary petition to commence proceedings under chapter 11 of the Bankruptcy Code for each of JJM, Inc.; HoTH, Inc.; Peninsula Aviation Services, Inc.; Corvus Airlines, Inc.; Frontier Flying Service, Inc.; and Hageland Aviation Services, Inc., and to cause the same to be filed in any district at such time and venue as the Authorized Officer executing said petition shall determine;

**RESOLVED, FURTHER,** that the execution and delivery of the DIP Agreement by the Company be, and hereby is, approved and authorized, and that the Authorized Officers of the

Company or any of them acting alone are hereby authorized, directed, and empowered to execute, deliver, and cause the Company to carry out the provisions of, and perform its obligations under, the DIP Agreement, substantially in the form presented to the Board, with such changes and exhibits as any of the Authorized Officers may deem necessary or appropriate in their sole and absolute discretion, the execution and delivery of the DIP Agreement by any of such Authorized Officers to be deemed conclusive evidence of such determination;

**RESOLVED, FURTHER,** that all other transactions contemplated by the DIP Agreement are hereby approved and authorized, all on substantially the terms and conditions set forth in the DIP Agreement;

**RESOLVED, FURTHER,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Keller Benvenutti Kim LLP as general bankruptcy counsel to represent and assist the Company in carrying out its respective duties under the Bankruptcy Code and related matters, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the case under chapter 11 of the Bankruptcy Code, and cause to be filed an appropriate application for authority to retain the services of Keller Benvenutti Kim LLP;

**RESOLVED, FURTHER,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Blank Rome LLP as special corporate counsel and local bankruptcy counsel to represent and assist the Company in carrying out its respective duties under the Bankruptcy Code and related matters, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the case under chapter 11 of the Bankruptcy Code, and cause to be filed an appropriate application for authority to retain the services of Blank Rome LLP;

**RESOLVED, FURTHER,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Conway MacKenzie, LLC, as financial advisor to represent and assist the Company in carrying out its respective duties under the Bankruptcy Code and related matters, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the case under chapter 11 of the Bankruptcy Code, and cause to be filed an appropriate application for authority to retain the services of Conway MacKenzie, LLC;

**RESOLVED, FURTHER,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ Bankruptcy Management Solutions, Inc. d/b/a Stretto ("<u>Stretto</u>") as claims and noticing agent for the Company to assist the Company in carrying out its duties under the Bankruptcy Code and related matters; and in connection therewith, each of the

Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the case under chapter 11 of the Bankruptcy Code, and cause to be filed an appropriate application for authority to retain the services of Stretto;

**RESOLVED FURTHER,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code and related matters; and in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the case under chapter 11 of the Bankruptcy Code, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

**RESOLVED FURTHER,** that each of the Authorized Officers be, and hereby is, authorized and directed, in the name and on behalf of the Company, to execute all petitions, schedules, motions, lists, applications, pleadings, and other papers or documents, and to take any and all such other and further actions which such Authorized Officer or the Company's legal counsel may deem necessary, proper, or desirable in connection with the case under chapter 11 of the Bankruptcy Code, with a view to the successful prosecution of such case;

**RESOLVED FURTHER,** that each of the Authorized Officers be, and hereby is, authorized and directed, in the name and on behalf of the Company, to take such actions and to make, sign, execute, acknowledge, and deliver any and all such additional documents, agreements, affidavits, applications for approvals or rulings of governmental or regulatory authorities, motions, orders, directions, certificates, requests, receipts, financing statements, or other instruments as may be reasonably required to give effect to the foregoing resolutions and to consummate the transactions contemplated by the foregoing resolutions, to execute and deliver such instruments, and to fully perform the terms and provisions thereof; and

**RESOLVED FURTHER,** that to the extent that any of the actions authorized by any of the foregoing resolutions have been taken by an Authorized Officer on behalf of the Company, such actions are hereby ratified and confirmed in their entirety.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RAVN AIR GROUP, INC.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-_____ (___)<br><br>Joint Administration Requested |

### CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULES 1007 AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

In accordance with Rules 1007 and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtors submit the following information:

X The following entities directly or indirectly own 10% or more of any class of the above-captioned Debtor's equity interests:

Name: Ravn Air Group Holdings, LLC
Address: 110 East 59th Street, 27th Floor, New York, NY 10022

Name: JFL - Rag Partners, LLC
Address: 110 East 59th Street, 27th Floor, New York, NY 10022

Name: W Capital RAG Holdings, LLC
Address: 400 Park Avenue, New York, NY 10022

Name: W Capital Partners III, LP
Address: 400 Park Avenue, New York, NY 10022

Name: JFL - Rag Holdings, LLC
Address: 110 East 59th Street, 27th Floor, New York, NY 10022

Name: JFL AIV Investors III – (US), LP
Address: 110 East 59th Street, 27th Floor, New York, NY 10022

---

[1] The last four digits of Debtor's tax identification number are (3047). The Debtor's mailing address is: 4700 Old International Airport Road, Anchorage, AK 99502.

Name:     JFL AIV Investors III – (NUS), LP
Address:  110 East 59th Street, 27th Floor,
          New York, NY 10022

☐ (Additional names are attached hereto)

☐ There are no entities that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

---

**Fill in this information to identify the case and this filing:**

Debtor Name: Ravn Air Group, Inc.

United States Bankruptcy Court for the: _____    District of Delaware
(State)

Case number (*If known*): _____

---

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration   Corporate Ownership Statement Pursuant to Rules 1007 and 7007.1 of the Federal Rules of Bankruptcy Procedure (Official Form 202)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04/05/2020
MM / DD / YYYY

X  *[signature]*
Signature of individual signing on behalf of debtor

John Mannion
Printed name

Chief Financial Officer
Position or relationship to debtor

---

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors

| Fill in this information to identify the case: |
|---|
| Debtor name **Ravn Air Group, Inc.** |
| United States Bankruptcy Court for the: District of **Delaware** (State) |
| Case number (If known): _____ |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders          12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Olivery Wyman, Inc./ Cavok<br>P.O. Box 3800-28,<br>Boston, MA 02241 | Steven Harp<br>Tel: 617.424.3200<br>Fax: 617.424.3300 | Trade Debts | Unliquidated | | | $2,225,854.96 |
| 2 | Crowley Fuels Alaska<br>201 Arctic Slope Avenue,<br>Anchorage, AK 99518 | Tel: 866.770.5587 | Trade Debts | Unliquidated | | | $1,603,449.00 |
| 3 | Standard Aero<br>33 Allen Dyne Road,<br>Winnipeg, Manitoba, CA R3H 1A1 | Mark O'Keefe<br>Tel: 902.436.1333<br>Fax: 902.436.0700 | Trade Debts | Unliquidated | | | $1,257,878.24 |
| 4 | AvMax Aviation Services<br>2055 Pegasus Road NE,<br>Calgary, Alberta, CA T2E8C3 | Evan Gao<br>Tel: 403.291.2464<br>evan.gao@avmax.com | Trade Debts | Unliquidated | | | $816,480.12 |
| 5 | Boeing Distribution, Inc.<br>P.O. Box 842267,<br>Dallas, TX 75284-2267 | Connie Moore<br>Tel: 1.800.284.2552 | Trade Debts | Unliquidated | | | $654,423.32 |
| 6 | STS Mod Center<br>2000 NE Jensen Beach Blvd,<br>Jensen Beach, FL 34957 | Travis Shillington<br>Tel: 1.800-800.2400 | Trade Debts | Unliquidated | | | $634,586.25 |
| 7 | Petro Star, Inc.<br>3900 C Street, Suite 802,<br>Anchorage, AK 99503 | Mark John<br>Tel: 1.877.344.2661 | Trade Debts | Unliquidated | | | $574,589.12 |
| 8 | Sky Service F.B.O., Inc.<br>6120 Midfield Road,<br>Mississauga, Ontario,<br>CA L5P 1B1 | Terry Miller<br>Tel: 905.678.5668<br>Fax: 905.362.5906<br>terry_miller@skyservice.com | Trade Debts | Unliquidated | | | $444,317.95 |

Debtor    Rayn Air Group, Inc.    Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | State of Alaska Department of Transportation P.O. Box 112500, Juneau, AK 99511-2500 | John MacKinnon Tel: 907.465.3900 | Trade Debts | Unliquidated | | | $381,526.19 |
| 10 | Eskimos, Inc. P.O. Box 536, Barrow, AK 99723 | Tel: 907.852.3835 | Trade Debts | Unliquidated | | | $327,967.15 |
| 11 | Pegasus Aviation Services, LLC 3901 Old International Airport Road, Anchorage, AK 99502 | Arsim Lena Tel: 907.240.2585 Arsim.Lena@pegasusanc.com | Trade Debts | Unliquidated | | | $269,740.73 |
| 12 | GCI P.O. Box 99001, Anchorage, AK 99509-9001 | Olivia Werdal Tel: 907-265-5454 owerdal@gci.com | Trade Debts | Unliquidated | | | $251,895.00 |
| 13 | Frosty Fuels, LLC 4000 Old Seward Hwy, Suite 301, Anchorage, AK 99503 | | Trade Debts | Unliquidated | | | $205,133.36 |
| 14 | Napa Auto Parts/Genuine Parts Company, Inc. File 56893/File 56898, Los Angeles, CA 90074-6893 | Chris Meisler Tel: 907.751.6265 Chris_Meisler@genpt.com | Trade Debts | Unliquidated | | | $196,460.19 |
| 15 | Saab Defense and Security USA, LLC 20700 Loudoun County Parkway, Ashburn, VA 20147 | Jacqueline Newcomb Tel: 703.406.7281 Fax: 703.406.7202 Jacqueline.Newcomb@saabusa.com | Trade Debts | Unliquidated | | | $163,861.79 |
| 16 | SoftwareOne, Inc. 20875 Crossroads Circle, Suite 1, Wakesha WI 53186 | Rachel Layman Tel: 800.444.9890 Fax: 262.317.5554 Rachel.Layman@softwareone.com | Trade Debts | Unliquidated | | | $152,393.59 |
| 17 | Fox Rothschild, LLP 8300 Greensboro Drive, Suite 1000 Tysons, VA 22102 | Barbara Butler Tel: 703.454.7650 Fax: 703.454.7651 bbutler@forxrothschild.com | Trade Debts | Unliquidated | | | $143,553.66 |
| 18 | Aircraft Propeller Services, LLC 595 Telser Road, Lake Zurich, IL 60047 | Shelly Dunbar Tel: 847.541.1133 Fax: 847.541-0176 MicheleDunbar@aircraftpropeller.com | Trade Debts | Unliquidated | | | $137,982.82 |

Debtor  Ravn Air Group, Inc.  Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | Brothers Aviation Maintenance Service, Inc. 406 S. Main Street, Clover, SC 29710 | Tel: 803.222.6006 Fax: 803.222.6222 | Trade Debts | Unliquidated | | | $135,128.85 |
| 20 | FedEx P.O. Box 94515, Palatine, IL 60094-4515 | Tel: 866.728.8587 | Trade Debts | Unliquidated | | | $134,247.43 |
| 21 | Flight Safety International Marine Air Terminal, Laguardia Airport, Flushing, NY 11371-1061 | Tel: 718.565.4100 Fax: 718.565.4133 | Trade Debts | Unliquidated | | | $112,225.00 |
| 22 | Northern Air Cargo 3900 Old International Airport Road, Anchorage, AK 99502 | Colin Dolan cdolan@nac.aero.com | Trade Debts | Unliquidated | | | $97,750.39 |
| 23 | Walker Enterprises P.O. Box 58239, Fairbanks, AK 99701 | Maccoy Walker Tel: 907.750.6490 walkerenterprisesak@gmail.com | Trade Debts | Unliquidated | | | $97,610.00 |
| 24 | Global Aviation 920 Aldrin Dr, Suite 250, Eagan MN 55121-2567 | Tel: 763.324.7370 Fax: 651.340.7541 | Trade Debts | Disputed | | | $93,310.91 |
| 25 | Pratt & Whitney Canada Leasing 1000 Boul. Marie-Victorin, Longueuil, Quebec, CA J4G 1A1 | Baljeet Gill Tel: 450.647.8089 Baljeet.Gill@pwc.ca | Trade Debts | Unliquidated | | | $91,222.43 |
| 26 | Mountain Aerospace, Inc. 6970 W 116th Avenue, Unit D, Broomfield, CO 80020 | Angela Brandenstein Tel: 303.404.3248 Fax: 303.404.3291 angela@mountainaerospace.com | Trade Debts | Unliquidated | | | $77,172.12 |
| 27 | International Business Machines Corporation 3039 E Cornwallis, Resrch Tri Pk, NC 27709 | | Trade Debts | Unliquidated | | | $75,488.60 |
| 28 | International Aviation Service 4200 W. 50th Avenue, Anchorage, AK 99502 | Ashlee Anderson Tel: 907.243.0756 Fax: 907.243.4183 fuelaccounting@iasak.com | Trade Debts | Unliquidated | | | $74,253.15 |
| 29 | InAir Aviation Services 8225 Country Club Place, Indianapolis, IN 46214 | Tel: 317.271.0195 Fax: 317.271.0345 | Trade Debts | Unliquidated | | | $68,923.56 |
| 30 | Airport Enterprises LLC, dba Contract Aircraft Technicians P.O. Box 7276, Kalispell, MT 59904 | Peter Gross Tel: 406.270.0910 | Trade Debts | Unliquidated | | | $68,901.26 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    page 3

**Fill in this information to identify the case and this filing:**

Debtor Name __Ravn Air Group, Inc.__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __04/05/2020__      x _/s/ John Mannion_
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

                                      John Mannion
                                      Printed name

                                      Chief Financial Officer
                                      Position or relationship to debtor

Official Form 202      Declaration Under Penalty of Perjury for Non-Individual Debtors