IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 20-10755 (BLS) |
| RAVN AIR GROUP, INC., *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: D.I. Nos. 7, 13, 45, 49** |

**LIMITED OBJECTION OF GCI COMMUNICATION CORP. TO MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION SENIOR SECURED SUPERPRIORITY FINANCING, (II) AUTHORIZING THE DEBTORS' LIMITED USE OF CASH COLLATERAL, (III) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF**

GCI Communication Corp. ("GCI"), by its attorneys, Connolly Gallagher LLP and Sherman & Howard L.L.C., files this limited objection to the *Motion of the Debtors for Entry of Interim and Final Orders Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, and 507 and Bankruptcy Rules 2002, 4001, and 6004 (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Superpriority Financing, (II) Authorizing the Debtors' Limited Use of Cash Collateral, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 13] (the "DIP Loan Motion"). In support, GCI states as follows:

1. On April 5, 2020 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. The Debtors operate their business as debtors-in-possession.

3. GCI is a telecommunications company based in Anchorage, Alaska. GCI provides the Debtors with telecommunication utility services, such as phone, internet, cable television, and data center, as well as other professional services. GCI files this limited objection

to the amount of money budgeted for Utilities in Debtors' "DIP Cash Flow Forecast" attached to the DIP Loan Motion [Docket Nos. 13-3, 31-1].

4. On April 7, 2020, the Court entered *the Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 and Bankruptcy Rules 2002, 4001, and 6004 (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Superpriority Financing, (II) Authorizing the Debtors' Limited Use of Cash Collateral, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Scheduling a Final Hearing, And (V) Granting Related Relief* (the "Interim DIP Loan Order") [Docket No. 49].

5. In the month immediately preceding the Petition Date, GCI provided $70,442.21 worth in utilities services to the Debtors. Prior to the Petition Date, GCI provided an average of over $70,000 in utilities per month.

6. GCI was not listed as a utility provider on Exhibit A in *Motion of the Debtors for Interim and Final Orders Establishing Adequate Assurance Procedures With Respect to the Debtors' Utility Providers* [Docket No. 7] (the "366 Motion").

7. After noticing this omission, the undersigned contacted Debtors' counsel to notify them of this oversight. On April 14, 2020, Debtors' counsel agreed to increase the Adequate Assurance Deposit by $35,000, recognizing Debtors' pre-petition average usage level.

8. GCI files this Limited Objection because the Debtors have included only $50,000 per month in the DIP Cash Flow Forecast, which is not even enough to cover GCI's utility costs, much less the costs of the other Utility Providers named in the 366 Motion.

9. The Debtors continue to have the benefit of the same full range of utility services from GCI that they did before the Petition Date. Further, the utility services GCI provides to the Debtors are based on fixed monthly costs that do not vary based on the customer's usage. Debtors will owe GCI $70,442.21 for utility services for the month of April.

10. The Debtors budgeted $50,000.00 for monthly utilities, not including GCI. It follows that the budget for utilities should be increased to $120,000 now that the Debtors have recognized GCI as a Utility Provider for purposes of the 366 Motion. Otherwise, the Debtors will be in default of either the 366 Motion or the Interim DIP Loan Order after their first month in bankruptcy.

11. GCI requests that Debtors increase the amount of cash collateral budgeted for Utilities to $120,000 per month.

WHEREFORE, GCI requests that any final order approving the DIP Loan Motion include a monthly budget for utilities of no less than $120,000, and for such additional relief in favor of GCI as the Court deems proper.

Dated:  April 22, 2020               CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler, Esq. (DE Bar No. 2795)
Kelly M. Conlan (DE Bar No. 4786)
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
Phone:  (302) 757-7300
Fax:  (302) 658-0380
E-mail:  jwisler@connollygallagher.com

and

SHERMAN & HOWARD L.L.C.
Peter A. Cal, Esq., (admission pro hac vice pending)
Stephen Robin, Esq. (admission pro hac vice pending)
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Phone:  (303) 297-2900
Fax: (303) 298-0940
E-mail: pcal@shermanhoward.com
        srobin@shermanhoward.com

#05528417v2                          **Attorneys for Creditor GCI Communication Corp.**