## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RAVN AIR GROUP, INC. *et al.*,[1] | Case No. 20-10755 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 10, 34 and 48** |

## FINAL ORDER AUTHORIZING THE DEBTORS TO
## PAY PREPETITION EMPLOYEE WAGES, BENEFITS, AND RELATED ITEMS

This matter coming before the Court on the Motion of the Debtors for an Order Authorizing Debtors to Pay Prepetition Employee Wages, Benefits, and Related Items (the "Motion"),[2] filed by the above-captioned Debtors; having entered an interim order on the Motion (the "Interim Order"); the Court has reviewed the First Day Declaration and the Supplemental First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion. The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and that this Court may enter an interim order consistent with Article III of the United States Constitution, (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the fourteen-day stay imposed by

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Bankruptcy Rule 6004(h) to the extent it is applicable. After due deliberation, the Court has determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors, is necessary to prevent immediate and irreparable harm to the Debtors, their estates, and their employees, and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in the Debtors' discretion, to pay the Prepetition Compensation (including accrued Paid Time Off Benefits for terminated employees and employees' undeposited payroll checks), and Prepetition Deductions in an aggregate amount not to exceed $6,700,000.

3. The Debtors are authorized, but not directed, to continue to accrue Paid Time Off Benefits for active employees and to pay any accrued Paid Time Off Benefits to active employees if required under applicable law, e.g., upon termination.

4. The Debtors are authorized, in the Debtors' discretion, to pay the Prepetition Business Expenses in an aggregate amount not to exceed $100,000.

5. The Debtors are authorized to pay prepetition amounts under the Health Benefits Program that the Debtors later discover are outstanding.

6. The Debtors are authorized to pay any outstanding prepetition Voluntary Benefits.

7. The Debtors are authorized to continue distributing Withholding Amounts, including those withheld prepetition.

8. For the avoidance of doubt, this Order does not approve any amounts that require approval under section 503(c) of the Bankruptcy Code.

9. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Order.

10. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim is a claim for Prepetition Compensation and Deductions, Prepetition Business Expenses, or Prepetition Benefits; or (v) the assumption of any contract.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: April 28th, 2020 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**