**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RAVN AIR GROUP, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10755 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: May 27, 2020 at 11:00 a.m. (ET)<br>Obj. Deadline: May 20, 2020 at 4:00 p.m. (ET) |

**APPLICATION FOR AN ORDER AUTHORIZING DEBTORS**
**TO RETAIN AND EMPLOY SAGE-POPOVICH, INC.**
**AS LIQUIDATION ADVISOR EFFECTIVE AS OF APRIL 14, 2020**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") apply to this Court pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of an order, in substantially the form attached hereto as **Exhibit B**, (i) authorizing the Debtors to retain and employ sage-popovich, inc. (*sic*) ("SPI") as their liquidation advisor in these chapter 11 cases, effective as of April 14, 2020, for an approximate three month term; and granting certain related relief. In support of this Application, the Debtors submit the Declaration of Nick Popovich (the "Popovich Declaration"), attached hereto as **Exhibit A**, and further respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. section 157(b). The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue for this matter is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409.

3. The bases for the relief requested herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4. On April 5, 2020 (the "Petition Date"), each of the Debtors commenced in this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Each Debtor operates its businesses and manages its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in the Chapter 11 Cases.

5. On April 20, 2020, the United States Trustee for Region 3 (the "U.S. Trustee") appointed a statutory committee of unsecured creditors (the "Committee") in these Chapter 11 Cases pursuant to Bankruptcy Code section 1102 [Dkt. No. 84].

6. Additional information regarding the Debtors' businesses and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of John*

*Mannion in Support of First Day Motions* filed on the Petition Date [Dkt. No. 5] and the *Supplemental Declaration of John Mannion in Support of First Day Motions* filed on the April 7, 2020 [Dkt. No. 36].

## RELIEF REQUESTED

7.  By this Application, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, authorizing the Debtors to employ and retain SPI as their liquidation advisor in the Chapter 11 Cases, effective as of April 14, 2020.

## SPI'S QUALIFICATIONS

8.  SPI is a global aviation consulting and asset management provider, with services ranging from pre-purchase inspection and appraisal services through repossession and liquidation on all aircraft types and related inventory.  SPI began in 1979 as a provider of worldwide recovery services for aviation assets and expanded into a one-stop aviation consulting operation.  Services range from specific projects and long-term portfolio monitoring, to repossessions and valuations.  SPI has valued in excess of $40 billion of aviation-related assets.

9.  Prior to the Petition Date, SPI was retained by the Debtors to complete certain valuation services (the "Phase 1 Workscope"), which included, among other tasks, a "desktop" valuation of the Debtors' aircraft and other equipment, including separate valuations for fair market value, orderly liquidation, net orderly liquidation, and forced liquidation.  As a result of having performed this work, SPI and its professionals are already familiar with the Debtors' fleet of aircraft and other equipment.

10.  The employment of SPI as the Debtors' liquidation advisor is appropriate and necessary to enable the Debtors to fulfill their duties as debtors and debtors in possession and to preserve and maximize the value of the Debtors' estates for all stakeholders.  The major assets of

the Debtors are its fleet of commercial aircraft as well their vehicles and ground equipment. If the Debtors are to proceed with their liquidating plan, the proceeds from the liquidation of these assets would be the main source of recovery for creditors. The Debtors propose to retain SPI on the terms of this Application and the parties' engagement letter dated April 14, 2020 (the "<u>Engagement Letter</u>"), a copy of which is attached to the Popovich Declaration as <u>Exhibit 3</u>.[2] The Engagement Letter describes, among other things, (i) the services that SPI anticipates performing for the Debtors and (ii) the terms and conditions of SPI's proposed engagement by the Debtors for an approximate three-month term.

## **SERVICES TO BE PROVIDED BY SPI**

11. The Debtors have requested that SPI render, to the extent necessary, the following services in connection with these Chapter 11 Cases:

   a. General consulting and guidance, including technical issues during suspension of operations, FAA compliance during service suspension, maintaining certificates, and maintaining airworthiness status;

   b. Personnel issues, including maintenance, information technology, parts, and records and tracking;

   c. Asset protection and storage, including aircraft storage programs and maintenance, inventory counts and protection, securing and maintaining ground service equipment and vehicles, and spare engine preservation;

   d. Auditing records, building asset specification sheets, and preparing non-incident letters;

   e. Collecting items out for repair and on loan, including locating and negotiating return of owned items out for repair, on loan, or otherwise outside the control of the Debtors;

   f. Managing all aspects of sales of any operational class of assets as permitted by the Bankruptcy Court, including aircraft, spare parts, ground support equipment, vehicles, tooling. Assist in preparation and support for sales motions. Prepare

---

[2] Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and the description provided herein.

4

> monthly sales reports, advertising and general notices. Assist in establishing the *de minimis* threshold;

g. Assisting in finding offsite storage as required or prudent; and

h. At the Debtors' direction, interfacing with DIP Lenders and Prepetition Lenders.

12. The Debtors require an experienced liquidation advisor to render these essential professional services. SPI has substantial expertise in all of these areas. Accordingly, the Debtors respectfully submit that SPI is well qualified to perform these services and represent the Debtors' interests in these Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

13. Pursuant to the terms of the Engagement Letter, and subject to the Court's approval of this Application, SPI intends to base its fees on the actual hours or days charged at SPI's standard rates which are in effect when the services are rendered. SPI's rates generally are revised annually, effective January 1 of each calendar year. SPI's current rates, as of January 1, 2020, are as follows:

| Role | Rate |
|---|---|
| Nick Popovich | $600.00 / hour, $4500 / day |
| Appraisers | $400.00 / hour, $3200 / day |
| Project Manager | $275.00 / hour, $1750 / day |
| A&P inspectors | $200.00 / hour, $1000 / day (domestic) |
| | $150.00 / hour, $1200 / day (international) |
| Field Staff | $125.00 / hour, $850 / day |
| Support Staff | $45.00 / hour, $500 / day |

14. In addition, SPI will also seek to be reimbursed for its reasonable travel and out-of-pocket expenses including, but not limited to, airfare, hotels, meals, ground transportation, parking, shipping, advertising costs, as well as its outside legal counsel and other direct expenses at cost. Air travel on SPI corporate aircraft will be reimbursed at the lowest commercial coach fare, plus fifty percent (50%) (in addition to out-of-pocket expenses as set forth above).

15. Brokerage services are specifically excluded from the scope of SPI's retention. Any brokerage services requested by the Debtors will be compensated on a commission basis to be negotiated between the parties at the time of the services and as ordered and approved by the Bankruptcy Court pursuant to a separate application filed by the Debtors with the Bankruptcy Court.

16. The Debtors request that if any of the members or employees of SPI are required by the Debtors to testify at any administrative or judicial proceeding relating to the Chapter 11 Cases, that SPI be compensated at its regular daily rate fee structure in effect at the time and reimbursed for reasonable out-of-pocket expenses (including outside counsel fees).

17. Bankruptcy Rule 2016 and Local Rule 2016-2 require professionals retained under section 327 of the Bankruptcy Code to submit applications for payment of compensation in chapter 11 cases. Local Rule 2016-2(d) requires retained professionals to submit detailed time entries that set forth, among other things, a detailed description of each activity performed, the amount of time spent on the activity (in tenth of an hour increments), the subject matter of the activity, and the parties involved with the activity at issue. Local Rule 2016-2(h), however, allows a retained professional to request a waiver of these requirements for cause.

18. SPI will submit its monthly fee and expense invoice (the "<u>Monthly SPI Invoice</u>") to the Debtors based on the terms outlined above. However, the Monthly SPI Invoice shall be capped, and in no event shall it exceed $75,000.00 per month. The Monthly SPI Invoice shall be delivered to the Debtors via email, and such invoice shall be payable to SPI by wire or ACH within ten (10) calendar days of its approval by the Bankruptcy Court on an interim basis. The Debtors will submit each Monthly SPI Invoice, which will not exceed $75,000 on a monthly basis, to the Bankruptcy Court for approval under a notice that sets forth a ten (10) calendar day period for

parties-in-interest to object to the Monthly SPI Invoice. If no objections are filed, the Debtors will submit, under a certificate of no objection, a proposed order approving the Monthly SPI Invoice on an interim basis. In the event an objection is filed, the Debtors may pay the uncontested portion of the Monthly SPI Invoice pursuant to an order entered by the Bankruptcy Court after it is submitted under certification of counsel by the Debtors. The three (3) Monthly SPI Invoices, including any portion of a contested Monthly SPI Invoice, will be subject to final approval after SPI's final fee application is filed in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. TBD].

19.     SPI does not intend to file monthly or interim fee applications during these Chapter 11 Cases. Rather, SPI intends to only file the Monthly SPI Invoices and a final fee application upon completion of its work. It is not SPI's practice nor is it the general practice of appraisal and valuation firms to keep detailed time records similar to those customarily kept by attorneys. The detailed filing requirements noted above would require a significant expenditure of time and effort while adding little value to the Debtors' estates. In addition to the Monthly SPI Invoices, SPI proposes to include a detailed summary explaining the services provided and a separate account of SPI's expenses incurred in connection with its retention in its final fee application. The Debtors and SPI therefore request that the requirements of Local Rule 2016-2(d) be tailored to appropriately reflect SPI's engagement and the requirement that SPI's professionals submit detailed time records be waived.

## NO ADVERSE INTEREST

20.     The Popovich Declaration, incorporated herein by reference, discloses SPI's connections to the Debtors and parties in interest in these Chapter 11 Cases. In reliance on the Popovich Declaration, except as set forth below, the Debtors believe that:   (a) SPI has no

connection with the Debtors, their affiliates, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants; (b) SPI is not a creditor, equity security holder or insider of the Debtors; (c) none of SPI's principals is, or was within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) SPI neither holds nor represents an interest materially adverse to the Debtors or their respective estates. Accordingly, the Debtors believe that SPI is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

21. In the normal course of its various business groups and entities SPI is actively engaged in the global aviation industry. SPI provides services such as portfolio management, aircraft delivery and return, repossessions of almost any type of aviation asset, appraisal services, liquidations, aircraft storage and maintenance, aircraft management services, expert witness testimony, and insurance claim resolution and investigation. A list of SPI's prior and ongoing projects with the parties-in-interest listed on Exhibit 1 to the Popovich Declaration is included as Exhibit 2 to the Popovich Declaration (the "Connections List").

22. As set forth in further detail in the Popovich Declaration, the Debtors do not owe SPI any amount for services performed or expenses incurred (including the Phase 1 Workscope) prior to the commencement of these Chapter 11 Cases, and, thus, SPI is not a prepetition creditor of the Debtors.

**BASIS FOR RELIEF**

23. Under section 327(a) of the Bankruptcy Code, a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its]

8

duties under this title." 11 U.S.C. § 327(a).  Section 1107(b) of the Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

24. As required by Bankruptcy Rule 2014(a), this Application and the Popovich Declaration set forth the following:  (a) the specific facts showing the necessity for SPI's employment; (b) the reasons for the Debtors' selection of SPI as their liquidation advisor in connection with these Chapter 11 Cases; (c) the professional services proposed to be provided by SPI; (d) the arrangement between the Debtors and SPI with respect to SPI's compensation, including information on hourly fees and day rates and the reasonableness thereof; and (e) to the best of the Debtors' knowledge, the extent of SPI's connections, if any, to certain parties in interest in these matters.  Accordingly, SPI's retention by the Debtors should be approved.

25. Finally, the Debtors request approval of the employment of SPI *nunc pro tunc* to April 14, 2020, the date of its Engagement Letter with the Debtors.  *Nunc pro tunc* relief is warranted here.  The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention.  *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *see also In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (D. Del. 1989).  The complexity, intense activity, and speed that have characterized these Chapter 11 Cases have necessitated that SPI focus its immediate attention on time sensitive matters such as providing valuation and appraisal services for the Debtors, and SPI has already devoted resources to the Debtors' affairs.  Moreover, given the size and complexity of these Chapter 11 Cases, the Debtors

9

were not able to seek approval of SPI's retention before SPI began work. Nonetheless, the Debtors and SPI have filed this Application promptly following the April 14, 2020 issuance of the Engagement Letter. Under these circumstances, no party will be prejudiced and *nunc pro tunc* retention should be approved.

## NOTICE

26. Notice of this Application shall be given to (a) the Office of the United States Trustee for the District of Delaware, (b) proposed counsel the Committee, (c) counsel to the DIP Agent, and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service. Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit B**.

Dated  May 6, 2020         */s/ John Mannion*
                            John Mannion
                            Chief Financial Officer

10
146484.01601/123228499v.3