## Exhibit A

## (Popovich Declaration)

146484.01601/123228499v.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RAVN AIR GROUP, INC. *et al.*,[1] | Case No. 20-10755 (BLS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF NICK POPOVICH IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING DEBTORS TO RETAIN AND EMPLOY SAGE-POPOVICH, INC. AS LIQUIDATION ADVISOR, EFFECTIVE AS OF APRIL 14, 2020**

I, Nick Popovich, do hereby declare as follows:

1.      I am the founder and president of sage-popovich, inc. (*sic*) ("SPI"), located in Valparaiso, Indiana.  I am authorized to make this Declaration on behalf of SPI in support of the *Application for an Order Authorizing Debtors to Retain and sage-popovich, inc. as Liquidation Advisor, Effective as of April 14, 2020* (the "Application").[2]  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

*SPI's Qualifications*

2.      SPI is a global aviation consulting and asset management provider, with services ranging from pre-purchase inspection and appraisal services through repossession and liquidation on all aircraft types and related inventory.  SPI began in 1979 as a provider of worldwide recovery services for aviation assets and expanded into a one-stop aviation consulting operation.  Services

---

[1]      The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows:  Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754).  The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

range from specific projects and long-term portfolio monitoring, to repossessions and valuations. SPI has valued in excess of $40 billion of aviation-related assets.

3.      Prior to the Petition Date, SPI was retained by the Debtors to complete certain valuation services (the "Phase 1 Workscope"), which included, among other tasks, a "desktop" valuation of the Debtors' aircraft and other equipment, including separate valuations for fair market value, orderly liquidation, net orderly liquidation, and forced liquidation.  As a result of having performed this work, SPI and its professionals are already familiar with the Debtors' fleet of aircraft and other equipment.

***Services to Be Provided by SPI***

4.      The Debtors have requested that SPI render, during a three-month term and to the extent necessary, the following services in connection with these Chapter 11 Cases:

  a. General consulting and guidance, including technical issues during suspension of operations, FAA compliance during service suspension, maintaining certificates, and maintaining airworthiness status;

  b. Personnel issues, including maintenance, information technology, parts, and records and tracking;

  c. Asset protection and storage, including aircraft storage programs and maintenance, inventory counts and protection, securing and maintaining ground service equipment and vehicles, and spare engine preservation;

  d. Auditing records, building asset specification sheets, and preparing non-incident letters;

  e. Collecting items out for repair and on loan, including locating and negotiating return of owned items out for repair, on loan, or otherwise outside the control of the Debtors;

  f. Managing all aspects of sales of any operational class of assets as permitted by the Bankruptcy Court, including aircraft, spare parts, ground support equipment, vehicles, tooling.  Assist in preparation and support for sales motions.  Prepare monthly sales reports, advertising and general notices.  Assist in establishing the *de minimis* threshold;

  g. Assisting in finding offsite storage as required or prudent; and

146484.01601/123228499v.3

h.   At the Debtors' direction, interfacing with DIP Lenders and Prepetition Lenders.

***Compensation and Fee Applications***

5.      Pursuant to the terms of the Engagement Letter, a true and correct copy of which is attached hereto as Exhibit 3, and subject to the Court's approval of the Application, SPI intends to base its fees on the actual hours or days charged at SPI's standard rates which are in effect when the services are rendered.  SPI's rates generally are revised annually, effective January 1 of each calendar year.  SPI's current rates, as of January 1, 2020, are as follows:

| | |
|---|---|
| Nick Popovich | $600.00 / hour, $4500 / day |
| Appraisers | $400.00 / hour, $3200 / day |
| Project Manager | $275.00 / hour, $1750 / day |
| | |
| A&P inspectors | $200.00 / hour, $1000 / day (domestic) |
| | $150.00 / hour, $1200 / day (international) |
| Field Staff | $125.00 / hour, $850 / day |
| Support Staff | $45.00 / hour, $500 / day |

6.      In addition, SPI will also seek to be reimbursed for its reasonable travel and out-of-pocket expenses including, but not limited to, airfare, hotels, meals, ground transportation, parking, shipping, advertising costs, as well as its outside legal counsel and other direct expenses at cost. Air travel on SPI corporate aircraft will be reimbursed at the lowest commercial coach fare, plus fifty percent (50%) (in addition to out-of-pocket expenses as set forth above).

7.      Brokerage services are specifically excluded from the scope of SPI's retention. Any brokerage services requested by the Debtors will be compensated on a commission basis to be negotiated between the parties at the time of the services and as ordered and approved by the Bankruptcy Court.

8.      If any of the members or employees of SPI are required by the Debtors to testify at any administrative or judicial proceeding relating to these Chapter 11 Cases, SPI will seek to be

146484.01601/123228499v.3

compensated at its regular daily rate fee structure in effect at the time and reimbursed for reasonable out-of-pocket expenses (including outside counsel fees).

9.    SPI will submit its monthly fee and expense invoice (the "Monthly SPI Invoice") to the Debtors based on the terms outlined above.  However, the Monthly SPI Invoice shall be capped, and in no event shall it exceed $75,000.00 per month.  The Monthly SPI Invoice shall be delivered to the Debtors via email, and such invoice shall be payable to SPI by wire or ACH within ten (10) calendar days approval by the Bankruptcy Court.  The Debtors will submit SPI's invoices to the Bankruptcy Court for approval in accordance with the process set forth in the Application.

***Disclosure Concerning Disinterestedness***

10.    The Debtors have provided SPI with a list of the names (collectively, the "Interested Parties") of individuals or institutions in the following categories:  (a) the Debtors; (b) equity security holders; (c) directors and officers; (d) former directors and officers; (e) secured creditors; (f) professionals; (g) 30 largest unsecured creditors; (h) landlords; (i) taxing and governmental authorities; (j) utilities; (k) banks; (l) insurers and insurance brokers; (m) benefit administrators; (n) litigation parties; (o) bankruptcy judges for the District of Delaware; and (p) attorneys for the United States Trustee's office for the district of Delaware.  A list of the Interested Parties is attached hereto as Exhibit 1.

11.    To check and clear potential conflicts of interest in these Chapter 11 Cases, as well as to determine all "connections" (as such term is used in Bankruptcy Rule 2014) to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, SPI reviewed its client database and had its principals review Exhibit 1 to determine whether it had any relationships with the Interested Parties.

12.     To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, except as set forth in the Connections List attached as <u>Exhibit 2</u> to this Declaration, neither I, nor SPI, nor any officer, director, or other principal thereof has any connection with the Debtors, their creditors, the United States Trustee, any person employed in the Office of the United States Trustee, any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware, or any other party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants.

13.     I believe that none of the relationships disclosed in the Connections List are outside the normal course of business at SPI or its related companies, and none present a conflict in regards to these chapter 11 cases.

14.     To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, SPI is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, in that:  (a) SPI has no connection with the Debtors, their creditors, the United States Trustee, any person employed in the office of the United States Trustee or any other party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants, except as set forth herein; (b) SPI is not a creditor, equity security holder or insider of the Debtors; (c) no SPI officer, director, or other principal is, or was within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) SPI neither holds nor represents an interest materially adverse to the Debtors or their estates.

15.     SPI was paid a total of $125,980 by the Debtors for services performed under the Phase 1 Workscope.  These payments were made on April 1, 2020 and April 3, 2020.  SPI is not

owed any outstanding amounts for the Phase I Workscope and is therefore not a creditor of the Debtors.

16.     If SPI later discovers additional information that requires disclosure, it will file supplemental disclosures with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed at Valparaiso, Indiana on May 6, 2020.

 */s/ Nick Popovich*

# **Exhibit 1**

## **(Interested Parties)**

**Debtors**
Ravn Air Group, Inc. (3047) (DE)
Ravn Air Group Holdings, LLC (5356) (DE)
JJM, Inc. (4858) (AK)
HoTH, Inc. (9957) (AK)
Peninsula Aviation Services, Inc. (6859)
(DE)
Corvus Airlines, Inc. (7666) (WA)
Frontier Flying Service, Inc. (8091) (AK)
Hageland Aviation Services, Inc. (2754)
(AK)

**Debtors' Trade Names and Aliases (up to 8 years) (a/k/a, f/k/a, d/b/a)**
Era Aviation, Inc.
PenAir
Ravn Air Alaska
Ravn Air Connect

**Debtors' Professionals (law firms, accountants and other professionals)**
Blank Rome LLP
Conway Mackenzie Inc.
Keller & Benvenutti LLP
Keller Benvenutti Kim LLP
Stretto

**Affiliates and Subsidiaries**
Frontier Alaska Aviation Trust
JFL - Rag Holdings, LLC
JFL - Rag Partners, LLC
JFL AIV Investors III – (NUS), LP
JFL AIV Investors III – (US), LP
W Capital Partners III, LP
W Capital RAG Holdings, LLC

**Banks**
First National Bank of Alaska
US Bank
Wells Fargo Bank
**Bankruptcy Judges and Applicable Staff of District of Delaware**

Chief Judge Christopher S. Sontchi
Judge Ashely M. Chan
Judge Brendan L. Shannon
    Jill Walker (Judicial Assistant)
    Rachel Bello (Courtroom
    Deputy/Scheduling)
Judge John T. Dorsey
Judge Karen B. Owens
Judge Laurie Selber Silverstein
Judge Mary F. Walrath
Una O'Boyle (Clerk of the Court)

**Office of the United States Trustee for Region 3, Wilmington, Delaware office**
Andrew R. Vara (UST)
Benjamin Hackman
Christine Green
David Buchbinder
David Villagrana
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Jeffrey Heck
Juliet Sarkessian
Karen Starr
Lauren Attix
Linda Casey
Linda Richenderfer
Michael Panacio
Ramona Vinson
Richard Schepacarter
Robert Agarwal
Rosa Sierra
Shakima L. Dortch
T. Patrick Tinker (AUST)
Timothy J. Fox, Jr.

**Current and Former Officers and Directors**
Bill Hoermle
Bob Hajdukovich

C. Alexander Harman
Caroline R. Bibb
David L. Rattner
George Nichols
James D. Decker
John Mannion
Richard Nevins
Stephen L. Brooks
Stephen Wertheimer
T. Michael Dyer
William J. Hanenberg

**Lenders and Administrative Agents**
1199seiu Health Care Employees Pension
Fund
Argonaut Insurance Company
Banca Monte Dei Paschi Di Siena S.P.A.
Banca Monte Dei Paschi Di Siena S.P.A.
(H.O.)
BC Partners Advisors LP
BNP Bank
BNP Paribas
BNP Paribas Grand Cayman
BNP Paribas Grand Cayman - Loan Trading
Churchill Asset Management LLC
CIT Finance LLC
CIT Finance LLC
Corvid Peak Capital Management, LLC
Crescent Capital Group LP
Crescent Capital High Income Fund B L.P.
Crescent Capital High Income Fund L.P.
First Eagle Private Credit, LLC (FKA
Newstar Financial, Inc.)
Gim, L.P. (F.K.A. HPS - GIM, L.P.)
Great Lakes KCAP F3C Senior, LLC
Great Lakes Portman Ridge Funding LLC
GSO Capital Partners LP
GSO Diamond Portfolio Borrower LLC
HPS Investment Partners, LLC (F.K.A
Highbridge Principal Strategies, LLC)
Keybank National Association
Keybank National Association (Ohio)
Lincoln Investment Solutions, Inc
Los Angeles County Employees Retirement
Association

Metropolitan Commercial Bank
Metropolitan Commercial Bank
Mt Whitney Securities, L.L.C.
National Electrical Benefit Fund
Nationwide Children's Hospital
Newstar Commercial Loan Funding 2016-1
LLC
Siemens Financial Services, Inc
Siemens Financial Services, Inc
State--Boston Retirement System
TCOF I, LLC
Teachers Insurance and Annuity Association
of America
Telos Asset Management LLC
Telos CLO 2014-5, Ltd
Telos CLO 2014-6, Ltd.
TIAA-CREF FSB
TIAA-CREF Trust Company, FSB

**Counsel to Lenders**
Winston & Strawn LLP
Paul Hastings LLP

**Contract Counterparties and Lessors**
AvMax Aircraft Leasing
Blackbird, LLC
Connor & Winters, LLP
JAH2-CAE510132, LLC
JAH2 US Aircraft Holdings, LLC
JAH2015AN680PA, LLC
JAH2015AN681PA, LLC
JAH2015AN682PA, LLC
JAH32000-009, LLC
MG Alaska Leasing Limited
Montrose Global, LLP
N755RV, LLC
Paragon Properties, Inc.
PenAir Realty Holdings, LLC
Pratt & Whitney Canada Corp
Rolls-Royce Corporation
UMB Banks, N.A.
Wells Fargo Trust Company, N.A.

2

**Insurance**
Arthur J. Gallagher Risk Management
Services, Inc.
International Catastrophe Insurance
Managers, LLC
Lifewise Assurance Company
Lloyd's Syndicate 609 Atrium Underwriters
Limited
New Hampshire Insurance Company
Premera Blue Cross
QBE Specialty Insurance Company
Starr Indemnity & Liability Company
Starr Specialty Insurance Company
Starr Surplus Lines Insurance Company


**Litigation Counterparties/Litigation
Pending Lawsuits – includes threatened
litigation**
(To be Added)


**Regulatory and Government (Federal,
State and Local)**
Alaska Department of Transportation
Federal Aviation Administration


**Significant Competitors**
Alaska Airlines

**Taxing Authorities (Federal, State, and
Local; trust fund, use property, franchise,
sales)**
Alaska Department of Labor
Bristol Bay Borough
Business Licensing and Sales Tax Division
(Bethel, AK)
California Employment Development
Department
California Unemployment Development
Department
City of Dillingham
City of Galena
City of Nome
City of Sand Point

City of St. Mary's
City of Unalaska
Colorado Department of Labor and
Employment
Department of Labor Relations
Fairbanks North Star Borough
IRS
Kenai Peninsula Borough
Kodiak Borough
Maine Department of Labor
Matanuska-Susitna Borough
Municipality of Anchorage
North Slope Borough
Oregon Employment Department
Pennsylvania Department of Labor and
Industry


**Top 30 Largest Unsecured Creditors**
Aircraft Propeller Services, LLC
Airport Enterprises LLC, dba Contract
Aircraft Technicians
AvMax Aviation Services
Boeing Distribution, Inc.
Brothers Aviation Maintenance Service, Inc.
Cavok
Crowley Fuels Alaska
Eskimos, Inc.
FedEx
Flight Safety International
Fox Rothschild, LLP
Frosty Fuels, LLC
GCI
Global Aviation
InAir Aviation Services
International Aviation Services
International Business Machines
Corporation
Mountain Aerospace, Inc.
Napa Auto Parts/ Genuine Parts Company,
Inc.
Northern Air Cargo
Oliver Wyman, Inc.
Pegasus Aviation Services, LLC
Petro Star, Inc.
Pratt & Whitney Canada Leasing

3

Saab Defense and Security USA, LLC
Sky Service F.B.O., Inc.
SoftwareOne, Inc.
Standard Aero
State of Alaska Department of
Transportation
STS Mod Center
Walker Enterprises

**Other Creditors**
FlightSafety International Inc.
Genuine Parts Company
Jetstream Aviation Capital LLC
Vector Aerospace Engine Services –
Atlantic, Inc., dba StandardAero
Vector Aerospace USA Inc.

**Utility Providers**
Alaska Communication System
Arctic Slope Telephone Assoc Coop Inc
AT&T

AT&T Business Service
AVEC
Bonanza Fuel, Inc.
Bush Tell, Inc.
Chugach Electric Association Inc
City of Aniak
City of Galena
City of Galena
City of Kotzebue
City of Saint Mary's
City of Unalakleet
College Utilities Corporation
Copper Valley Telephone
Dillingham Waste Management LLC
Enstar Natural Gas Company
G&K Inc.
GCI
Homer Electric Association Inc
Johnson Controls Security Solutions
Kotzebue Electric Association
Nome Joint Utility Systems
TDX North Slope Generating

4

**<u>Exhibit 2</u>**

**(Connections List)**

| Interested Party | Last project within | | Business Relationship *other than current case | |
|---|---|---|---|---|
| Name | 0-3 yrs | >3yrs | Nature of project | Still working on project with party? |
| Alaska Airlines | | x | Valuations | No |
| AvMax Aircraft Leasing | x | | Valuation and parts trading | Yes |
| AvMax Aviation Services | x | | Valuations and parts sales | Yes regarding parts trading which is ongoing |
| BNP Bank | x | | Valuation in Europe | No |
| BNP Paribas | x | | Valuations in Europe and Africa | No |
| Boeing Distribution, Inc. | x | | Valuation services and parts trading | Yes regarding parts trading which is ongoing |
| Cavok | | x | Valuation | No |
| CIT Finance LLC | x | | Valuations, repossessions, portfolio management, insurance settlement | Yes |
| Conway Mackenzie Inc. | | x | Bankruptcy | No |
| Crescent Capital Group LP | | x | Valuations | No |
| Federal Aviation Administration | x | | Various issues including valuations and consulting | Yes, ongoing on behalf of both clients and sage-popovich flight operations |
| FedEx | x | | Valuation, aircraft lease returns, and shipping services | Yes |
| Flight Safety International | x | | Flight crew training | Yes |
| Global Aviation | x | | Parts trading | Yes |
| IRS | x | | Valuations | No |
| Jetstream Aviation Capital LLC | | x | Lease returns | No |
| Keybank National Association | x | | Valuation and repossessions | No |
| Pratt & Whitney Canada Corp | x | | Parts sales, negotiations in several bankruptcy cases | No |
| Pratt & Whitney Canada Leasing | x | | Bankruptcy issues and foreign object damage claims | No |
| Rolls-Royce Corporation | x | | Engines parts, bankruptcy cases, foreign object damage cases, corporate care program issues | No |
| Saab Defense and Security USA, LLC | | x | Lease returns | No |
| Siemens Financial Services, Inc | x | | Valuations | No |
| Sky Service F.B.O., Inc. | x | | Aircraft fixed-base operator services as required | Yes |
| Standard Aero | x | | Valuations, engine overhauls and hot sections, parts trading | Yes |
| Starr Surplus Lines Insurance Company | x | | Insurance settlement | Yes, settlement reached. Waiting on final payment. |
| US Bank | x | | Valuation | No |
| Vector Aerospace Engine Services – Atlantic, Inc., dba StandardAero | x | | Valuations, engine overhauls and hot sections, parts trading, bankruptcy issues | No |
| Vector Aerospace USA Inc. | | | Valuations, engine overhauls and hot sections, parts trading, bankruptcy issues | No |

| Wells Fargo Bank | x | | Several valuations, repossession, liquidations, and expert witness | Yes |
| Wells Fargo Trust Company, N.A. | x | | Aircraft trusts ownerships | Yes |

**Exhibit 3**

**(Engagement Letter)**



14 April 2020

David H. Pflieger, Jr.
President & CEO
Ravn Air Group, Inc.
4700 Old International Airport Road
Anchorage AK  99502

Re:    Ravn Air Group, Inc.

Dear Dave,

This letter confirms the Engagement ("Engagement") of sage-popovich, inc. ("SPI") by Ravn Air Group, Inc. ("Client"), subject to approval by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to provide the following professional services (collectively, the "Phase 2 Workscope") in connection with Client and its operating subsidiaries ("Company")(together, the Client and the Company shall be referred to herein as the "Debtor" or the "Debtors").

1. General Consulting and guidance
    a. Technical issues during suspension
    b. FAA Compliance during service suspension
        i. Maintain certificates
        ii. Maintain airworthiness status
    c. Security issues
    d. Personnel issues
        i. Maintenance
        ii. IT
        iii. Parts
        iv. Records and tracking

David H. Pflieger, Jr.
14 April 2020
Page 2 of 6

        e. Asset protection and Storage
            i. Aircraft storage programs and maintenance
           ii. Inventory counts, protection
          iii. Secure and maintain GSE and vehicles
          iv. Spare engine preservation
       f. Records audit, build asset specification sheets, prepare non incident letters

2. Collection of items out for repair and on loan
    a. Locate and negotiate return of owned items out for repair, on loan or otherwise outside the control of the Debtor

3. Manage sales and report on same
    a. Manage all aspects of sales of any operational class assets as permitted by the Bankruptcy Court
        i.     Aircraft
        ii.    Spare Parts
        iii.   GSE, Vehicles
        iv.   Tooling
        v.     Spare Parts
    b. Assist in preparation and support for sales motions
    c. Prepare monthly sales reports
    d. Advertising and general notices
    e. Assist in establishing the *di minimus* threshold

4. Assist in finding offsite storage as required and or prudent

5. Interface with Bank Group upon written approval of the Debtors (defined as BNP Paribas, CIT, HPS Investment Partners, Siemens Financial Services, Key Bank, JF Lehman & Company, and Winston & Strawn LLP and/or other legal counsel).

2. Professional duties

SPI will provide a team of senior professionals and other resources necessary to accomplish the tasks outlined above in a timely and efficient manner. Nick Popovich will direct SPI's work.

3. Reports and Confidentiality



David H. Pflieger, Jr.
14 April 2020
Page 3 of 6

SPI will submit its evaluations and analyses pursuant to this Engagement in periodic oral or written reports to Client, Client's Counsel,  and the Bankruptcy Court (as directed by Client's Counsel). SPI understands that its work will be done at the direction of the Client and/or Client's Counsel and that work performed by SPI as part of this Engagement, including, without limitation, all information and documentation, not publicly available, which is received by SPI from the Client or Company in connection with this Engagement and all reports, analyses, and other work-product derived from such confidential information constitute privileged and confidential communications, and SPI will not disclose to any persons other than Client and its respective officers, directors, employees, consultants, agents, legal counsel, except as may be otherwise required by process of law ("Legally Compelled Disclosures") or as authorized in writing by Client and/or Client's Counsel in accordance with the terms hereof. SPI retains the right to list the Client and Company in its corporate profile and promotional materials, including online content, so long as it does not divulge the nature of the work performed.

For SPI to perform the Phase 2 Workscope, it will be necessary for SPI personnel to have access to certain books, records and reports of the Company, and have discussions with their personnel and advisors.  The Client and Company have agreed to cooperate with SPI personnel, and to make available their personnel and advisors and any books, records, reports and other sources from which data can be obtained. Limited access may restrict SPI's ability to perform the Phase 2 Workscope.

4. Force Majeure

In no event shall SPI be responsible or liable for any failure or delay in the performance of its obligations hereunder arising out of or caused by, directly or indirectly, forces beyond its control, including, without limitation, strikes, work stoppages, accidents, acts of war or terrorism, civil or military disturbances, government sanctions, nuclear or natural catastrophes or acts of God, including earthquakes, hurricanes, tornadoes or flooding, and interruptions, loss or malfunctions of utilities, communications or computer (software and hardware) services, pandemics, epidemics, diseases, quarantines or any government mandated quarantines, shelter-in-place or other government actions, restrictions or orders ("Force Majeure Event"); it being understood that SPI shall use its best efforts to resume performance as soon as practicable under the circumstances.

SPI will perform its services in a manner that will permit the business operations of the Company to proceed in an orderly manner. Subject to the requirements of this



sage-popovich, inc.

David H. Pflieger, Jr.
14 April 2020
Page 4 of 6

Engagement, our personnel may need to be on site to review data located at the offices and stations of the Company and will be required to discuss matters with their personnel; however, it is understood that SPI's services provided in connection with the Phase 2 will be limited to telephone, written, electronic and/or online format until restrictions currently in place due to COVID-19 allow on-site meetings and travel. SPI, its members and employees shall comply with all terms and provisions of the Debtors' quarantine protocols (which incorporate all provisions, rules and regulations promulgated by the State of Alaska and/or any other governing entity or body with jurisdiction over such matters) as same may currently exist or be modified from time to time in the future.

5. Term

The term ("Term") of this Engagement shall commence upon the execution of this Agreement and shall continue for a period of three (3) months, unless it is extended or reduced in writing in accordance with the terms of this Agreement. Either party may terminate this Engagement by providing notice in writing to the other party.

6. Fees

SPI's fees are based on the actual hours or days charged at SPI's standard rates which are in effect when the services are rendered; rates generally are revised annually, effective January 1 of each calendar year. SPI's current rates, as of 1 January 2020, are as follows:

| | |
|---|---|
| Nick Popovich | $600.00 / hour, $4500 / day |
| Appraisers | $400.00 / hour, $3200 / day |
| Project Manager | $275.00 / hour, $1750 / day |
| A&P inspectors | $200.00 / hour, $1000 / day (domestic) |
| | $150.00 / hour, $1200 / day (international) |
| Field Staff | $125.00 / hour, $850 / day |
| Support Staff | $45.00 / hour, $500 / day |

In addition, SPI will also be reimbursed for its reasonable travel and out-of-pocket expenses including, but not limited to, airfares, hotels, meals, ground transport, parking, shipping, advertising costs, outside legal counsel and other direct expenses at cost. Air travel on SPI corporate aircraft will be reimbursed at the lowest commercial coach fare, plus fifty percent (50%) (in addition to out-of-pocket expenses as set forth above).



sage-popovich, inc.

David H. Pflieger, Jr.
14 April 2020
Page 5 of 6

Brokerage services are specifically excluded from the Phase 2 Workscope; any brokerage services requested will be compensated on a commission basis to be negotiated between the parties at the time the services are to be rendered and as ordered and approved by the Bankruptcy Court.

It is understood that if any of the members or employees of SPI are required by Client to testify at any administrative or judicial proceeding relating to this matter, SPI will be compensated at its regular daily rate fee structure in effect at the time and reimbursed for reasonable out-of-pocket expenses (including outside counsel fees).

SPI will submit its monthly fee and expense invoice (the "Monthly SPI Invoice") to Client based on the terms outlined above; however, the Monthly SPI Invoice shall be capped and in no event shall it exceed $75,000.00 per month. The Monthly SPI Invoice shall be delivered to Client via email, and such invoice shall be payable by wire or ACH to SPI within ten (10) calendar days after approval by the Bankruptcy Court. Client and/or Client's counsel will submit SPI's invoices to the Bankruptcy Court for approval and will promptly notify SPI upon receipt of the Bankruptcy Court's approval.

7. Conflicts of Interest

SPI hereby represents that it has not accepted matters other than the Engagement and the Phase 1 Engagement involving any matters with respect to the Client's assets. Each party acknowledges that SPI is being engaged by the Client but the parties acknowledge that SPI may seek to be retained by other parties for additional services in the future.

8. General

It is SPI's intention to work closely with the Client and to discuss the Engagement regularly. This should facilitate progress and serve to confirm or modify the scope of the Engagement on an ongoing basis.

We look forward to working with you on this matter. Please sign and return a copy of this Engagement letter signifying agreement with the terms and provisions herein. If you have any questions, please call Nick Popovich, President; Petar Todorovic, Vice President; or Jennifer Brock, Project Manager, at (219) 464-8320 or email nick@sage-popovich.com, petar@sage-popovich.com or jbrock@sage-popovich.com.



David H. Pflieger, Jr.
14 April 2020
Page 6 of 6

Very truly yours,

sage-popovich, inc.

By: _____
     Nick Popovich, President

Agreed and accepted by:

Ravn Air Group, Inc.

By: _____
     John Mannion
     Chief Financial Officer

CC:    John T. Young
       Richard Nevins
       Jim Decker

sage-popovich, inc.