# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RAVN AIR GROUP, INC. *et al.*,[1] | Case No. 20-10755 (BLS) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR HOTH, INC. (CASE NO. 20-10758)

---

[1]     The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754).  The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

**GENERAL NOTES AND STATEMENT OF**
**LIMITATIONS, METHODOLOGY, AND DISCLAIMERS**
**REGARDING DEBTORS' SCHEDULES OF ASSETS AND**
**LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On April 5, 2020 (the "Petition Date"), Ravn Air Group, Inc. ("Ravn") and its seven affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), commenced cases under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors are authorized to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated under case number 20-10755 (BLS) for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## OVERVIEW OF GENERAL NOTES

Each of the Debtors has herewith filed separate Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements"). These General Notes and Statement of Limitations, Methodology, and Disclaimers Regarding Debtors' Schedules and Statements (the "General Notes") relate to each of the Debtors' Schedules and Statements and set forth the basis upon which the Schedules and Statements are presented. **These General Notes comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements**. The General Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. The General Notes are presented for each individual Debtor, however, each provision contained in the General Notes may not apply to all Debtors. Nothing contained in the Schedules and Statements shall constitute a waiver of any rights or claims of the Debtors against any third party, or in or with respect to any aspect of these chapter 11 cases.

**The Schedules, Statements, and General Notes should not be relied upon by any person for information relating to the current or future financial conditions, events, or performance of any of the Debtors.**

The Schedules and Statements have been prepared, pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, by the Debtors with the assistance of their advisors. Financial information for the period between January 1, 2019 and April 5, 2020, is presented on an unaudited basis. While management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist. Moreover, the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment. Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights with respect to the chapter 11 cases, including with respect to any issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of

action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

## Ravn Air Group: Schedules and Statements Global Notes

1. Net Book Value of Assets. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of March 31, 2020. Furthermore, assets that have fully depreciated or were expensed for accounting purposes may not appear in these Schedules and Statements as they have no net book value.

2. Basis of Presentation. For financial reporting purposes, the Debtors prepare consolidated financial statements that are audited annually. Unlike the consolidated financial statements, these Schedules and Statements reflect the separate assets and liabilities of each individual Debtor. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP").

3. Amendment. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements. Despite these efforts, inadvertent errors or omissions may exist. The Debtors reserve all rights to, but are not required to, amend or supplement, or both, the Schedules and Statements from time to time as is necessary and appropriate.

4. Recharacterization. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate assets, liabilities, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to the complexity and size of the Debtors' business and operations, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements as necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5. Confidentiality. In certain instances in the Schedules and Statements, the Debtors have deemed it necessary and appropriate to redact from the public record addresses of individuals because of concerns for the privacy of, or otherwise to preserve the confidentiality of, personally identifiable information.

6. Summary of Significant Reporting Policies. The Debtors use a consolidated cash management system through which the Debtors collect substantially all receipts and pay liabilities and expenses. As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system. A description of the Debtors' prepetition cash management system is in the Motion of the Debtors for Interim and Final Orders (I) Approving Continued Use of the Debtors' Cash

Management System, Bank Accounts, and Business Forms; (II) Granting the Debtors Authority to Open and Close Bank Accounts; and (III) Authorizing Banks to Honor Certain Prepetition Transfers dated April 5, 2020 [Docket No. 6].

7. Currency. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

8. Valuation. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as March 31, 2020. Certain other assets are listed at undetermined amounts, as the net book values may differ materially from fair market values or the amounts ultimately realized. In addition, certain depreciable assets with a net book value of zero may be included for completeness. The Debtors do not intend to amend these Schedules and Statements to reflect actual values.

9. Inventories. Consumable and expendable parts and maintenance supplies related to flight equipment are scheduled as machinery, equipment and vehicles. Spare parts and supplies are recorded as inventory when purchased and charged to expense as used. A fleet retirement reserve for spare parts expected to be on hand at the date the aircraft are retired from service is provided over the remaining estimated useful life of the related aircraft equipment. An allowance for spare parts currently identified as obsolete or excess is also provided. Additionally, all inventories and plant and equipment are presented without consideration of any statutory or consensual liens.

10. Property and Equipment. Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Such leases are in the Schedules and Statements, subject to the reservation of rights set forth in paragraph 11 herein.

11. Leases. The Debtors have not included in the Schedules and Statements the future obligations of any leases. Nothing herein or in the Schedules or Statements shall be construed as a concession, admission or evidence as to the determination of the legal status of any leases identified in the Schedules or Statements, including whether such leases: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect, and the Debtors reserve all of their rights.

12. Causes of Action. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

13. Taxes. Claims listed on the Debtors' Schedule E include claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may

be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the claims listed on Schedule E. Therefore, the Debtors have listed estimated claim amounts, where possible, or alternatively listed such claims as undetermined in amount and marked the claims as unliquidated, pending final resolution of ongoing audits or other outstanding issues. The Debtors reserve their right to dispute or challenge whether such claims are entitled to priority.

14. <u>Future Aircraft and Aircraft Engine Purchases.</u> To the extent applicable, the Debtors have not included in the Schedules and Statements any future purchase commitments or the related amounts to be paid in connection with the purchase of aircraft or aircraft engines.

15. <u>Employee Claims.</u> The Bankruptcy Court entered first day orders granting the authority, but not the obligation, to the Debtors to pay certain prepetition employee wages, salaries, severance, benefits and other obligations in the ordinary course. Accordingly, only employee related claims for prepetition amounts due that have not been paid as of the time that the Schedules and Statements were prepared by the Debtors, including employee-related claims for items not authorized to be paid by order of the Bankruptcy Court, have been included in the Schedules and Statements.

16. <u>Clearinghouse Agreements.</u> The Bankruptcy Court entered first day orders granting the authority, but not the obligation, to the Debtors to make certain payments of prepetition obligations relating to certain clearinghouse agreements. Accordingly, related liabilities that have been paid or otherwise satisfied as of the Petition Date have been excluded from Schedule F, although the agreements may be listed on Schedule G.

17. <u>Other Claims Paid Pursuant to Court Orders.</u> Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims. Accordingly, these liabilities may have been or may be satisfied in accordance with those orders, and therefore may not be listed in the Schedules and Statements.

18. <u>Insiders.</u> The Debtors have included all payments and awards made to executive officers and the members of the board of directors during the twelve months preceding the Petition Date. Included in the value reflected are cash payments to or for the benefit of the insider (inclusive of payroll, bonus and other employee benefits paid in cash). Persons have been included in the Statements for informational purposes only, and the listing of an individual as an insider is not intended to be and should not be construed as a legal characterization of that person as an insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims and defenses are reserved. Further the Debtors do not take any position concerning (a) the person's influence over the control of the Debtors, (b) the person's management responsibilities and functions, (c) the person's decision-making or corporate authority, or (d) whether the person could successfully argue that he or she is not an insider under applicable law, including federal securities law, or any theories of liability or for any other purpose.

19. <u>Excluded Assets and Liabilities.</u> The Debtors may have excluded from the Schedules certain of the following items, which may be included in their GAAP financial statements: intercompany

receivables, investments in subsidiaries, certain accrued liabilities, including, without limitation, accrued salaries, employee benefit accruals, and certain other accruals, capitalized interest, debt acquisition costs, restricted cash, goodwill, financial instruments, air traffic liabilities, certain other assets, and deferred revenues and gains. Other non-material assets and liabilities may also have been excluded. The Debtors have reflected intercompany balances as of March 31, 2020 on Schedules B and F for the relevant debtor.

20. <u>Intercompany Claims.</u> Claims among the Debtor and its affiliated Debtors, as reflected in the applicable entities' balance sheet accounts (each an "<u>Intercompany Receivable</u>" or "<u>Intercompany Payable</u>" and, collectively, the "<u>Intercompany Claims</u>"), are reported on Schedules B and F, as applicable. The Intercompany Claims primarily result from: provision of management services, operating expenses, aircraft and equipment leasing, and, as a result of the Debtors' cash management practices, one Debtor satisfying the obligations of another Debtor.

21. <u>Litigation.</u> Certain litigation actions reflected as claims against one Debtor may relate to any of the other Debtors. The Debtors have made commercially reasonable efforts to record these actions in the Schedules and Statements of the Debtor that is party to the action. In addition, the Debtors have excluded details relating to federal and state agency discrimination charges, labor arbitration and grievance claims, and government investigations and civil penalty actions. Discrimination charges have been excluded to protect the privacy interests of the charging parties and because the majority of such claims generally will not result in actual litigation. Labor arbitration and grievance claims are omitted to protect the privacy interests of the grieving party. Government investigations and notices civil penalty actions were excluded due to confidentiality and privacy concerns or because the majority of such claims are for *de minimis* amounts, have been promptly remediated or will not ultimately give rise to a civil penalty.

22. <u>Claim Description.</u> Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim or amount is not "contingent," unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on these Schedules on any grounds, including, without limitation, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to, but are not required to, amend their Schedules and Statements as necessary and appropriate, including modifying claims descriptions and designations.

23. <u>Debt Representatives.</u> Claims relating to the repayment of principal, interest and other fees and expenses under agreements governing any syndicated credit facility or debt security issued by or for the benefit of the Debtors pursuant to an indenture where the identities of the lenders or other parties in interest are not known with certainty are scheduled listing the administrative agent under the applicable credit facility or the indenture trustee on behalf of the lenders or other parties in interest.

24. <u>Unliquidated Claim Amounts.</u> Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated." To the extent the Debtors are able to ascertain or estimate all or a portion of the claim amounts, they may have listed the known or estimated claim amount

and marked the claims as unliquidated, pending final resolution of outstanding issues necessary to determine the total claim amount with certainty.

25. <u>Liabilities.</u> The Debtors have sought to allocate liabilities between prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve their right to, but are not required to, amend the Schedules and Statements as they deem appropriate to reflect this.

26. <u>Guarantees and Other Second Liability Claims.</u> The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where Guarantees have been identified, they have been included in the relevant Schedules F and H for the affected Debtor or Debtors. Guarantees have generally been included in Schedules of the guarantor Debtor as "contingent" unless otherwise specified. Certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to, but are not required to, amend the Schedules if additional Guarantees are identified.

27. <u>Intellectual Property Rights.</u> Exclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have been sold, abandoned, or terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights as to the legal status of all intellectual property rights.

28. <u>Totals.</u> All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "undetermined" or "unliquidated." To the extent that there are undetermined or unliquidated amounts, the actual totals may be materially different from the listed totals.

29. <u>Self-Insured.</u> The Debtors are self-insured for medical, dental, and vision plans. To the extent such plans are administered, the administrators of the plans have been listed on Schedule G.

**Specific Disclosures with Respect to the Debtors' Schedules**

30. Schedule A/B – Bank Balances. Bank account balances are as of the March 31, 2020. Details with respect to the Debtors' cash management system and bank accounts are provided in the Motion of the Debtors for Interim and Final Orders (I) Approving Continued Use of the Debtors' Cash Management System, Bank Accounts, and Business Forms; (II) Granting the Debtors Authority to Open and Close Bank Accounts; and (III) Authorizing Banks to Honor Certain Prepetition Transfers dated April 5, 2020 [Docket No. 6].

31. Schedule D: Creditors Holding Secured Claims. Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Certain claims are listed on Schedule D as "unliquidated" because the value of the collateral securing such claims is unknown. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

The amounts listed in Schedule D for loans related to aircraft purchases are principal amounts due as of the Petition Date. In certain instances, both prepetition and postpetition interest, as well as scheduled principal payments, has been paid to creditors since the Petition Date. Further payments of interest and principal are expected to be made pursuant to elections made by the Debtors, or stipulations entered into by the Debtors and certain aircraft financiers or related parties, pursuant to section 1110 of the Bankruptcy Code.

32. Schedule E: Creditors Holding Priority Claims. Listing a claim on Schedule E as priority does not constitute an admission by the Debtors of the claimant's legal rights or a waiver of the Debtors' right to recharacterize or reclassify the claim or contract. The Bankruptcy Court entered a number of first day orders granting authority to pay certain prepetition priority claims. Accordingly, only claims against Debtors for prepetition amounts that have not been paid as of the Petition Date have been included in Schedule E. The Debtors reserve their rights to object to any listed claims on the ground that, among other things, they have already been satisfied.

The Debtors have included total amounts for air traffic liabilities on Schedule E. Due to consumer privacy laws, these amounts have not been allocated to specific customers. The Debtors reserve

their right to, but believe they are not required to, amend the Schedules to reflect those allocations to individual customers at a later date.

33. <u>Schedule F: Creditors Holding Unsecured Non-Priority Claims.</u> Schedule F does not include certain deferred charges, deferred liabilities or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, they are reflected on the Debtors' books and records as required in accordance with GAAP. The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be, in certain cases, unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule F. Schedule F may contain information regarding potential, pending and closed litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. However, to the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor. The inclusion of any litigation in these Schedules and Statements does not constitute an admission by any Debtor of liability, the validity of any action, the availability of insurance coverage, or the amount or treatment of any claims, defenses, counterclaims, or cross-claims or the amount or treatment of any potential claim resulting from any current or future litigation. The Debtors have generally excluded internal grievance claims to protect the privacy interests of the grieving party and because the majority of such claims generally will not result in actual litigation. In addition, certain litigation or claims covered by insurance policies maintained by the Debtors may be excluded from Schedule F. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect credits or allowances due from the creditor. The Debtors reserve all of their rights concerning credits or allowances. The Bankruptcy Court entered first day orders granting authority to the Debtors to pay certain prepetition obligations in the ordinary course of business. Accordingly, only claims against the Debtors for prepetition amounts that have not been paid as of the Petition Date have been included in Schedule F. The Debtors reserve their rights to object to any listed claims on the ground that, among other things, they have already been satisfied.

34. <u>Schedule G: Executory Contracts and Unexpired Leases.</u> The businesses of the Debtors are complex. While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may not have taken effect or be binding on any party and may have expired or been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein. Certain of the real property leases and contracts listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Nothing herein shall be construed as a concession or evidence that any of the contracts, agreements or leases identified on Schedule G: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been

terminated or otherwise are not current in full force and effect. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedule, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain of these contracts or leases may have been modified, amended or supplemented by various documents, instruments or agreements that may not be listed, but are nonetheless incorporated by this reference. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Schedule G generally does not include stand-alone equipment purchase orders. Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors. Such contracts, agreements and leases are listed on Schedule G of each such Debtor.

35. <u>Schedule H: Co-Debtors.</u> In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed elsewhere in the Schedules and Statements, they have not been set forth individually on Schedule H. Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Further, the Debtors believe that certain of the guarantees reflected on Schedule H may have expired or are no longer enforceable. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or are unenforceable. Schedule H is furnished for informational purposes only to apprise parties in interest of co-debtor relationships of the Debtors as of the Petition Date and is derived from documents in the possession of the Debtors. It is not an admission or recognition that any co-debtor liability exists or existed.

**Specific Disclosures with Respect to the Debtors' Statements**

36.  Question 3: Payments or Transfers within 90 Days of the Petition Date. This includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date. The Debtors have excluded, without limitation, payroll and related taxes, insider payments disclosed in Question 4, and intercompany transfers. Additionally, these payments are based on the Debtors' book transactions.

37.  Question : Payments or Transfers to Insiders within 1 Year of the Petition Date. Corvus Airlines, Inc.made payments to BlackBird, LLC for the lease of an aircraft. BlackBird, LLC is an entity owned or controlled by Robert Hajdukovich, a Director of the Ravn Air Group, Inc.

38.  Question 6: Setoffs. The Debtors routinely incur setoffs from third parties during the ordinary course of business. Setoffs in the ordinary course can result from various routine transactions, including intercompany transactions, counterparty settlements (in particular, interline ticketing setoffs with other carriers), pricing discrepancies, and other disputes between the Debtors and third parties. Certain of these constitute normal setoffs consistent with the ordinary course of business in the Debtors' industry. In such instances, such ordinary course setoffs are excluded from the Debtors' responses to Question 6 of the Statements. The Debtors reserve all rights to enforce or challenge, as the case may be, any setoffs that have been or may be asserted.

39.  Question 23: Other Transfers. The Debtors have excluded any de minimis asset sales made in the ordinary course of business.

40.  Question 26(d): Financial Statements. In the regular course of business, the Debtors have provided consolidated financial information to banks, customers, suppliers, rating agencies, aircraft lessors and other various interested parties. In light of the number of recipients and the possibility that such information may have also been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed specific individuals or entities.

41.  Question 28: Parties in Control. Certain of the Debtors' employees have the title director and are not listed here. Each such director reports to an executive within the company.

**Fill in this information to identify the case:**

Debtor name: HoTH, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 20-10758

Check if this is an
amended filing ☐

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | | |
|---|---|---|
| 1a. **Real property:** | | $0.00 |
| Copy line 88 from Schedule A/B | | |
| 1b. **Total personal property:** | | $338,022,840.75 |
| Copy line 91A from Schedule A/B | | |
| 1c. **Total of all property:** | | $338,022,840.75 |
| Copy line 92 from Schedule A/B | | |

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)  $92,257,994.74
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | | |
|---|---|---|
| 3a. **Total claim amounts of priority unsecured claims:** | | $0.00 |
| Copy the total claims from Part 1 from line 5a of Schedule E/F | | |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** | | $335,955,464.63 |
| Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | | |

**4. Total Liabilities**  $428,213,459.37
Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: HoTH, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 20-10758

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| **2. Cash on hand** | | | |
| 2.1 | | | $0.00 |
| **3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
| 3.1  First National Bank of Alaska | Checking Account | 6133 | $0.00 |
| 3.2  Wells Fargo | Payroll Account | 3665 | $6,267.41 |
| **4. Other cash equivalents** *(Identify all)* | | | |
| 4.1 | | | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$6,267.41

### Part 2: Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| 7.1 | | $0.00 |
|---|---|---|

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| 8.1 | | $0.00 |
|---|---|---|

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81. | $0.00

---

## Part 3:    Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| 11a. | 90 days old or less: | | $ | − | | $ | = ........ ➔ | $0.00 |
|---|---|---|---|---|---|---|---|---|
| | | face amount | | | doubtful or uncollectible accounts | | | |
| 11b. | Over 90 days old: | | $ | − | | $ | = ........ ➔ | $0.00 |
| | | face amount | | | doubtful or uncollectible accounts | | | |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82. | $0.00

---

## Part 4:    Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| 14.1 | | | $0.00 |
|---|---|---|---|

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| Name of entity: | | % of ownership: | | |
|---|---|---|---|---|
| 15.1 | Peninsula Aviation Services, Inc. | 100% | None | Undetermined |
| 15.2 | Corvus Airlines, Inc. | 100% | None | Undetermined |

| | | | | |
|---|---|---|---|---|
| 15.3 | Frontier Flying Service, Inc. | 100% | None | Undetermined |
| 15.4 | Hageland Aviation Services, Inc. | 100% | None | Undetermined |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

16.1 _____    _____    $0.00

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| Undetermined |
|---|

## Part 5:    Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | $ | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | $ | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | $ | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | $ | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

| $0.00 |
|---|

**24. Is any of the property listed in Part 5 perishable?**

☑ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes    Book value _____ $    Valuation method _____    Current value _____ $

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | $ | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | $ | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | $ | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | $ | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | $ | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☑ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☑ No

☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☑ No
☐ Yes    Book value $ ___    Valuation method ___    Current value $ ___

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☑ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 7:**   Office furniture, fixtures, and equipment; and collectibles

---

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 | $ | | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 | $ | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 | $ | | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | $ | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| $0.00 |
|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 8:**   Machinery, equipment, and vehicles

---

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

47.1 _____    $_____    _____    $0.00

_____

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

48.1 _____    $_____    _____    $0.00

_____

**49. Aircraft and accessories**

49.1 _____    $_____    _____    $0.00

_____

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1 _____    $_____    _____    $0.00

_____

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

     $0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 9:**    **Real Property**

---

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $_____ | _____ | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

     $0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 10:   Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | $ | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | $ | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | $ | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 Customer List | Undetermined | None | Undetermined |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 Intangible Assets | $4,114,907.75 | None | $4,114,907.75 |
| **65. Goodwill** | | | |
| 65.1 | $ | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$4,114,907.75

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor  HoTH, Inc.
        Name

Case number *(if known)* 20-10758

---

**Part 11:**  **All other assets**

---

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**71. Notes receivable**
Description (include name of obligor)

71.1 _____   $ _____   -   $ _____  =  ➡   $0.00
                         total face amount      doubtful or uncollectible
                                                amount

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1 _____   Tax year _____   $0.00

**73. Interests in insurance policies or annuities**

73.1 _____   $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 _____   $0.00

Nature of Claim    _____

Amount requested   _____  $

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 _____   $0.00

Nature of Claim    _____

Amount requested   _____  $

**76. Trusts, equitable or future interests in property**

76.1 _____   $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

| 77.1 | Intercompany Due from Frontier Flying | $2,795,367.95 |
| 77.2 | Intercompany Due from Hageland | $324,071,101.46 |
| 77.3 | Intercompany Due from JJM | $1,175,855.00 |
| 77.4 | Intercompany Due from PASI | $5,779,252.33 |
| 77.5 | Intercompany Due from Ravn Air Group | $80,088.85 |

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$333,901,665.59

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 12:**    **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $6,267.41 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $0.00 | |
| **83. Investments.** Copy line 17, Part 4. | Undetermined | |
| **84. Inventory.** Copy line 23, Part 5. | $0.00 | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $0.00 | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $0.00 | |
| **88. Real property.** Copy line 56, Part 9. | → | $0.00 |
| **89. Intangibles and intellectual property.**. Copy line 66, Part 10. | $4,114,907.75 | |
| **90. All other assets.** Copy line 78, Part 11. | $333,901,665.59 | |
| **91. Total. Add lines 80 through 90 for each column**    91a. | $338,022,840.00 | 91b.    $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.

$338,022,840.75

**Fill in this information to identify the case:**

Debtor name: HoTH, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 20-10758

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

Be as complete and accurate as possible.

| Part 1: | List Creditors Who Have Claims Secured by Property |

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in the information below.

**2. List creditors who have secured claims.**If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

| 2.1 | | | |

**Creditor's name and mailing address**

BNP Paribas
155 North Wacker Drive, Ste 4450
Chicago, IL60606

**Date debt was incurred?**
7/31/2015

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
All Owned Assets

**Describe the lien**
Senior Secured Loan

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

$92,257,994.74    Undetermined

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$92,257,994.74

**Part 2:** List Others to Be Notified for a Debt That You Already Listed

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 BNP Paribas<br>Attn: Guillaume Charrier<br>787 Seventh Ave<br>New York, NY10019 | Line 2.1 | |
| 3.2 Winston & Strawn, LLP<br>Attn: David Neier<br>200 Park Avenue<br>New York, NY10166-4193 | Line 2.1 | |
| 3.4 Ashby & Geddes, P.A.<br>Attn: William P. Bowden & Gregory A. Taylor<br>500 Delaware Avenue, 8th Fl<br>PO Box 1150<br>Wilmington, DE19899-1150 | Line 2.1 | |

**Fill in this information to identify the case:**

Debtor name: HoTH, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 20-10758

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | **Priority creditor's name and mailing address** | $ | $0.00 |

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (__)

**Is the claim subject to offset?**
☑ No
☐ Yes

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address** | $335,955,464.63 |

Corvus Airlines, Inc.
4700 Old International Airport Road
Anchorage, AK99502

**Date or dates debt was incurred**
Undetermined

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Intercompany Payable

**Is the claim subject to offset?**
☐ No
☑ Yes

Debtor   HoTH, Inc.
_____
Name                              Case number *(if known)* 20-10758

| | | | |
|---|---|---|---|
| 3.2 | **Nonpriority creditor's name and mailing address**<br>Earl Nashoalook on behalf of himself and his minor son, Trevor Nashoalook, Address on File | **As of the petition filing date, the claim is:**<br>*Check all that apply.* | Unknown |

**Date or dates debt was incurred**

☑ Contingent

☑ Unliquidated

☑ Disputed

**Basis for the claim:**
Litigation

**Is the claim subject to offset?**

☑ No

☐ Yes

**Part 3:**   **List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. | Line | |
| | ☐ Not listed. Explain | |

**Part 4:**   **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $335,955,464.63 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $335,955,464.63 |

**Fill in this information to identify the case:**

Debtor name: HoTH, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 20-10758

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:** Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1 State what the contract or lease is for and the nature of the debtor's interest: Amendment 3 to Agreement for Aircraft Fueling Services

State the term remaining: Unknown

List the contract number of any government contract:

Alaska Airline, Inc, Cees Verkerk, 19300 International Blvd, Seattle, WA 98188

2.2 State what the contract or lease is for and the nature of the debtor's interest: Agreement for Aircraft Fueling Services

State the term remaining: -3505 Days

List the contract number of any government contract:

Alaska Airlines, Inc.., Cees Verkerk, 19300 International Blvd, Seattle, WA 98188

2.3 State what the contract or lease is for and the nature of the debtor's interest: Equipment Purchase and Sale Agreement

State the term remaining: Unknown

List the contract number of any government contract:

Alutliq Oilfield Solutions, LLC, Matthew Thorpe, 3909 Artic Blvd, Suite 400, Anchorage, AK 99503

2.4 State what the contract or lease is for and the nature of the debtor's interest: Airline Card Service Agreement

State the term remaining: Unknown

List the contract number of any government contract:

American Express Travel Related Services Company, Inc., American Express Payment Services Limited, Attn: President, Global Merchant Services, 3 World Financial Center, 200 Vesey Street, 40th Floor, New York, NY 10285

Debtor    HoTH, Inc.
Name
Case number *(if known)* 20-10758

Case 20-10755-BLS    Doc 185    Filed 05/11/20    Page 28 of 34

| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest** | Registration Services Agreement | American Restistry for Internet Numbers, Ltd., PO Box 232290, Centreville, VA 20120 |
|---|---|---|---|
| | **State the term remaining** | Unknown | |
| | **List the contract number of any government contract** | | |

| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest** | Maintenance Agreement | Arctic Office Products, 100 West Fireweed Lane, Anchorage, AK 99503 |
|---|---|---|---|
| | **State the term remaining** | Unknown | |
| | **List the contract number of any government contract** | | |

| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest** | Agreement to Provide Services | BDO USA, LLP, 3601 C Street, Suite 600, Anchorage, AK 99503 |
|---|---|---|---|
| | **State the term remaining** | Unknown | |
| | **List the contract number of any government contract** | | |

| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest** | First Amendment of Fuel Supply Agreement | CPD Alaska, LLC, Attn: Robert E. Cox, 201 Arctic Slope Avenue, Anchorage, AK 99518 |
|---|---|---|---|
| | **State the term remaining** | Unknown | |
| | **List the contract number of any government contract** | | |

| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest** | Fuel Supply Agreement (Commercial Account) | CPD Alaska, LLC, Attn: Robert E. Cox, 201 Arctic Slope Avenue, Anchorage, AK 99518 |
|---|---|---|---|
| | **State the term remaining** | -553 Days | |
| | **List the contract number of any government contract** | | |

| 2.10 | **State what the contract or lease is for and the nature of the debtor's interest** | First Amendment of Fuel Storage Agreement | CPD Alaska, LLC, Attn: Robert E. Cox, 201 Arctic Slope Avenue, Anchorage, AK 99518 |
|---|---|---|---|
| | **State the term remaining** | Unknown | |
| | **List the contract number of any government contract** | | |

| 2.11 | State what the contract or lease is for and the nature of the debtor's interest | Fuel Storage Agreement - Part 1 | CPD Alaska, LLC, Attn: Robert E. Cox, 201 Arctic Slope Avenue, Anchorage, AK 99518 |
| | State the term remaining | -1071 Days | |
| | List the contract number of any government contract | | |

| 2.12 | State what the contract or lease is for and the nature of the debtor's interest | Second Amendment of Fuel Storage Agreement | CPD Alaska, LLC, Attn: Robert E. Cox, 201 Arctic Slope Avenue, Anchorage, AK 99518 |
| | State the term remaining | Unknown | |
| | List the contract number of any government contract | | |

| 2.13 | State what the contract or lease is for and the nature of the debtor's interest | Fuel Supply Agreement (Commercial Account) | Crowley Fuels, LLC, Attn: Richard W. Meidel, 201 Arctic Slope Avenue, Anchorage, AK 99518 |
| | State the term remaining | 1150 Days | |
| | List the contract number of any government contract | | |

| 2.14 | State what the contract or lease is for and the nature of the debtor's interest | Agreement for Reduced Rate Transportation | FedEx Corporation, Industry Affairs, 942 S Shady Grove Road, Memphis , TN 38120 |
| | State the term remaining | Unknown | |
| | List the contract number of any government contract | 17-0178-000 | |

| 2.15 | State what the contract or lease is for and the nature of the debtor's interest | ONEpay Online Authorization | First National Bank Alaska, Electronic Banking Service Department, 1753 Gambell Street, Anchorage , AK 99501 |
| | State the term remaining | Unknown | |
| | List the contract number of any government contract | | |

| 2.16 | State what the contract or lease is for and the nature of the debtor's interest | ANC Hangar Sublease Lot 12, Block 3 | Frontier Hangar Group LLC, 4200 West 50th Avenue, Anchorage, AK 99502 |
| | State the term remaining | 147 Days | |
| | List the contract number of any government contract | | |

| 2.17 | State what the contract or lease is for and the nature of the debtor's interest | First Amendment to ANC Hangar Sublease | Frontier Hangar Group LLC, 4200 West 50th Avenue, Anchorage, AK 99502 |
|---|---|---|---|
| | State the term remaining | 147 Days | |
| | List the contract number of any government contract | | |

| 2.18 | State what the contract or lease is for and the nature of the debtor's interest | Consent to Sublease | Frontier Hangar Group, LLC |
|---|---|---|---|
| | State the term remaining | -219 Days | |
| | List the contract number of any government contract | | |

| 2.19 | State what the contract or lease is for and the nature of the debtor's interest | Sublease Agreement | Frontier Hangar Group, LLC |
|---|---|---|---|
| | State the term remaining | Unknown | |
| | List the contract number of any government contract | | |

| 2.20 | State what the contract or lease is for and the nature of the debtor's interest | Fueling Services Agreement | International Aviation Services, Inc., 4200 West 50th Avenue, Anchrorage, AK 99502 |
|---|---|---|---|
| | State the term remaining | Unknown | |
| | List the contract number of any government contract | | |

| 2.21 | State what the contract or lease is for and the nature of the debtor's interest | Emergency Services Service Agreement | Kenyon International Emergency Services, Inc., 15180 Grand Point Drive, Houston, TX 77090 |
|---|---|---|---|
| | State the term remaining | -888 Days | |
| | List the contract number of any government contract | | |

| 2.22 | State what the contract or lease is for and the nature of the debtor's interest | Service Agreement for Air Charter Transportation | Teck Alaska Incorporated, David Reardon, 3105 Lakeshore Drive, Building A, Anchorage, AK 99517 |
|---|---|---|---|
| | State the term remaining | 147 Days | |
| | List the contract number of any government contract | RD 17-25 | |

| 2.23 | **State what the contract or lease is for and the nature of the debtor's interest** | Engine Lease Agreement | Vector Aerospace Engine Services-Atlantic Inc., Attn: Jeff Poirier, 800 Aerospace Blvd., Hangar #8, Summerside PE C1N 4P6, Canada |
| | **State the term remaining** | Unknown | |
| | **List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

Debtor name: HoTH, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 20-10758

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | Corvus Airlines, Inc.<br>4700 Old International Airport Road<br>Anchorage, AK99502 | BNP Paribas | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 | Frontier Flying Services, Inc.<br>4700 Old International Airport Road<br>Anchorage, AK99502 | BNP Paribas | ☑ D<br>☐ E/F<br>☐ G |
| 2.3 | Hageland Aviation Services, Inc.<br>4700 Old International Airport Road<br>Anchorage, AK99502 | BNP Paribas | ☑ D<br>☐ E/F<br>☐ G |
| 2.4 | JJM, Inc.<br>4700 Old International Airport Road<br>Anchorage, AK99502 | BNP Paribas | ☑ D<br>☐ E/F<br>☐ G |
| 2.5 | Peninsula Aviation Services, Inc.<br>4700 Old International Airport Road<br>Anchorage, AK99502 | BNP Paribas | ☑ D<br>☐ E/F<br>☐ G |
| 2.6 | Ravn Air Group Holdings, LLC<br>4700 Old International Airport Road<br>Anchorage, AK99502 | BNP Paribas | ☑ D<br>☐ E/F<br>☐ G |

Debtor    HoTH, Inc.
          Name

Case number *(if known)* 20-10758

2.7

Ravn Air Group, Inc.
4700 Old International Airport Road
Anchorage, AK99502

BNP Paribas

☑ D

☐ E/F

☐ G

**Fill in this information to identify the case:**

Debtor name: HoTH, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 20-10758

☐ Check if this is an amended filing

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____ declaration

I declare under penalty of perjury that the foregoing is true and correct.

| 05/11/2020 | /s/ John Mannion |
|---|---|
| Executed on | Signature of individual signing on behalf of debtor |
| | John Mannion |
| | Printed name |
| | Chief Financial Officer |
| | Position or relationship to debtor |