**IN THE UNITED STATES BANKRUPTCY CUORT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RAVN AIR GROUP, INC., *et al.*,[1] | Case No. 20-10755 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 200** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF THE DEBTORS TO SHORTEN NOTICE PERIOD WITH RESPECT TO THE DEBTORS' BIDDING PROCEDURES MOTION**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the above-captioned chapter 11 cases of Ravn Air Group, Inc. and the affiliated debtors (collectively, the "**Debtors**"), by and through its proposed undersigned counsel, hereby submits this objection (the "**Objection**") to the *Motion of the Debtors to Shorten Notice Period with Respect to the Debtors' Bidding Procedures Motion* [Docket No. 200] (the "**Motion to Shorten**"). In support of this Objection, the Committee respectfully states as follows:

**BACKGROUND**

1.  On April 5, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**"), commencing the above-captioned chapter 11 cases (the "**Cases**"). The Debtors have continued in possession of their property and have continued to

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Services, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

73612021.4

operate and maintain their business as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Cases.

2. On April 20, 2020, the Office of the United States Trustee appointed the Committee [Docket No. 84].  The Committee has retained Brown Rudnick LLP as lead counsel and Polsinelli as co-counsel.

3. On April 27, 2020, the Debtors filed their proposed Disclosure Statement and Chapter 11 Plan of Liquidation [Docket Nos. 112 and 113].  On the same day, the Debtors sought shortened notice for the hearing on the corresponding *Motion for an Order (I) Approving Proposed Disclosure Statement and the Form and Manner of the Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of Debtors' Plan of Liquidation* [Docket No. 114] (the "**Solicitation Motion**").  The Court granted the shortened notice and the Solicitation Motion is scheduled for hearing on May 27, 2020.

4. On April 30, 2020, the Debtors filed the *Second Omnibus Motion of the Debtors for an Order Authorizing Rejection of Certain Unexpired Leases and Executory Contracts Effective Nunc Pro Tunc to April 30, 2020* [Docket No. 150] ("**Second Omnibus Rejection Motion**"), which is also scheduled for hearing on May 27, 2020.

5. On May 4, the Debtors filed the *Motion of Debtors for an Order Extending Time to File Schedules and Statements* [Docket No. 158].  The Debtors filed their Schedules of Assets and Liabilities and Statement of Financial Affairs only a few days ago, on May 12, 2020.

6. On May 6, 2020, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ Sage-Popovich, Inc. as Liquidation Advisor Effective as of April*

*14, 2020* [Docket No. 175] (the "**SPI Retention Application**"), seeking to retain a liquidation advisor to prepare for the full liquidation of the Debtors' assets.

7. Late last night, on May 14, 2020, the Debtors filed the *Debtors' Motion for Orders (I)(A) Authorizing and Approving the Bidding Procedures, (B) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases, (C) Approving the Notice Procedures, (D) Authorizing Entry Into One or More Stalking Horse Agreements, and (E) Setting a Date for the Sale Hearing; and (II) Authorizing and Approving (A) the Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) the Assumption and Assignment of Certain Contracts, and (C) Payment of Bid Protections, if Applicable* [Docket No. 197] (the "**Bid Procedures Motion**"), seeking to establish various procedures to govern a truncated and unvetted sale process. The Debtors request to have it heard on the same day as the Solicitation Motion, the SPI Retention Application and the Second Omnibus Rejection Motion, with objections due by May 21, 2020.

8. The Committee has tried to consensually work out an extension with the Debtors of its deadline to object to the Bid Procedures Motion. The Debtors have originally proposed May 23, 2020 as the objection deadline to the Bid Procedures Motion and the Committee asked to extend that deadline, together with the deadlines for other filings to be heard on May 27, to May 25, 2020. The Committee thought the Debtors had agreed to that deadline. However, because May 25, 2020 is a federal holiday and the Debtors' agenda would be due on May 22, the Debtors advised that they would not extend the objection deadlines, including the originally proposed May 23 deadline to object to the Bid Procedures Motion, past May 21, 2020.

9. The Debtors assert that since they shared a draft of the Bid Procedures Motion with the Committee in advance of filing that the Committee is not prejudiced by shortened notice. The

Debtors also contend that they cannot agree to a later deadline because they need sufficient time to reply before the deadline to file the agenda. However, the relief sought by the Debtors' Bid Procedures Motion is not jeopardized, nor are the Debtors prejudiced by the requested extension—the Committee, on the other hand, has not been given adequate time to respond to and prepare for yet another motion on a shortened notice. This Objection to the Motion to Shorten could have been avoided if the Debtors had agreed to jointly reach out to Chambers to request a consensual time line in advance of the May 27 hearing, as requested by counsel to the Committee. Unfortunately, the Debtors determined that contested motion practice was the only course of action.

## OBJECTION

10. The Committee's paramount goal in these Cases is to safeguard the rights of the unsecured creditors and ensure a fair process towards maximizing the value of all of the Debtors' assets, not solely for the secured lenders, but for all creditor constituents. The Committee does not believe that a forced liquidation being dictated by the secured lenders at this early stage of the case is in the best interest of all parties. The Committee is fully committed to continuing to work with the Debtors and their advisors to achieve these goals by exploring *all* avenues, including a possible going-concern sale of all of the Debtors' assets. At this time, the Committee cannot support the expedited procedures sought in the Bid Procedures Motion without the opportunity to complete its own diligence and properly consider the proposed procedures. The Committee also reserves its rights to object to the propriety of the Solicitation Motion, the SPI Retention Application, and the Second Omnibus Rejection Motion. This Court should not make a forced liquidation a *fait accompli*.

11. As of this filing, there has not been any public marketing of the Debtors' assets to gauge the reasonableness of the proposed bid procedures. Because the Debtors were working to complete their Schedules of Assets and Liabilities and Statement of Financial Affairs, which were filed on May 12, 2020, they have only started to respond to the Committee's diligence requests in the last few days. To date, the Committee simply does not have sufficient information to analyze the proposed sale procedures in the context of these Cases.

12. The Committee is also not being given adequate time to respond to the Bid Procedures Motion. Despite the intimation made by the Debtors that the Committee got special treatment to review the Bid Procedures Motion prior to its filing, au unsecured creditors committee is commonly provided access to review substantive motions in chapter 11 cases prior to their filings. Even so, the Committee is still entitled to an adequate time to respond to the Bid Procedures Motion after it has been filed as proscribed under the Local Rules. *See* L.R. 9006-1(c)(ii) (establishing an objection deadline no earlier than 14 days after date of service). Because they are seeking to have the Bid Procedures Motion heard on 13 days' notice, the Debtors are trying to cut the Committee's review and response time essentially in half. If the hearing on the Bid Procedures Motion is to go forward on May 27, 2020, as the Debtors request, the Committee should have the opportunity to respond until at least a day before the hearing, which is still less than the 14 days proscribed under the Local Rules.

13. Most importantly, there is no urgency demanding that the Bid Procedures Motion be heard on shortened notice. There is no stalking horse that the Debtors risk losing without immediate procedures in place nor are the Debtors precluded from trying to market the assets in the absence of approved bid procedures.

14. In light of these facts, the hearing on the Bid Procedures Motion should not be heard on shortened notice. The focus of the May 27 hearing should be on the Disclosure Statement, the SPI Retention Application, and the Second Omnibus Rejection Motion. At a minimum, the Committee should have additional time to respond to the Bid Procedures Motion by having the objection deadline to the Bid Procedures Motion extended to May 26, 2020.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court (a) deny the Motion and schedule a hearing on the Bid Procedures Motion for the next omnibus hearing after May 27, 2020 or a date convenient for the Court, (b) alternatively, extend the Committee's deadline to object to the Bid Procedures Motion to May 26, 2020, and (d) grant such other and further relief as is just and proper.

Dated: May 15, 2020  
       Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

*/s Christopher A. Ward*  
Christopher A. Ward (Del. Bar No. 3877)  
Shanti M. Katona (Del Bar No. 5352)  
222 Delaware Avenue, Suite 1101  
Wilmington, Delaware 19801  
Telephone: (302) 252-0920  
Facsimile: (302) 252-0921  
cward@polsinelli.com  
skatona@polsnielli.com  

-and-

**BROWN RUDNICK LLP**  
Robert J. Stark (pro hac vice)  
Oksana P. Lashko(pro hac vice)  
Max D. Schlan (pro hac vice)  
Seven Times Square  
New York, New York 10036  
Telephone: (212) 209-4800  
Facsimile: (212) 209-4801  
rstark@brownrudnick.com  
olashko@brownrudnick.com  
mschlan@brownrudnick.com  

*Proposed Counsel to the Official Committee of Unsecured Creditors*