**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> RAVN AIR GROUP, INC. *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10755 (BLS) <br><br> (Jointly Administered) <br><br> **Re: Docket Nos. 197, 200, 201** |

**REPLY IN SUPPORT OF MOTION OF THE DEBTORS TO SHORTEN NOTICE PERIOD WITH RESPECT TO THE DEBTORS' BIDDING PROCEDURES MOTION**

The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submit this reply (the "Reply") in further support of their motion [Dkt. No. 200] (the "Motion to Shorten") for entry of an order scheduling an expedited hearing and shortening the notice period regarding the bidding procedures portion of the *Debtors' Motion for Orders (I)(A) Authorizing and Approving the Bidding Procedures, (B) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; (C) Approving the Notice Procedures, (D) Authorizing Entry Into One or More Stalking Horse Agreements, and (E) Setting a Date for the Sale Hearing; and (II) Authorizing and Approving (A) the Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) the Assumption and Assignment of Certain Contracts, and (C) Payment of Bid Protections, If*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

1

*Applicable* [Dkt. No. 197] (the "Bidding Procedures Motion"),[2] and in response to the objection [Dkt. No. 201] (the "Objection") filed to the Motion to Shorten by the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Creditors Committee"). For the reasons discussed below, the Debtors respectfully request that the Court overrule the Objection and grant the Motion to Shorten.

## ARGUMENT

1. The Debtors, the various stakeholders that have appeared in these Chapter 11 Cases, and the Court have all acknowledged that the timeline of these Chapter 11 Cases, as dictated by the Plan Milestones under the DIP Facility, is accelerated. Nevertheless, the Court approved those Plan Milestones (over the objection of the Creditors Committee) because the circumstances and the financing available under the DIP Facility simply do not allow that timeline to be extended – absent the emergence of an opportunity from a source of capital.

2. By the Bidding Procedures, the Debtors have proposed a process to permit an orderly, albeit expedited, search for that very opportunity for a source of capital that would avoid liquidation – the going-concern sale opportunity that the Creditors Committee claims to want – within the timeline prescribed by the Plan Milestones. The Creditors Committee's objection to establishing that process in the time proposed is counterproductive to that search, and to the ability of the Debtors to maximize value.

3. The relief the Debtors request that the Court grant at the May 27, 2020 hearing, by the Bidding Procedures Motion and the Motion to Shorten, is limited to (a) establishing a process for the Debtors to receive bids for their Assets and (b) permitting the Debtors to notify parties in interest, including interested bidders, of that process, under deadlines that permit as

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion to Shorten or the Bidding Procedures Motion, as applicable.

extensive of a diligence and bidding period as possible within the confines of the Plan Milestones. The Creditors Committee does not – because it cannot – suggest that the Debtors can set the Bid Deadline after confirmation of the Plan or the deadline established by the Plan Milestones for confirmation in late June. As such, the <u>only</u> thing accomplished by delaying consideration of the Bidding Procedures, to allow the Creditors Committee to complete its own diligence, would be to shorten or eliminate the time during which prospective bidders could submit bids prior to the Bid Deadline and in advance of the Confirmation Hearing. Indeed, allowing the Creditors Committee to delay the establishment of the Bidding Procedures would create the *fait accompli* that the Creditors Committee urges the Court to avoid.

4.  As a practical matter, although the objection deadline to the Bidding Procedures Motion proposed by the Debtors falls six days before the proposed hearing, the intervening Memorial Day weekend is the reason that the Debtors lack the flexibility to propose a later deadline. The Debtors have a right to reply to any objections filed by the Creditors Committee, and such a reply would need to be filed in advance of the filing and submission to the Court of a hearing agenda. The agenda for the May 27 hearing (which includes a number of other matters) is due on Friday, May 22. As such, the Creditors Committee's request to file objections – not only to the Bidding Procedures, but also to the retention application of sage-popovich, inc., the Second Omnibus Rejection Motion (both of which were filed on regular notice), and the proposed Disclosure Statement and Solicitation Procedures Motion (filed on April 27) – over Memorial Day weekend, after the agenda and any reply would be due, is untenable and would not permit the Debtors to file a reply or give the Court time to consider such a reply.

5.  That the Creditors Committee believes that more time would be beneficial to conduct its own diligence is unsurprising. In theory, the Debtors would welcome additional

flexibility provided by an extended timeline.  But the reality of the circumstances here requires that parties, including the Debtors and the Creditors Committee, must conform to an accelerated schedule.  The Bidding Procedures proposed by the Debtors contemplate that, at every juncture, the Debtors will evaluate bidders and bids and conduct the sale process in consultation with the Creditors Committee and the DIP Lenders.  The Creditors Committee's rights to review the process and object to any sale proposed at the Sale Hearing are preserved in full.  As such, shortening notice with respect to the bidding procedures portion of the Bidding Procedures Motion is appropriate and necessary under the circumstances.

WHEREFORE, the Debtors respectfully submit that sufficient cause and exigent circumstances exist that justify shortening notice with respect to the Bidding Procedures Motion and request the Court enter an order substantially in the form attached to the Motion to Shorten as **Exhibit A**: granting (i) the relief requested in this Motion and (ii) such other relief as may be equitable and just.

146484.01601/123293026v.1

5

| | |
|---|---|
| Dated: May 15, 2020<br>Wilmington, Delaware | **BLANK ROME LLP**<br><br>*/s/ Victoria Guilfoyle*<br>Victoria A. Guilfoyle (No. 5183)<br>Stanley B. Tarr (No. 5535)<br>Jose F. Bibiloni (No. 6261)<br>1201 N. Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-6400<br>Facsimile: (302) 425-6464<br>Email: guilfoyle@blankrome.com<br>      tarr@blankrome.com<br>      jbibiloni@blankrome.com<br><br>-and-<br><br>**KELLER BENVENUTTI KIM LLP**<br>Tobias S. Keller (*pro hac vice*)<br>Jane Kim (*pro hac vice*)<br>Thomas B. Rupp (*pro hac vice*)<br>650 California Street, Suite 1900<br>San Francisco, California 94108<br>Telephone: (415) 496-6723<br>Facsimile: (650) 636-9251<br>Email: tkeller@kbkllp.com<br>      jkim@kbkllp.com<br>      trupp@kbkllp.com<br><br>*Proposed Attorneys for Debtors*<br>*and Debtors-in-Possession* |