# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RAVN AIR GROUP, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10755 (BLS)<br><br>(Jointly Administered)<br><br>**Related Docket No.: 138** |

**ORDER ESTABLISHING DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to Bankruptcy Code sections 105(a), 501, 502, 503 and 1111(a), Bankruptcy Rules 2002, 3001, 3002, 3003, 3005, 5005 and 9008, and Local Rule 2002-1, for entry of an order (i) establishing deadlines and procedures for filing proofs of claim in the Debtors' Chapter 11 Cases and (ii) approving the form and manner of notice thereof, all as further described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

-2-

in the Motion and any objections filed in response thereto; and upon the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted as set forth herein. All objections to the relief requested in the Motion are hereby overruled.

2. Except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate and trust, whether domestic or foreign) that asserts a claim (as that term is defined in Bankruptcy Code section 101(5)) against any Debtor that arose prior to April 5, 2020 (the "Petition Date"), including, without limitation, a claim entitled to priority under Bankruptcy Code section 503(b)(9) (a "503(b)(9) Claim"), is required to file an original, written proof of such claim (a "Proof of Claim") that substantially conforms to the form Proof of Claim annexed hereto as **Annex 1** (the "Proof of Claim Form") or Official Form 410, so as to be **actually received** by Stretto on or before **June 15, 2020 at 11:59 p.m. prevailing Eastern Time** (the "General Bar Date").

3. All governmental units (as that term is defined in Bankruptcy Code section 101(27)) holding claims (whether secured, unsecured priority or unsecured non-priority), that arose or are deemed to have arisen prior to the Petition Date, including, without limitation, 503(b)(9) Claims and claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors are a party, must file a Proof of Claim

so as to be **actually received** by Stretto on or before **October 2, 2020 at 11:59 p.m. prevailing Eastern Time** (the "Governmental Bar Date").

4. Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease (a "Rejection Damages Claim") must file a Proof of Claim with respect to such claim so as to be **actually received** by Stretto on or before the **later** of either (i) the General Bar Date or (ii) a date provided in an order of the Court authorizing the rejection of the respective executory contract or unexpired lease, or if no date is provided in any such order, thirty (30) calendar days after the claimant is served with notice of the applicable order authorizing such rejection (the "Rejection Damage Claim Bar Date"). Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a Rejection Damages Claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless such party is expressly excluded by this Order from filing a Proof of Claim.

5. If the Debtors amend or supplement their Schedules subsequent to service of the Bar Date Notice (as defined below) in a manner that changes the amount, nature, classification or characterization of a person or entity's claim, and the affected creditor does not agree with such amendment or supplement, then the affected creditor must file a Proof of Claim with respect to such claim on the later of (i) the applicable Bar Date or (ii) twenty-four (24) calendar days after the date on which the Debtors provide notice of such amendment or supplement (or another time period as may be fixed by the Court) (the "Amended Schedule Bar Date," and together with the General Bar Date, the Governmental Bar Date and the Rejection Damage Claim Bar Date, each, a "Bar Date," and collectively, the "Bar Dates").

6. Without limiting the foregoing, each of the following persons or entities are required to file a Proof of Claim by the applicable Bar Date:

(a) any person or entity whose claim against the Debtors is not listed in the Schedules or whose Claim is listed in the Schedules but is listed therein as disputed, contingent, or unliquidated;

(b) any person or entity that believes that its claim as set forth in the Schedules is listed in an incorrect amount, nature or priority and that desires to have its claim allowed in an amount, nature or priority other than that set forth in the Schedules; and

(c) any person or entity that believes that its claim as set forth in the Schedules is not an obligation of the specific Debtor as set forth in the Schedules and that desires to have its claim allowed against a Debtor other than that set forth in the Schedules.

7. Notwithstanding the foregoing, the following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date with respect to claims described below:

(a) any person or entity that has already properly filed, with the Clerk of the Court or Stretto, a Proof of Claim against all Debtors against which such person or entity has a claim, in a form that substantially conforms to the Proof of Claim Form or Official Form 410;

(b) any person or entity whose claim is listed on the Debtors' Schedules, provided that (i) such claim is **not** listed as disputed, contingent or unliquidated, (ii) such person or entity does **not** dispute the amount, nature or priority of the claim as set forth in the Debtors' Schedules and (iii) such person or entity does **not** dispute that such claim is an obligation of the specific Debtor as set forth in the Debtors' Schedules;

(c) any person or entity that holds a claim that has already been allowed by an order of this Court entered on or before the applicable Bar Date;

(d) any person or entity whose claim has already been paid in full by any of the Debtors or any other party;

(e) any Debtor holding a claim against another Debtor;

(f) any person or entity that holds a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense

-4-

        (other than a 503(b)(9) Claim, which is subject to the General Bar Date);

(g) Any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

(h) any person or entity whose claim is based solely on the ownership of common stock, a limited partnership interest, limited liability company interest, or any other equity, ownership, or profits interests issued by any Debtor and options, warrants, rights or other securities or agreements to acquire common stock, limited partnership interests, limited liability company interests, or other equity, ownership or profits interests issued by any Debtor (whether or not arising under or in connection with any employment agreement) (an "Interest"); *provided*, *however*, that holders of an Interest that wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of the Interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies; and

(i) the DIP Secured Parties and the Prepetition Secured Parties (each as defined in the Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Superpriority Financing, (II) Authorizing the Debtors' Limited Use of Cash Collateral, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief [Docket No. 49] (the "Interim DIP Order," and, together with any final order which may be entered, the "DIP Orders") for claims relating to the DIP Credit Agreement or the Prepetition Credit Agreement (each as defined in the DIP Orders).

8. The Proof of Claim Form, substantially in the form annexed hereto as **Annex 1**, is approved in all respects, and the Debtors are directed, with the assistance of Stretto, to include the following information on every Proof of Claim Form that they provide to a creditor, to the extent that such information is reflected on the Debtors' Schedules: (a) the amount of such creditor's claim against the applicable Debtor, (b) the type of claim held by such creditor (*i.e.*, non-priority unsecured, priority unsecured or secured) and (c) whether such claim is scheduled as contingent, unliquidated or disputed. Any person or entity who relies on the Debtors' Schedules shall have

the responsibility for determining that their claim is accurately listed in such Schedules.  Prior to mailing the Proof of Claim Forms, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, non-material changes as the Debtors deems necessary or appropriate.

9. The following procedures shall govern the completion and filing of Proofs of Claim:

(a) Each Proof of Claim must (i) be written in English, (ii) be denominated in lawful currency of the United States as of the Petition Date, (iii) conform substantially with the Proof of Claim Form or Official Form 410, (iv) indicate the Debtor against which the creditor is asserting a claim (and if a creditor asserts a claim against more than one Debtor, a separate Proof of Claim must be filed with respect to each Debtor) and (v) be executed by the individual to whom service of any papers relating to such claim shall be directed.

(b) Each Proof of Claim must include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; *provided*, *however*, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors; *provided*, *further*, that any creditor that received such written consent shall be required to transmit such documentation to the Debtors upon request no later than ten (10) days from the date of such request.

(c) The original Proofs of Claim must be delivered in person, by courier service, by hand delivery, or by mail so as to be **actually received** by Stretto on or before the applicable Bar Date at the appropriate address listed below:

> Ravn Air Group, Inc., et al. Claims Processing
> c/o Stretto
> 8269 E. 23rd Avenue, Suite 275
> Denver, CO 80238

**PROOFS OF CLAIM SENT BY FACSIMILE, TELECOPY OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

146484.01601/123149854v.2

    (d)  Alternatively, Proofs of Claim may be submitted electronically, on or before the applicable Bar Date, by completing the Proof of Claim Form that can be accessed at Stretto's website http://cases.stretto.com/ravnair. Any person or entity that electronically files a Proof of Claim shall retain such Proof of Claim (and supporting documents) with an original signature for a period of not less than two (2) years from the date the Proof of Claim is electronically filed.

  10.  Any holder of a claim against any of the Debtors who is required, but fails, to file a Proof of Claim in accordance with the terms of this Order on or before the applicable Bar Date shall not, absent further order of the Court, be treated as a creditor with respect to such claim in these Chapter 11 Cases, permitted to participate in any distribution in the Debtors' Chapter 11 Cases on account of such claim, permitted to vote to accept or reject any chapter 11 plan proposed in these Chapter 11 Cases, or entitled to receive further notices in these Chapter 11 Cases regarding such claim.

  11.  The notice of the Bar Dates and relief granted in this Order, substantially in the form annexed hereto as **Annex 2** (the "Bar Date Notice"), is approved in all respects. Prior to mailing the Bar Date Notices, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, non-material changes as the Debtors deem necessary or appropriate.

  12.  The Debtors, with the assistance of Stretto, are authorized and directed to serve the Bar Date Notice, together with a copy of the Proof of Claim Form, by First-Class U.S. mail, postage prepaid, within two (2) business days after the date of entry of this Order, or as soon as reasonably practicable thereafter, upon the following parties:

    (a)  all known creditors and other known holders of claims as of the date of entry of the Bar Date Order, including all persons or entities listed on the Debtors' Schedules at the addresses stated therein;

(b) the attorneys of record for all parties to litigation with any of the Debtors as of the date of entry of the Bar Date Order;

(c) counsel to the DIP Lenders and DIP Agent

(d) proposed counsel to the Creditors Committee;

(e) the Office of the United States Trustee for the District of Delaware;

(f) all entities that have requested notice of the proceedings in the Debtors' Chapter 11 Cases;

(g) all persons or entities that have filed a Proof of Claim;

(h) all known holders of an Interest in the Debtors;

(i) all parties to executory contracts and unexpired leases of the Debtors;

(j) the Debtors' current officers, directors and employees;

(k) the Debtors' former officers, directors and employees to the extent that contact information for such former officers, directors and employees is available in the Debtors' records;

(l) the Internal Revenue Service and all applicable state and local taxing authorities;

(m) all regulatory authorities that regulate the Debtors' business, including permitting authorities;

(n) the United States Securities and Exchange Commission;

(o) the United States Department of Justice;

(p) all environmental authorities listed in the Debtors' Statements of Financial Affairs, as required by Local Rule 2002-1(e);

(q) the United States Attorney's Office for the District of Delaware and the state attorneys general for the jurisdictions in which the Debtors do business; and

(r) all persons and entities listed on the service list maintained by the Debtors pursuant to Local Rule 2002-1(c) as of the date of the entry of the Bar Date Order.

13. The Debtors shall also file on the docket of these Chapter 11 Cases a copy of the Bar Date Notice and shall post the Proof of Claim Form and the Bar Date Notice on Stretto's website http://cases.stretto.com/ravnair.

14. The Debtors shall not be required to provide any additional notice to any person or entity to whom the Debtors mailed the Bar Date Notice in accordance with the terms of this Order and such notice was returned to the Debtors as undeliverable without a forwarding address.

15. Pursuant to Bankruptcy Rules 2002(*l*) and 9008, the Court finds that notice of the Bar Dates by mail to all potential creditors is impracticable, and therefore the Debtors are authorized and directed to give notice of the Bar Dates by publishing the Bar Date Notice, modified for publication in substantially the form annexed hereto as **Annex 3** (the "***Publication Notice***"), in the *Anchorage Daily News* and the *Fairbanks Daily News-Miner* on one occasion by no later than five (5) business days after the date of entry of this Order, which publication is hereby approved in all respects and shall be deemed good, adequate, and sufficient publication notice of the Bar Dates. Prior to publishing the Publication Notice, the Debtors may fill in, or caused to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order and make such other, non-material changes as the Debtors deem necessary or appropriate.

16. The Debtors are authorized to enter into such transactions to effectuate the publication of the Publication Notice as provided herein, including making reasonable payments required for such publication.

17. The form and manner of notice of the Bar Dates and the relief granted by this Order, as provided herein, constitutes good, adequate and sufficient notice thereof, satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and is approved

in all respects.

18. The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

19. Entry of this Order is without prejudice to the rights of the Debtors to seek a further order of this Court fixing a date by which holders of claims not subject to the Bar Dates established herein must file proofs of such claims or be barred from doing so.

20. Nothing in this Order shall prejudice the right of any party in interest with standing to (i) object to any Proof of Claim, whether filed or scheduled, on any grounds; (ii) dispute or assert offsets or defenses to any claims reflected on the Debtors' Schedules or any amendments thereto, as to amount, liability, classification or otherwise; or (iii) subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

21. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**Dated: May 18th, 2020 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**