## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RAVN AIR GROUP, INC. *et al.*,[1] | Case No. 20-10755 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No.: 139** |

## ORDER APPROVING MOTION OF DEBTORS
## PURSUANT TO 11 U.S.C. §§ 363 AND 105(a)
## AND FED R. BANKR. P. 2002 FOR AUTHORITY
## TO ESTABLISH DE MINIMIS ASSET SALE PROCEDURES

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order"):

pursuant to sections 363 and 105(a) of title 11 of the Bankruptcy Code and Bankruptcy Rule 2002

for entry of an order authorizing and establishing expedited procedures (the "De Minimis Asset

Sale Procedures") to (a) sell or transfer in the ordinary course of the Debtors' business and without

further order of the Court certain assets, including any rights or interests therein; and (b) pay all

necessary fees and expenses incurred by the Debtors in connection with the De Minimis Asset

Sales; and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the hearing on the Motion having been given pursuant to Bankruptcy

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Rule 2002(b); and notice of the Motion being adequate and appropriate under the particular circumstances; and upon the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, equity interest holders, and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted as set forth herein.  All objections to the relief requested in the Motion are hereby overruled.

2.      The Debtors are authorized, but not directed, pursuant to sections 363 and 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002, to sell the De Minimis Assets, in accordance with the following De Minimis Asset Sale Procedures:

    a.  **Non-Aircraft De Minimis Asset Sales Less than or Equal to $100,000**:

       i.   The Debtors are authorized to sell or transfer any De Minimis Asset other than aircraft for a total purchase price (aggregating all sales or transfers entered into concurrently with the same purchaser) that is less than or equal to $100,000 (each sale, a "Non-Noticed De Minimis Asset Sale"), without further Court approval and without providing notice of the Non-Noticed De Minimis Sale to any party, whether by private sale or by auction. The Debtors are further authorized to take any actions that are reasonable and necessary to close the Non-Noticed De Minimis Sale and obtain the sale proceeds and pay any necessary fees and expenses incurred in connection therewith, including paying all reasonable commissions and fees to third-party sale agents, or auctioneers in connection with the Non-Noticed De Minimis Asset Sale; and

      ii.  If any of the De Minimis Assets to be sold or transferred by the Debtors pursuant to a Non-Noticed De Minimis Asset Sale are encumbered by liens (other than assets encumbered solely by liens granted in connection with the DIP Credit Agreement), the Debtors will seek to obtain the consent of the applicable lienholder(s). If the Debtors are unable to obtain the consent of the applicable lienholder(s), the Debtors may seek to sell or transfer the encumbered De Minimis Assets as a Noticed De Minimis Sale (as defined below) in accordance with the procedures below.

iii. The Debtors will make available to counsel to the DIP Agent, counsel to the Creditors Committee, and the U.S. Trustee a report that provides information with respect to the Non-Noticed De Minimis Asset Sales, including (i) a general description of the De Minimis Asset sold or transferred, (ii) the identity of the purchaser or transferee and any relationship such party has with the Debtors, (iii) the identities of any lienholder(s) known to the Debtors as holding liens on or with respect to the De Minimis Asset, (iv) the material economic terms and conditions of the Non-Noticed De Minimis Asset Sale (which may be provided by including the applicable contract or contracts to the Transaction Notice), and (v) any commission, fees, or other similar expenses to be paid in connection with such transaction.

b. **De Minimis Asset Sales Greater than $100,000 but Less than or Equal to $1 million and Aircraft De Minimis Asset Sales:**

i. For any sale or transfer of De Minimis Assets where the total aggregate purchase price is greater than $100,000 but less than or equal to $1 million, as well as any sale or transfer of one or more De Minimis Assets that are aircraft irrespective of the purchase price (each, a "Noticed De Minimis Asset Sale"), the Debtors shall give notice of such transaction (the "Transaction Notice"), by electronic mail, overnight courier, or hand delivery on the Core Notice Parties (as defined below). Each Transaction Notice will include (i) a general description of the De Minimis Asset proposed to be sold or transferred, (ii) the identity of the purchaser or transferee and any relationship such party has with the Debtors, (iii) the identities of any lienholder(s) known to the Debtors as holding liens on or with respect to the De Minimis Asset, (iv) the material economic terms and conditions of the proposed De Minimis Asset Sale (which may be provided by attaching the applicable contract or contracts to the Transaction Notice), (v) any proposed commission, fees, or other similar expenses to be paid in connection with such transaction, and (vi) instructions regarding the procedures for asserting an objection to the Noticed De Minimis Asset Sale;

ii. The Debtors shall serve any Transaction Notice on (i) counsel to the DIP Agent, (ii) counsel to the Creditors Committee, (iii) the Office of the United States Trustee for the District of Delaware, and (iv) any other creditors holding liens on the De Minimis Assets subject to the proposed transaction (collectively, the "Core Notice Parties"). The Debtors will also provide the Transaction Notice to sage-popovich for review. The Debtors shall not be required to serve any Transaction Notice on any other parties, and no further or additional notice of the proposed Noticed De Minimis Asset Sale shall be required;

iii. The Core Notice Parties shall have five (5) business days after service of a Transaction Notice to object in writing to a Noticed De Minimis Asset Sale (the "Notice Period"), provided, however, that the Debtors shall obtain the consent of the Creditors Committee and the DIP Agent with respect to any Noticed De Minimis Asset Sale of aircraft (an "Aircraft De Minimis Asset Sale");

iv.     Any objection to a Noticed De Minimis Asset Sale (each, an "Objection") must: (i) be in writing; (ii) set forth the name of the objecting party; (iii) provide the basis for the Objection and the specific grounds therefor; and (iv) be served by electronic mail on the Debtors' counsel, so as to be received on or before 4:00 p.m. (Pacific Time) on the last day of the Notice Period;

v.      If an Objection is properly served: the Noticed De Minimis Asset Sale may not proceed absent (1) withdrawal of the Objection or (2) entry of an Order by the Court approving the Noticed De Minimis Asset Sale;

vi.     An Aircraft De Minimis Asset Sale may not proceed absent (1) consent of the Creditors Committee and the DIP Agent or (2) entry of an Order by the Court approving the Aircraft De Minimis Asset Sale; and

vii.    If no Objection is timely served to a Noticed De Minimis Asset Sale, and, if the such Noticed De Minimis Asset Sale is an Aircraft De Minimis Asset Sale, the Debtors also have obtained the consent of the Creditors Committee and the DIP Agent: (1) such Noticed De Minimis Asset Sale shall be deemed final and fully authorized by the Court, and no additional or further notice or Court approval to consummate the Noticed De Minimis Asset Sale shall be required, and (2) the Debtors shall be authorized to take any actions that are reasonable and necessary to close the Noticed De Minimis Sale and obtain the sale proceeds and pay any necessary fees and expenses incurred in connection therewith, including paying all reasonable commissions and fees to third-party sale agents, or auctioneers in connection with the Noticed De Minimis Sale.

3.      All buyers will take each De Minimis Asset sold by the Debtors pursuant to the De Minimis Asset Sale Procedures subject to the terms of the documentation executed in connection with the applicable De Minimis Asset Sale, which documentation may (but is not required to) include provisions that the buyers are taking the De Minimis Assets "as is" and "where is," without any representations or warranties from the Debtors as to the quality or fitness of such De Minimis Assets. Buyers will, however, take title to the (i) Non-Noticed De Minimis Asset Sales with the consent of any applicable lienholder and (ii) Noticed De Minimis Assets free and clear of any liens or encumbrances pursuant to section 363(f) of the Bankruptcy Code. All such liens or encumbrances shall attach to the proceeds of the applicable Noticed De Minimis Asset Sale with the same validity, extent, and priority as had attached to the Noticed De Minimis Assets immediately prior to such sale or transfer.

-4-

4.     Sales or transfers of De Minimis Assets shall be deemed arm's-length transactions conducted in good faith and entitled to the protections of section 363(m) of the Bankruptcy Code.

5.     Notwithstanding anything in the Motion or this Order to the contrary, any De Minimis Asset Sale consummated by the Debtors, and the proceeds of such De Minimis Asset Sale, shall be subject to the DIP Credit Agreement in all respects.

6.     The Debtors are authorized to take any action that is reasonable and necessary to close a De Minimis Asset Sale and obtain the proceeds thereof, including, without limitation, paying reasonable and necessary fees and expenses to agents and brokers.

7.     Nothing in this Order or any sale pursuant to this Order releases, nullifies, precludes or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations (including but not limited to environmental laws or regulations), and any associated liabilities for penalties, damages, cost recovery, or injunctive relief that any entity would be subject to as the owner, lessor, lessee, or operator of the property after the date of entry of this Order. Nothing in this Order or any sale pursuant to this Order shall in any way diminish the obligation of any entity, including the Debtors, to comply with environmental laws.

8.     Nothing in this Order or any sale pursuant to this Order authorizes the transfer to the purchaser of any governmental licenses, permits, registrations, authorizations or approvals without the purchaser's compliance with all applicable legal requirements under non bankruptcy law governing such transfers.

9.     Conveyance documents effectuating sales pursuant to this Order may, but are not required to, state that such sale is authorized by and subject to this Order.

10.     Notwithstanding anything in the Motion or this Order to the contrary, any De Minimis Asset Sale consummated by the Debtors shall be subject to the DIP Credit Agreement in

146484.01601/123161614v.2

all respects.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**Dated: May 18th, 2020 Wilmington,
Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY
JUDGE**