## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RAVN AIR GROUP, INC., *et al.*,[1] | Case No. 20-10755 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 249** |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN THE OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES, (B) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING THE NOTICE PROCEDURES, (D) AUTHORIZING ENTRY INTO ONE OR MORE STALKING HORSE AGREEMENTS, AND (E) SETTING A DATE FOR THE SALE HEARING; AND (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, AND (C) PAYMENT OF BID PROTECTIONS, IF APPLICABLE**

The Official Committee of Unsecured Creditors (the "Committee") hereby moves (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice an Procedure of the United States District Court for the District of Delaware (the "Local Rules") authorizing the Committee to redact and to file under seal certain information contained in the *Objection of the Official*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

*Committee of Unsecured Creditors to Debtors' Motion for Orders (I)(A) Authorizing and Approving the Bidding Procedures, (B) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases, (C) Approving the Notice Procedures, (D) Authorizing Entry into One or More Stalking Horse Agreements, and (E) Setting A Date for the Sale Hearing; and (II) Authorizing and Approving (A) the Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) the Assumption and Assignment of Certain Contracts, and (C) Payment of Bid Protections, If Applicable* (the "Committee's Bid Procedures Objection") and the *Declaration of Richard Newman in Support of Debtors' Motion For Orders (II)(A) Authorizing And Approving The Bidding Procedures, (B) Approving Procedures Related To The Assumption Of Certain Executory Contracts And Unexpired Leases, (C) Approving The Notice Procedures, (D) Authorizing Entry Into One Or More Stalking Horse Agreements, And (E) Setting A Date For The Sale Hearing; And (II) Authorizing And Approving (A) The Sale Of Certain Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests, (B) The Assumption And Assignment Of Certain Contracts, And (C) Payment Of Bid Protections, If Applicable* (the "Newman Declaration"), which the Committee relies upon in further support of the Motion and is being filed contemporaneously herewith. In further support of the Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Committee consents to entry of a final order under Article III of the United States Constitution. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are: Bankruptcy Code section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

3.      On April 5, 2020 (the "Petition Date"), the above captioned debtors and debtors in possession (the "Debtors") commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On April 20, 2020 the Office of the United States Trustee appointed the Committee pursuant to Bankruptcy Code section 1102 [Docket No. 84]. The Committee retained Brown Rudnick LLP as lead counsel and Polsinelli PC as co-counsel.

5.      On May 14, 2020, the Debtors filed the *Motion for Orders (I)(A) Authorizing and Approving the Bidding Procedures, (B) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases, (C) Approving the Notice Procedures, (D) Authorizing Entry into One or More Stalking Horse Agreements, and (E) Setting A Date for the Sale Hearing; and (II) Authorizing and Approving (A) the Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) the Assumption and Assignment of Certain Contracts, and (C) Payment of Bid Protections, If Applicable* [Docket No. 197] (the "Bid Procedures Motion").[2]

6.      The Committee evaluated the Debtors' Bid Procedures Motion and reviewed the Debtors' document production, which included an array of documents the Debtors designated as "confidential". The Committee's Bid Procedures Objection relies on one document, the Debtors'

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Order.

April 2020 presentation, which the Debtors' designated "confidential" (the "Confidential Information").

## RELIEF REQUESTED

7.    By this Motion, the Committee seeks entry of the Proposed Order: (i) authorizing the Committee to redact and to file under seal the Debtors' April 2020 presentation, which is attached to the Newman Declaration as Exhibit 2, and the related Confidential Information; and (ii) directing that Confidential Information remain under seal.

## BASIS FOR RELIEF

8.    Bankruptcy Code section 107(b) provides:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
>
>> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . .

*See also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) ("if the information fits any of the specified categories, the court is *required* to protect a requesting interested party and has no discretion to deny the application."). Bankruptcy Rule 9018 allows this Court to "make any order which justice requires" with regard to the protection of, among other things, "commercial information." *See In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (determining that the purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Unlike Rule 26(c) of the Federal Rules of Civil Procedure, "good cause" is not required under Bankruptcy Code section 107(b) or Bankruptcy Rule 9018. *Orion Pictures*, 21 F.3d at 27-28.

9.      Commercial information has been interpreted to mean "information which would result in an 'unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27-28). *See also In re Altegrity, Inc.*, Case No. 15-10226 (LSS), 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (collecting cases where confidential commercial information included employee lists). This information need not rise to the level of a trade secret. *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011).

10.     Thus, confidential commercial information may take different forms. *See, e.g.*, *Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP)*, 485 B.R. 823-24 (Bankr. S.D.N.Y. 2013) (finding investment strategies to be commercial information); *Borders*, 462 B.R. at 50 (finding information contained in a share purchase agreement to be commercial information).  In fact, bankruptcy courts have found that confidential commercial information may even take the form of details regarding employee incentive plans. *See, e.g.*, *In re Allied Holdings, Inc.*, 337 B.R. 716 (Bankr. N.D. Ga. 2005); *In re Georgetown Steel Co., LLC*, 306 B.R. 542 (Bankr. D. S.C. 2004).  *See also In re Frontier Grp., LLC*, 256 B.R. 771 (Bankr. E.D. Tenn. 2000) (allowing debtor to redact contracting physicians from lists of creditors because competitors may attempt to recruit them from the debtor).

11.     Here, the Committee respectfully submits that the Confidential Information contained in the Debtors' April 2020 presentation is sensitive, confidential, and proprietary, thus, protectable as confidential commercial information under section 107 of the Bankruptcy Code.

12.     The Committee understands, in the ordinary course of business, the Debtors do not publicly disclose information the type of information contained in the Debtors' April 2020 presentation.  Disclosure of the Confidential Information could potentially derail the Debtors

efforts to conduct a sale process and to reorganize.  Therefore, the public disclosure of the Confidential Information could harm all stakeholders in the Chapter 11 Cases.

13.    The Committee has complied with Local Rule 9018-1(d) and have filed a publicly viewable redacted version of the Debtors' April 2020 presentation, which is attached to the Newman Declaration as Exhibit 2 [Docket No. 249].

14.    For the foregoing reasons, the Committee submits that the Confidential Information contained in the Debtors' April 2020 presentation satisfies Bankruptcy Code section 107(b) and the public disclosure of such information will harm all parties in interest.

## NOTICE

15.    The Committee is providing notice of the Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) counsel to BNP Paribas, as agent for the DIP Lenders and Prepetition Lenders; and (iv) all parties who have requested notice pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

16.    No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Committee respectfully requests that the Court enter the Proposed Order, substantially in the form of the proposed order attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: May 25, 2020
       Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Brenna A. Dolphin (Del. Bar No. 5604)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsnielli.com
bdolphin@polsinelli.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark (pro hac vice)
Oksana P. Lashko (pro hac vice)
Max D. Schlan (pro hac vice)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
rstark@brownrudnick.com
olashko@brownrudnick.com
mschlan@brownrudnick.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

## **Exhibit A**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RAVN AIR GROUP, INC., *et al.*,[1] | Case No. 20-10755 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 249** |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN THE OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES, (B) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING THE NOTICE PROCEDURES, (D) AUTHORIZING ENTRY INTO ONE OR MORE STALKING HORSE AGREEMENTS, AND (E) SETTING A DATE FOR THE SALE HEARING; AND (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, AND (C) PAYMENT OF BID PROTECTIONS, IF APPLICABLE**

Upon the motion (the "<u>Motion</u>") of the Committee for entry of an order authorizing it to redact and file under seal certain Confidential Information[2] in connection with the Committee's Bid Procedures Objection and Newman Declaration; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors and their estates; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

73700719.1

dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Committee consents to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The filed version of the redacted Debtors' April 2020 presentation is approved as filed in its current form as Exhibit 2 to the Newman Declaration on the docket at Docket No.249.

3. The Committee is authorized to file the unredacted version of the Debtors' April 2020 presentation under seal.

4. The unredacted Debtors' April 2020 presentation, and any information derived from such shall remain confidential, be filed under seal, and shall be served on and made available only to: (i) the Court; (ii) the Office of the United States Trustee; (iii) counsel to the Debtors; (iv) counsel to BNP Paribas, as agent for the DIP Lenders and Prepetition Lenders; and (vi) such other parties as ordered by this Court or as agreed to in writing by the Committee.

5. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

73700719.1

6.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

73700719.1