**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RAVN AIR GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10755 (BLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: June 17, 2020 at 4:00 p.m. (ET)**<br>**Hearing Date: June 24, 2020 at 11:00 a.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103(a)
AND BANKRUPTCY RULES 2014(a) AND 2016(b) APPROVING THE EMPLOYMENT
AND RETENTION OF POLSINELLI PC *NUNC PRO TUNC* TO APRIL 28, 2020 AS
CO- COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "**Creditors' Committee**"), appointed on April 20, 2020, in the above-captioned chapter 11 cases of Ravn Air Group, Inc. and the affiliated debtors (collectively, the "**Debtors**"), submit this application (the "**Application**") under sections 328(a) and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for an order authorizing the retention and employment of Polsinelli PC ("**Polsinelli**") as co-counsel to the Creditors' Committee *nunc pro tunc* to April 28, 2020. To support this Application, the Creditors' Committee submits (I) the Declaration of Christopher A. Ward (the "**Ward Declaration**") attached as Exhibit A, which is incorporated herein by reference, and (II) the *Declaration of Courtney A. McCormick, Solely in Her Capacity*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Services, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

73469099.1

*as Chair of the Official Committee of Unsecured Creditors, in Support of the Committee's Application for an Order Approving the Employment and Retention of Polsinelli PC Nunc Pro Tunc to April 28, 2020, as Co-Counsel to the Official Committee of Unsecured Creditors* (the "**Committee Declaration**") attached as Exhibit B, which is incorporated by reference. To support this Application, the Creditors' Committee respectfully represents:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court under 28 U.S.C §§ 1408 and 1409.

2. The Creditors' Committee consents, under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order for this Application if it is later determined this Court, absent consent of the parties, cannot enter final orders or judgments in connection consistent with Article III of the United States Constitution.

3. The predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016(a), and Local Rule 2014-1.

## BACKGROUND

4. On April 5, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**"), commencing the above-captioned chapter 11 cases (the "**Cases**"). The detailed factual background relating to the Debtors and the commencement of the

2
73469099.1

Cases is set forth in the *Declaration of John Mannion in Support of Chapter 11 Petitions and First Day Motions* (the "**Mannion Declaration**") [Docket No. 5].

5. The Debtors have continued in possession of their property and have continued to operate and maintain their business as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in the Cases.

7. On April 20, 2020, the Office of the United States Trustee appointed the Creditors' Committee [Docket No. 84]. The Committee members include Crowley Fuels, LLC; STS Repair and Modification, LLC; Petro Star Inc.; Frosty Fuels, LLC; and Airport Enterprises, LLC.

8. The Creditors' Committee has retained Brown Rudnick LLP as lead counsel and Polsinelli as co-counsel.

## RELIEF REQUESTED

9. By this Application, the Creditors' Committee seeks to employ and retain Polsinelli *nunc pro tunc* to April 28, 2020 to represent the Creditors' Committee as its co-counsel in connection with the Debtors' Cases. The Creditors' Committee respectfully requests entry of an order under section 328(a) and 1103(a) of the Bankruptcy Code, in substantially the form attached, authorizing the Creditors' Committee to employ and retain Polsinelli as co-counsel in the Cases.

## BASIS FOR RELIEF REQUESTED

10. Section 328(a) of the Bankruptcy Code empowers a committee appointed under section 1102 of the Bankruptcy Code to employ attorneys under section 1103 of the Bankruptcy Code under any reasonable terms and conditions with the court's approval. 11 U.S.C. § 328(a).

Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest with the case. 11 U.S.C. § 1103(b).

11. In connection with the proposed retention by the Creditors' Committee in the Case, Polsinelli reviewed the parties in interest list provided by the Debtors. To the best of the Creditors' Committee's knowledge, information and belief, except as disclosed herein and in the Ward Declaration, neither Polsinelli nor any of its shareholders, counsel, of counsel, senior partners, or associates has had or presently has any connections with the Debtors, their creditors, equity security holders, or any other party-in-interest, or their respective attorneys, accountants, the United States Trustee, or any person currently employed in the Office of the United States Trustee, in any matters related to the Debtors or the estates. Polsinelli is a "disinterested person" as defined in the Bankruptcy Code.

12. The Creditors' Committee has selected Polsinelli because of its attorneys' experience and knowledge in chapter 11 cases pending in the United States Bankruptcy Court for the District of Delaware as well as its familiarity with the Cases and the appurtenant Alaskan issues. Polsinelli has advised the Creditors' Committee that Polsinelli may have in the past represented or opposed, may currently represent or oppose, and may in the future represent or oppose, in matters wholly unrelated to the Debtors' pending Cases, entities that are claimants of the Debtors or other parties-in-interest (or vendors or service providers thereto) in the Cases. Polsinelli has not (except as disclosed in the Ward Declaration) and will not represent such parties, or any of their affiliates or subsidiaries, in relation to the Creditors' Committee, the Debtors, or the Cases.

13. The Creditors' Committee seeks to retain Polsinelli as co-counsel because of Polsinelli's extensive general legal experience and knowledge, and in particular, its recognized expertise in debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code; its expertise, experience, and knowledge in practicing before this Court; its proximity to this Court; and its ability to respond quickly to emergency hearings and other emergency matters in this Court. Further, Polsinelli's appearance before this Court for the applications, motions, and other matters in the Cases will be efficient and cost-effective for the Debtors' estates. The Creditors' Committee believes that Polsinelli is both well-qualified and uniquely able to represent it in the Cases in a most efficient and timely manner.

14. Polsinelli has extensive experience in numerous other chapter 11 bankruptcy cases including, *inter alia*, recent engagements as: co-counsel to the Official Committee of Unsecured Creditors of EP Energy Corporation; lead counsel to the Official Committee of Unsecured Creditors of L.K. Bennett U.S.A., Inc.; lead counsel to Official Committee of Unsecured Creditors of Cherry Bros., LLC d/b/a Cherrydale Farms, *et al.*; Delaware bankruptcy counsel and conflicts counsel to the Official Committee of Vestis Retail Group, LLC and eight of its subsidiaries and affiliated debtors; Delaware bankruptcy counsel and conflicts counsel to the Official Committee of Golfsmith International Holdings, Inc. and its debtor affiliates; Delaware bankruptcy counsel and conflicts counsel to the Official Committee of TCEH Unsecured Creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, and their direct and indirect subsidiaries; Delaware bankruptcy counsel and conflicts counsel to the Official Committee of Unsecured Creditors of VGR Liquidating, LLC and its affiliated Debtors; Delaware bankruptcy counsel and conflicts counsel to the Official Committee of Unsecured Creditors of Santa Fe Gold Corporation; Delaware bankruptcy

73469099.1

counsel and conflicts counsel to the Official Committee of Allied Nevada Gold Corp.; Co-counsel to Official Committee of Student Creditors in Corinthian Colleges; lead Counsel to Official Committee of Unsecured Creditors of H. Krevit Company, Inc., et al.; lead Counsel to Official Committee of Unsecured Creditors of Osage Exploration and Development, Inc.; Delaware bankruptcy counsel to the Official Committee of Unsecured Creditors of The Standard Register Company; Delaware Bankruptcy Counsel to Official Committee of Unsecured Creditors of Saab Cars North America; Delaware bankruptcy counsel to Official Committee of Unsecured Creditors of Simplexity, LLC; lead counsel to Official Committee of Unsecured Creditors of Open Range Communications, Inc.; lead counsel to Official Committee of Unsecured Creditors of Ultimate Escapes, LLC; and lead counsel to Official Committee of Unsecured Creditors of Crossroads Wireless, among many other engagements.

15. As detailed above, by separate application, the Creditors' Committee is also seeking approval to employ Brown Rudnick LLP ("**Brown Rudnick**") to serve as lead counsel in these Cases. The Creditors' Committee believes that if this Court approves the employment of Brown Rudnick and Polsinelli, these firms will allocate their delivery of services to the Creditors' Committee so as to avoid any unnecessary duplication of services. Polsinelli and the attorneys involved in the Cases from Brown Rudnick have developed a good working rapport that will assure there is no duplication of effort in these Cases. It is the carefully considered view of the Creditors' Committee that considering the various interests involved in the Cases, including the fact that the Cases are pending in Delaware and Delaware counsel is a requirement under the Local Rules, that representation of the Creditors' Committee by Brown Rudnick and Polsinelli is necessary, advisable, and in the best interests of the Creditors' Committee.

16. Additionally, Brown Rudnick and Polsinelli shall develop a working plan to assure there is no duplication of services rendered on behalf of the Creditors' Committee.

17. The services Polsinelli has rendered and may have to render for the Creditors' Committee include, without limitation, the following:

(a) in conjunction with Brown Rudnick, providing legal advice regarding the powers and duties available to the Creditors' Committee, an official committee appointed under section 1102 of the Bankruptcy Code;

(b) assisting Brown Rudnick in the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' business, and any other matter relevant to the Cases or to the development of a viable plan or plans of reorganization or liquidation;

(c) assisting Brown Rudnick in preparing on behalf of the Creditors' Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

(d) reviewing, analyzing and assisting Brown Rudnick in responding to all pleadings filed by the Debtors or other parties-in-interest and appearing in Court to present necessary motions, applications and pleadings and to otherwise protect the interest of the Creditors' Committee;

(e) assisting and supporting lien review and analysis;

(f) consulting with the Debtors and their professionals, other parties-in-interest and their professionals, and the United States Trustee concerning the administration of the Debtors' estates;

(g) representing the Creditors' Committee in hearings and other judicial proceedings;

(h) advising the Creditors' Committee on practice and procedure in the Court and regarding the Local Rules and local practice; and

(i) performing all other legal services for the Creditors' Committee in these Cases.

18. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. 11 U.S.C. § 328(a). Subject to this Court's approval and under sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, the Creditors' Committee requests that Polsinelli be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Polsinelli incurs, under the ordinary and customary rates in effect on the date the services are rendered.

19. Polsinelli has advised the Creditors' Committee that Polsinelli's hourly rates for professionals that will be primarily responsible for this matter range from $380-$1,050 per hour for shareholders, from $290-$560 per hour for non-shareholder attorneys (including associates and counsel), and from $165-$375 per hour for paraprofessionals. All rates are commensurate with the hourly rates charged by Polsinelli to other similarly situated clients and on similar matters. These hourly rates are subject to periodic adjustment to reflect economic and other conditions.

20. The Creditors' Committee also submits that Polsinelli's rates are reasonable and should be approved by the Court subject to a determination of the amounts to be paid to Polsinelli upon applications for allowance. Moreover, the Creditors' Committee, subject to the

Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, proposes to reimburse Polsinelli for its actual and necessary expenses.

21. The Creditors' Committee seeks to retain Polsinelli *nunc pro tunc* to April 28, 2020. Such relief is warranted by the extraordinary circumstances presented by these Cases. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986). Polsinelli was required to focus immediate attention on time-sensitive matters, including appearances for the contested April 29, 2020 hearing, and promptly devote resources to the representation of the Creditors' Committee pending submission and approval of this Application.

## **NO PRIOR REQUEST**

22. The Creditors' Committee has made no previous application or motion for the relief sought in this Application to this or any other Court.

## **NOTICE**

23. The Creditors' Committee shall provide notice of this Application to (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel to BNP Paribas, as agent for the DIP Lenders and Prepetition Lenders; and (iv) all parties who have requested service of notices pursuant to Bankruptcy Rule 2002. The Creditors' Committee respectfully submits that, in light of the nature of the relief requested, no further notice is necessary or required. No prior application for the relief requested herein has been presented to this Court or any other court.

## **CONCLUSION**

WHEREFORE, the Creditors' Committee respectfully requests the relief requested herein and such other and further relief as is just and proper.

Date: June 2, 2020

**THE OFFICIAL COMMITTEE OF RAVN AIR GROUP, INC. AND ITS AFFILIATED DEBTORS**

**By: Crowley Fuels, LLC**

*/s/ Courtney A. McCormick*
Courtney A. McCormick, Committee Chair, solely in her capacity as Chair of the Committee and not in any individual capacity

73469099.1