# Exhibit B

(McCormick Declaration)

73469099.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RAVN AIR GROUP, INC., *et al.*,[1] | Case No. 20-10755 (BLS) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF COURTNEY A MCCORMICK IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103(a) AND BANKRUPTCY RULES 2014(a) AND 2016(b) APPROVING THE EMPLOYMENT AND RETENTION OF POLSINELLI PC *NUNC PRO TUNC* TO APRIL 28, 2020 AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Courtney A. McCormick, solely in her capacity as Chair of the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") of Ravn Air Group, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") appointed pursuant to section 1102 of title 11 of the United States Code (the "**Bankruptcy Code**") in the above-captioned chapter 11 cases (the "**Cases**"), submits this declaration on behalf of the Creditors' Committee under 28 U.S.C. § 1746 (the "**Declaration**") under penalty of perjury:

1. On April 20, 2020, the Office of United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed these 5 members to the Creditors' Committee under sections 1102(a) and 1102(b) of the Bankruptcy Code: Crowley Fuels, LLC; STS Repair and Modification, LLC; Petro Star Inc.; Frosty Fuels, LLC; and Airport Enterprises, LLC.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Services, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

73469099.1

Subsequently, the Creditors' Committee selected and formally voted to retain Polsinelli PC ("**Polsinelli**") as its co-counsel subject to the approval of the Court.

2. I have read and am familiar with the contents of the *Application of the Official Committee of Unsecured Creditors for an Order under Bankruptcy Code Sections 328(a) and 1103(a) and Bankruptcy Rules 2014(a) and 2016(b) Approving the Employment and Retention of Polsinelli PC Nunc Pro Tunc to April 28, 2020, as Co-Counsel to the Official Committee of Unsecured Creditors* ("**Polsinelli's Retention Application**").

3. The Creditors' Committee selected Polsinelli as its counsel because of the firm's experience and knowledge in creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge practicing before this Court, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters in this Court, as further stated in Polsinelli's Retention Application. The Creditors' Committee believes that Polsinelli is well-qualified and able to represent its interests in these Cases.

4. The Creditors' Committee is seeking to retain Polsinelli *nunc pro tunc* to April 28, 2020. Such relief is warranted by the extraordinary circumstances presented by these Cases. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986). Polsinelli was required to focus immediate attention on time-sensitive matters and promptly devote substantial resources to the representation of the Creditors' Committee pending submission and approval of Polsinelli's Retention Application.

5. Polsinelli has informed the Creditors' Committee that its current hourly rates are its respective standard hourly rates for work of this nature. Polsinelli further informed the

Creditors' Committee that it operates in a national and regional marketplace for legal services in which rates are driven by multiple factors relating to individual lawyers and their area of specialty, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Polsinelli further informed the Creditors' Committee (and disclosed in its retention application) that its respective hourly rates are subject to periodic review and adjustments to reflect economic and other conditions.

6. Polsinelli is working with Brown Rudnick LLP to develop a prospective budget for the Creditors' Committee's professional for work to be completed during the first few months. The Creditors' Committee recognizes, however, that in a chapter 11 case, such as these Cases, it is possible, and most likely, there may be some unforeseen fees and expenses that must be addressed by the Creditors' Committee and its counsel and that the proposed budget and staffing plans may need to be amended and modified.

7. The Creditors' Committee further recognizes that it is responsible to review the billing practices of its counsel to ensure that the fees and expenses paid by the Debtors' estates remain consistent with the expectations, circumstances, and exigencies of the Cases. The Creditors' Committee will continue to review the invoices that Polsinelli regularly submits and, as necessary, may periodically amend the budget and any staffing plans as the Cases develop.

I am authorized to submit this Declaration on behalf of the Creditors' Committee and, if called upon to testify, we could and would testify competently to the facts set forth herein.

Date: June 2, 2020   **THE OFFICIAL COMMITTEE OF RAVN AIR GROUP, INC. AND ITS AFFILIATED DEBTORS**

**By: Crowley Fuels, LLC**

*/s/ Courtney A. McCormick*
Courtney A. McCormick, Committee Chair, solely in her capacity as Chair of the Committee and not in any individual capacity