**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RAVN AIR GROUP, INC., *et al*., | Case No. 20-10755 (BLS) |
| Debtors.[1] | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR, RAVN AIR GROUP, INC., *ET AL.*, FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO MAY 5, 2020**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submits this application (the "Application") for entry of an order pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Alvarez & Marsal North America, LLC (together with its and its affiliates' and wholly owned subsidiaries' respective agents, independent contractors, and employees, "A&M"), as financial advisor to the Committee, effective as of May 5, 2020.  In support of this Application, the Committee relies on the declaration of Richard Newman (the "Newman Declaration"), attached hereto as **Exhibit B** incorporated herein by reference, and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is: 4700 Old International Airport Road, Anchorage, AK 99502.

## JURISDICTION

1.       This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Committee confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       The statutory bases for the relief requested herein are Bankruptcy Code sections 328 and 1103, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3.       On April 5, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4.       The Debtors continue to operate their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No request has been made for the appointment of a trustee or an examiner.

5.       On April 20, 2020 (the "Formation Date"), the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code

- 2 -

section 1102 The Notice of Appointment of Committee of Unsecured Creditors [Docket No. 84] was filed on April 20, 2020.

6.    On May 5, 2020, the Committee selected A&M to provide financial advisory services to the Committee.

## RELIEF REQUESTED

7.    By this Application, the Committee requests entry of an order, in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 328 and 1103(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) approving the employment and retention of A&M as financial advisor to the Committee in these chapter 11 cases.

8.    The Committee requests that A&M's retention be approved effective as of May 5, 2020.

9.    The Committee is familiar with the professional standing and reputation of A&M. The Committee understands and recognizes that A&M has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

10.    The services of A&M are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully.  Further, A&M is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

## SCOPE OF SERVICES

11.    The Committee and A&M arrived at a mutual agreement as to the substantial efforts that will be required in this engagement as described herein. Subject to further order of the Court, A&M will provide such advisory services to the Committee and its legal

advisors as A&M and the Committee deem appropriate and feasible over course of these chapter 11 cases, including but not limited to the following:

<div style="margin-left:2em">

(a)    Assist in the assessment and monitoring of cash flow budgets, liquidity and operating results;

(b)    Assist in the review of Court disclosures, including the Schedules of Assets and Liabilities, the Statements of Financial Affairs, Monthly Operating Reports, and Periodic Reports;

(c)    Assist in the review of the Debtors' cost/benefit evaluations with respect to the assumption or rejection of executory contracts and/or unexpired leases;

(d)    Assist in the analysis of any assets and liabilities and any proposed transactions for which Court approval is sought;

(e)    Assist in the review of the Debtors' proposed key employee retention plan and key employee incentive plan (if any);

(f)    Attend meetings with the Debtors, the Debtors' lenders and creditors, potential investors, the Committee and any other official committees organized in these chapter 11 cases, the U.S. Trustee, other parties in interest, and professionals hired by the same, as requested;

(g)    Assist in the review of any tax issues;

(h)    Assist in the investigation and pursuit of avoidance actions;

(i)    Assist in the review of the claims reconciliation and estimation process;

(j)    Assist in the review of the Debtors' business plan;

(k)    Assist in the review of the sales or dispositions of the Debtors' assets, including allocation of sale proceeds;

(l)    Assist in the review and/or preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 cases; and

(m)    Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary, consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these chapter 11 cases.

12.    In order for A&M to perform the services set forth above, it will be

</div>

necessary for A&M personnel to have access to certain books, records and reports of the Debtors

73777729.1

and to have discussions with the Debtors' personnel. Accordingly, the Committee understands that, to the extent A&M is not given the Debtors' cooperation or access to the Debtors' personnel, books and records and other sources of data, A&M's ability to provide the services set forth above will be limited.

13.     Because of the limitations in this proposed retention, the depth of A&M's analysis and verification of the data are limited. It is understood by the Committee that A&M is not being requested to perform an audit and that A&M will rely on the accuracy and validity of the data disclosed to A&M or supplied to A&M by, or on behalf of, employees and representatives of the Debtors or the Committee. A&M is not updating, nor is A&M under any obligation to update, data submitted to A&M or reviewing any other areas unless specifically requested by the Committee.

14.     The Committee understands that the services to be rendered may include a review and assessment of projections and other forward-looking statements and that numerous factors can affect the actual results of the Debtors' operations, which may materially and adversely differ from those projections and other forward-looking statements.

15.     All advice (written or oral) provided by A&M to the Committee in connection with this engagement is intended solely for the benefit and use of the Committee in considering the matters to which this engagement relates.

16.     From time to time A&M may utilize the services of the employees of its affiliates in the performance of services hereunder. Such affiliates are wholly-owned by A&M's parent company and certain employees.

- 5 -

## PROFESSIONAL COMPENSATION

17.     The Committee has agreed to the following compensation, in addition to certain indemnification obligations described below, for the services to be provided by A&M in these chapter 11 cases:

(a)     <u>Hourly Rates:</u> A&M will be paid by the Debtors for the services of A&M professionals at the following hourly rates, subject to periodic adjustments:

|     |                     |                 |
|-----|---------------------|-----------------|
| a.  | Managing Directors  | $900-$1,150     |
| b.  | Directors           | $700-$875       |
| c.  | Associates          | $550-$675       |
| d.  | Analysts            | $400-$500       |

(b)     <u>Expense Reimbursement:</u>  A&M will be reimbursed for reasonable expenses incurred in connection with this engagement such as travel, lodging, third party duplication, messenger and telephone charges; reasonable expenses include any reasonable legal fees incurred for A&M's defense of its retention application and fee applications submitted in these chapter 11 cases, subject to Court approval.

18.     The proposed order provides that A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "<u>Interim Compensation Order</u>") Docket No. 223.

## INDEMNIFICATION PROVISIONS

19.     The Committee has agreed that neither A&M nor any of its agents, representatives, members or employees shall have any liability (whether direct or indirect, in contract or tort or otherwise), to the Committee for, or in connection with, the engagement of A&M contemplated hereunder except for any such liability for losses, claims, damages or liabilities

- 6 -

incurred by the Committee that are finally judicially determined by the Court to have primarily resulted from the gross negligence or willful misconduct of A&M.

20.     As part of the overall compensation payable to A&M, subject to paragraphs 22 and 23 below, the Committee has agreed to request that the Court require the Debtors to indemnify, defend and hold harmless A&M and its affiliates and their respective personnel ("Indemnified Parties") for any claims arising from, related to, or in connection with A&M's engagement and to request that this Court enter an order approving such indemnification obligation.

21.     In addition,  subject to paragraphs 22 and 23 below, in the event that, at any time whether before or after termination of the engagement or the Agreement, as a result of, or in connection with, A&M's engagement and its personnel's role hereunder, A&M or any Indemnified Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or A&M or any of its personnel (including former employees) or any other Indemnified Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Indemnified Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Committee requests that the Court approve the Debtors' obligation to reimburse the Indemnified Party for its out-of-pocket expenses, including the reasonable fees and expenses of its counsel, and to compensate the Indemnified Party for the time expended by its personnel based on such personnel's then current hourly rate.

22.     The Debtors shall have no obligation to indemnify A&M for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from A&M's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to A&M's bad faith, gross negligence or willful misconduct but

- 7 -

determined by this Court, after notice and a hearing pursuant to paragraph 23 below, to be a claim or expense for which A&M is not entitled to receive indemnity under the terms of this Application.

23.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations described above, including, without limitation, the advancement of defense costs, A&M must file an application therefore in this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify A&M.

24.     Because A&M and its professional service provider affiliates and subsidiaries comprise a consulting firm (the "Firm") that serves clients on an international basis in numerous cases, both in and out of court, it is possible that the Firm may have rendered or will render services to, or have business associations with, other entities or people which had, have or may have relationships with the Committee members. The Firm will not be prevented or restricted by virtue of providing the services under this Agreement from providing unrelated services to other entities or individuals, including entities or individuals whose interests may be in competition or conflict with the Committee members, provided the Firm makes appropriate arrangements to ensure that the confidentiality of information is maintained.

- 8 -

73777729.1

25.     The Committee respectfully submits that these indemnification provisions are reasonable for financial advisory engagements both out of court and in chapter 11 cases. Accordingly, as part of this Application, the Committee requests that this Court approve the indemnification provisions.

## NO DUPLICATION OF SERVICES

26.     The Committee believes that the services provided by A&M will not duplicate the services that other professionals will be providing to the Committee in these chapter 11 cases.  Specifically, A&M will carry out unique functions and will use reasonable efforts to coordinate with the Committee, Brown Rudnick LLP and the other professionals retained in these chapter 11 cases to avoid the unnecessary duplication of services.

## A&M'S RELATIONSHIPS AND CONFLICTS DISCLOSURES

27.     The Committee believes that A&M has no connection with the Debtors, their creditors, or other parties in interest, except as otherwise set forth in the Newman Declaration. Pursuant to Bankruptcy Code section 1103(b), the Committee believes that, except as set forth in the Newman Declaration, A&M does not represent any other entity having an adverse interest in connection with the chapter 11 cases.

28.     A&M has conducted, and will conduct, an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered, A&M will supplement its disclosure to this Court.

29.     A&M has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## SATISFACTION OF LOCAL RULE 2014-1

30.     Local Rule 2014-1 provides that an application for employment of a professional made within 30 days of such employment shall be deemed contemporaneous.  This

Application was filed within 30 days after the Committee's employment of A&M.  The Committee therefore submits that the criteria set forth in Local Rule 2014-1 have been satisfied.

## NO PRIOR REQUEST

31.    No prior application for the relief requested herein has been made to this or any other court.

## NOTICE

32.    Notice of this Application has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors; (c) BNP Paribas, as administrative agent for the Prepetition Secured Lenders; (d) the DIP Agent; and (e) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Committee submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: June 2, 2020

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF RAVN AIR GROUP, INC.,** *et al.*

**By:  Crowley Fuels, LLC**

*/s/ Courtney A. McCormick*
Courtney A. McCormick, Committee Chair, solely in her capacity as Chair of the Committee and not in any individual capacity