# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RAVN AIR GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10755 (BLS)<br><br>(Jointly Administered)<br>Hearing Date: June 5, 2020 at 11:30 a.m. (ET)<br>Objections: June 5, 2020 at 9:00 a.m. (ET)<br>Re: Docket Nos. 112, 113, 114, 236, and 242 |

**EMERGENCY MOTION OF BNP PARIBAS, AS AGENT FOR THE DIP LENDERS AND PREPETITION LENDERS, FOR RECONSIDERATION OF THE PROPOSED ORDER (I) APPROVING PROPOSED DISCLOSURE STATEMENT AND THE FORM AND MANNER OF THE NOTICE OF THE DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING A CONFIRMATION HEARING, AND (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF DEBTORS' PLAN OF LIQUIDATION**

BNP Paribas, as DIP Agent and Prepetition Agent ("BNP" or the "Agent"), submits this Motion for Reconsideration (the "Motion"), pursuant to section 105 of the Bankruptcy Code and Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Rule 9024 of the Bankruptcy Rules, of the proposed Order (I) Approving Proposed Disclosure Statement and the Form and Manner of the Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of Debtors' Plan of Liquidation (the "Solicitation Procedures Order") [Dkt. No. 114].[2]

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Solicitation

**JURISDICTION AND VENUE**

1. The Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Agent consents to entry of a final order with respect to the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue with respect to the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in the Motion are section 105(a) of the Bankruptcy Code, Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Rule 9024 of the Bankruptcy Rules, and this Court's inherent power to revise any interlocutory order it has issued.

**BACKGROUND AND RELIEF REQUESTED**

4. On April 5, 2020 (the "Petition Date"), each Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their respective businesses and manage their respective properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On May 27, 2020, the Court held a hearing on the proposed Solicitation Procedures Order. At that hearing, the Committee requested, among other things, an extension of the date for the hearing on confirmation of the Plan in order to see if a going concern sale of the Debtors' business would materialize. The Court ruled from the bench that the hearing on confirmation of

Procedures Order.

the Debtors' proposed Plan would be held on July 9, 2020, two weeks later than the June 24, 2020 date originally proposed by the Debtors.

6. On May 29, 2020, the Debtors presented the Agent and DIP Lenders with a proposed DIP Budget for the month of June. The DIP Budget contained a requested increase in the DIP Facility of $1.8 million attributable to the two-week extension in the confirmation hearing. In addition, the DIP Budget contained a request for an additional $2.2 million in the DIP Facility attributable to the failure of the United States Postal Service (the "USPS") to pay the Debtors for services rendered by the Debtors to the USPS. The USPS receivable, and the Debtors' ability to collect this receivable, was among the critical factors considered in formulating the initial DIP Budget negotiated among the Debtors and the DIP Lenders.

7. The Agent and DIP Lenders declined to provide an aggregate increase in the DIP Facility of $4 million, and, accordingly, the Agent and DIP Lenders did not approve the proposed DIP Budget.

8. Unfortunately, at the time of the hearing on the proposed Solicitation Procedures Order, the Debtors, the Agent and the Committee were unaware that an extension of two weeks would result in a need for an additional $1.8 million in DIP financing. In addition, at the time of the hearing, the Agent had only recently been informed that the USPS had indefinitely delayed any determination to pay the Debtors the amount owed, and the Agent did not bring that information to the Court's attention until after the Court had already ruled on the schedule for the confirmation hearing.

9. The two-week extension of the timeline for plan confirmation combined with the failure to collect the USPS receivable makes it unlikely that the Debtors will be able to confirm the Plan. First, the Debtors are unable to comply with the plan milestones in the DIP Credit

Agreement and Final DIP Order.  Second, the DIP Budget has not been approved for the month of June, and therefore the Debtors are not permitted to use either cash collateral or proceeds from the DIP Facility.  Third, the inability to use cash collateral or proceeds of the DIP Facility renders the Debtors unable to pay their administrative expense obligations.  Fourth, the DIP Maturity Date occurs on July 6, 2020, three days prior to the hearing on confirmation of the Plan on July 9, 2020.

10. The delay the Committee seeks with respect confirmation will not achieve its desired result.  Rather, a more balanced solution is to extend the deadline for submission of bids for the Debtors' assets, and the DIP Agent has agreed to the extension of the deadline for submission of bids until June 24, 2020, the date proposed by the Debtors.

## BASIS FOR RELIEF REQUESTED

11. As an interlocutory order, the Solicitation Procedures Order is subject to review and modification by this Court to the extent necessary to avoid an unjust result. "'The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

12. The extension of the time for the hearing of confirmation of the Plan will render the Debtors unable to confirm the Plan and results in Events of Default under the DIP Facility.  In addition, the delay combined with the issues with the USPS will require an increase in the amount of the DIP Facility in the amount of $4 million, an amount that the Agent and DIP Lenders, who are substantially undersecured, cannot agree to.  The DIP Agent submits that a more appropriate solution it to extend the bid deadline for going concern bids. An extension of the time for submission of bids until June 24, 2020, with the additional time it seeks to find a going concern bid.

## **Conclusion**

For the foregoing reasons, BNP Paribas requests that the confirmation hearing be scheduled for June 25, 2020, that the other dates in the Solicitation Procedures Order be modified accordingly, and the Court grant such other and further relief as the Court deems just and necessary.

Dated: June 3, 2020

ASHBY & GEDDES, P.A.

/s/ William P. Bowden
William P. Bowden, Esq. (DE #2553)
Gregory A. Taylor, Esq. (DE #4008)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
Tel: (302) 654-1888
Fax: (302) 654-2067
Email: wbowden@ashbygeddes.com
Email: gtaylor@ashbygeddes.com

-and-

WINSTON & STRAWN LLP
David Neier, Esq.
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: dneier@winston.com

*Counsel to BNP Paribas, as Administrative Agent*