## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RAVN AIR GROUP, INC. *et al.*,[1] | Case No. 20-10755 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related Docket Nos.: 318, 323, 328** |
| | **Hearing Date: June 25, 2020 at 11:00 a.m. (ET)**<br>**Obj. Deadline: June 22, 2020 at 12:00 p.m. (ET)** |

## NOTICE OF FILING OF PLAN SUPPLEMENT INCLUDING INITIAL SCHEDULE OF ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

This supplement (the "Plan Supplement") to the *Debtors' Chapter 11 Plan of Liquidation* [Docket No. 323] (as may be hereafter amended, modified, or supplemented from time to time, the "Plan") is provided pursuant to the *Order (I) Approving Proposed Disclosure Statement and the Form and Manner of the Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of Debtors' Chapter 11 Plan of Liquidation* [Docket No. 318] (the "Solicitation Procedures Order") and the *Notice of (A) Confirmation Hearing with Respect to Debtors' Chapter 11 Plan of Liquidation, (B) Objection and Voting Deadlines, (C) Solicitation and Voting Procedures, (D) Procedures Relating to the*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754).  The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

(Continued…)

*Assumption and Rejection of Executory Contracts and Unexpired Leases, and (E) Certain Other Information* [Docket No. 328] (the "Confirmation Hearing Notice").[2]

PLEASE TAKE FURTHER NOTICE that attached hereto as **Exhibit A** is a copy of the proposed credit agreement concerning the indebtedness to be issued by the DIP Lenders at Confirmation (the "Exit Financing Credit Agreement").

PLEASE TAKE FURTHER NOTICE that attached hereto as **Exhibit B-1** is the proposed Liquidation Trust Agreement. Attached hereto as **Exhibit B-2** is a summary of the qualifications of the proposed members of the Liquidation Trust Supervisory Board and the Liquidation Trustee.

PLEASE TAKE FURTHER NOTICE that attached hereto as **Exhibit C** is a non-exclusive list of Preserved Claims (the "Schedule of Preserved Claims").

PLEASE TAKE FURTHER NOTICE that attached hereto as **Exhibit D** is the initial Schedule of Assumed Agreements described in the Plan (the "Schedule of Assumed Agreements"), which includes the Debtors' proposed amounts that must be paid under Bankruptcy Code section 365(b)(1) to cure a default under and compensate a non-debtor counterparty to an executory contract or unexpired lease which is scheduled to be assumed under the Plan (collectively, the "Cure Payments").

PLEASE TAKE FURTHER NOTICE that the documents filed herewith in the Plan Supplement, including the Schedule of Assumed Agreements, remain subject to any and all amendments or modifications that may be made prior to the Effective Date of the Plan.

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing, at which time the Court will consider, among other things, confirmation of the Plan, shall commence at **11:00 a.m.**

---

[2] Capitalized terms not herein defined shall have the meanings ascribed to them in the Plan, the Solicitation Procedures Order, or the Confirmation Hearing Notice, as applicable.

(**Prevailing Eastern Time**) **on June 25, 2020**, which date may be adjourned or continued from time to time without further notice other than an adjournment announced at the Confirmation Hearing or any adjournment thereof or the filing on the docket of the Chapter 11 Cases of a notice or hearing agenda providing for an adjournment.

PLEASE TAKE FURTHER NOTICE that any objections to confirmation of the Plan, including to the assumption of Executory Contracts and Unexpired Leases and/or the proposed Cure Payments associated therewith, must be filed with the Court and served on the Notice Parties, together with proof of service, **so as to actually be received on or before 12:00 p.m. (Prevailing Eastern Time), June 22, 2020** (the "Confirmation Objection Deadline").

PLEASE TAKE FURTHER NOTICE that any objections to confirmation of the Plan, as well as any objections to the proposed assumption of Executory Contracts and Unexpired Leases and the associated proposed Cure Payments, must:

(a) be in writing;

(b) comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;

(c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such party;

(d) state with particularity the legal and factual basis for such objection, and, if practicable, a proposed modification to the Plan, and with respect to objection to the proposed Cure Payment(s), the requested Cure Payment(s); and

(e) be filed with the Court with proof of service thereof and served upon the Notice Parties so as to be actually received by the Confirmation Objection Deadline set forth above.

PLEASE TAKE FURTHER NOTICE that any objections to confirmation of the Plan, including to the assumption of Executory Contracts and Unexpired Leases and/or the proposed Cure Payments associated therewith, that are not timely filed and served in the manner set forth in this Plan Supplement and the Solicitation Procedures Order may not be considered and may be

3

overruled. **Any party that fails to object to the assumption of Executory Contracts and Unexpired Leases and/or the proposed Cure Payments associated therewith as set forth on the Schedule of Assumed Agreements shall be forever barred, estopped and enjoined from disputing the assumption of Executory Contracts and Unexpired Leases and the proposed Cure Payments associated therewith, and similarly barred from asserting any Claim against the Debtors and their estates arising under Bankruptcy Code section 365(b)(1), except as set forth on the Schedule of Assumed Agreements.**

PLEASE TAKE FURTHER NOTICE that the inclusion of an Executory Contract or Unexpired Lease on the Schedule of Assumed Agreements is without prejudice to the Debtors' rights to modify their election to assume or reject such Executory Contract or Unexpired Lease prior to or in connection with the confirmation of the Plan.

Dated:        June 12, 2020
           Wilmington, Delaware

**BLANK ROME LLP**

By: */s/ Victoria Guilfoyle*
Victoria A. Guilfoyle (No. 5183)
Stanley B. Tarr (No. 5535)
Jose F. Bibiloni (No. 6261)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: guilfoyle@blankrome.com
       tarr@blankrome.com
       jbibiloni@blankrome.com]

        -and-

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (*pro hac vice*)
Jane Kim (*pro hac vice*)
Thomas B. Rupp (*pro hac vice*)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone:  (415) 496-6723
Facsimile:  (650) 636-9251
Email: tkeller@kbkllp.com
       jkim@kbkllp.com
       trupp@kbkllp.com

*Attorneys for Debtors*
*and Debtors-in-Possession*

5