## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>RAVN AIR GROUP, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10755 (BLS)<br>(Jointly Administered)<br><br>**Hearing Date: June 25, 2020 at 11:00am**<br>**Objections Due: June 22, 2020 at 12:00pm**<br><br>Dkt. Ref. No. 323 |

## UNITED STATES TRUSTEE'S OBJECTION TO THE CHAPTER 11 PLAN OF LIQUIDATION OF RAVN AIR GROUP, INC. AND ITS AFFILIATED DEBTORS

Andrew R. Vara, the United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, files this objection (the "Objection") to the Chapter 11 Plan of Liquidation Of Ravn Air Group, Inc. and Its Affiliated Debtors (the "Plan," D.I. 323), and in support of his Objection, respectfully states as follows:

## PRELIMINARY STATEMENT

The Plan cannot be confirmed for the following reasons:

- The exculpation provision is not limited to estate fiduciaries as required by the settled case law in this District.

- The Plan is not in itself a settlement and is not subject to approval under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

- The Plan seeks to improperly modify the Debtors' obligations regarding the payment of Statutory Fees due under 28 U.S.C. § 1930.

## JURISDICTION

1.     Under (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

2.     Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.     Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has a duty to monitor and comment on plans and disclosure statements filed in chapter 11 cases.

4.     Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## BACKGROUND

5.     On April 5, 2020 (the "Petition Date"), the Debtors filed their voluntary chapter 11 petitions in this Court.

6.     The U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") on April 20, 2020.  (D.I. 84.)

7.     On April 27, 2020, the Debtors filed the Chapter 11 Plan of Liquidation, which contemplated an orderly winddown of the Debtors' assets.  (D.I. 112.)  The Plan was subsequently amended, and the solicitation version of the Plan was filed on June 9, 2020.  (D.I. 323.)

8.     On June 7, 2020, the Court approved the Debtors' Disclosure statement.  (D.I. 318.)

## FACTS AND ARGUMENT

### A.  Exculpation is Not Limited to Estate Fiduciaries

9.      The Exculpation Provision in Section 11.12 of the Plan provides "none of the Exculpated Parties shall have or incur any liability to any Person, including to any Holder of a Claim or an Equity Interest, for any prepetition or postpetition act or omission in connection with, relating to, or arising out of the Chapter 11 Cases," excepting out actual fraud or willful misconduct.  *See* Plan, Section 11.12. The Exculpation is not qualified as to gross negligence.

10.      The Exculpation Provision further provides that:

> For purposes of the foregoing, it is expressly understood that any act or omission effected with the approval of the Bankruptcy Court conclusively will be deemed not to constitute actual fraud or willful misconduct unless the approval of the Bankruptcy Court was obtained by fraud or intentional misrepresentation, and in all respects, the Exculpated Parties shall be entitled to rely on the written advice of counsel with respect to their duties and responsibilities under, or in connection with, the Chapter 11 Cases, the Plan, and administration thereof. The Confirmation Order shall serve as a permanent injunction against any Person seeking to enforce any Causes of Action against the Exculpated Parties that are encompassed by the exculpation provided by this Section 11.12 of the Plan.

Plan, Section 11.12.

11.      Exculpated Parties are defined by Article I of the Plan, as follows: "Collectively, (a) the Board, (b) the Committee, (c) the DIP Agent, DIP Lenders, Holders of Prepetition Secured Creditor Claims, and (d) each of the preceding's respective Related Parties." Related Parties are defined as:

> Collectively, all of the respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, professional persons, representatives, and successors of the reference Person, but only in such capacities with respect to such reference Person

Plan, Art. I.

12.     The definition of Exculpated Parties is overbroad, and as set forth below, inconsistent with controlling case law because it is not limited to estate fiduciaries.

13.     In *PWS Holding Corp.*, the Third Circuit held that section 1103(c) of the Bankruptcy Code implies both a fiduciary duty and a limited grant of immunity to members of the unsecured creditors' committee.  303 F.3d 308 (3d Cir. 2002).  This Court has repeatedly interpreted *PWS Holding Corp.* and uniformly held that a party's entitlement to exculpation is based upon its role or status as an estate fiduciary.  *In re PTL Holdings LLC,* No. 11-12676 (BLS), 2011 WL 5509031, at *12 (Bankr. D. Del. Nov. 10, 2011) (Shannon, J.).  *See In re Indianapolis Downs,* 486 B.R. 286, 304 (Bankr. D. Del. 2013) (Shannon, J.); *In re Tribune Co.,* 464 B.R. 126, 189 (Bankr. D. Del. 2011) (Carey, J.); *In re Washington Mutual, Inc.,* 442 B.R. 314, 350-51 (Bankr. D. Del. 2011) (Walrath, J.).

14.     Because the definition of Exculpated Parties is not limited to fiduciaries who have served during the chapter 11 cases, the Exculpation Provision is overbroad and the Plan cannot be confirmed as written.

## B.  The Plan is Not a Settlement Subject to Approval Under Bankruptcy Rule 9019

15.     Section 3.10 of the Plan, entitled "Resolution of Claims and Controversies" provides:

> Pursuant to Bankruptcy Code sections 1123(a)(5), 1123(b)(3), and 1123(b)(6), as well as Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided under the Plan, the provisions of the Plan will constitute a good faith compromise and settlement of all claims and controversies set forth herein or in the Plan Supplement with respect to any Claim, Equity Interest, or any Distribution on account thereof, as well as of all potential Intercompany Claims and Causes of Action against any Debtor. The entry of the Confirmation Order will constitute the Bankruptcy Court's approval, as of the Effective. Date, of the compromise or settlement of all such claims or controversies and the Bankruptcy Court's finding that all such compromises or settlements are (i) in the best interest of the Debtors, the Estates, and their respective property and stakeholders; and (ii)

> fair, equitable, and reasonable. This comprehensive compromise and settlement is a critical component of the Plan and is designed to provide a resolution of myriad disputed intercompany and intercreditor Claims, Liens, and Causes of Action that otherwise could take years to resolve, which would delay and undoubtedly reduce the Distributions that ultimately would be available for all Creditors.

Plan, Section 3.10.

16.      Bankruptcy Rule 9019(a) confers discretion on the bankruptcy court to approve a compromise or settlement on motion after notice and a hearing.  Fed. R. Bankr. P. 9019(a).  "In making its evaluation, the court must determine whether 'the compromise is fair, reasonable, and in the best interest of the estate.'" *Washington Mutual*, 442 B.R. at 328 (quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)).

17.      Section 1123(b)(3)(A) of the Bankruptcy Code allows a plan proponent to propose "the settlement or adjustment of any claim or interest belonging to the debtor or to the estate."  11 U.S.C. § 1123(b)(3)(A).

18.      Black's Law Dictionary defines "settlement" as "an *agreement ending a dispute* or lawsuit."  Black's Law Dictionary (10th ed. 2014) (emphasis added).

19.      Black's Law Dictionary defines "agreement" as "a mutual understanding between two or more persons about their relative rights and duties regarding past or future performances; a manifestation of mutual assent by two or more persons."  Black's Law Dictionary (10th ed. 2014).

20.      While a plan may incorporate a settlement, a plan and a settlement are not one and the same.  What may be permissible under a negotiated settlement agreement that is considered "fair, reasonable, and in the best interest of the estate" is different than what may be permissible under a plan, which is subject to the requirements of sections 1123 and 1129 of the Bankruptcy Code.  *See, e.g., Tribune*, 464 B.R. at 176 (concluding at confirmation stage that a negotiated

settlement could be approved because it was fair, reasonable and in the best interest of the

Debtors' estates and making an express finding that the settlement was properly part of the plan

pursuant to section 1123(b)(3)(A)).

21.    The Plan does not seek to incorporate any discrete settlement agreements with

parties in interest.  Rather, the language in Section 3.10 suggests that the Plan itself is a

settlement agreement subject to approval under Bankruptcy Rule 9019.  Sending a plan to

impaired creditors for a vote is not the same thing as parties negotiating a settlement among

themselves.

22.    Further, Section 3.10 does not appear limited to the settlement of claims

belonging to the Debtors or the estates and is therefore not permissible under section

1123(b)(3)(A).

23.    Similarly, the Section 11.11(b) of the Third Party Release Provision

impermissibly seeks to provide for the settlement of third party claims (i.e., the releases):

> Entry of the Confirmation Order shall constitute (i) the Bankruptcy Court's
> approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in this Section
> 11.11; and (ii) the Bankruptcy Court's findings that such releases are (1) in
> exchange for good and valuable consideration provided by the Released Parties
> (including performance of the terms of the Plan), and a good-faith settlement and
> compromise of the released claims, (2) in the best interests of the Debtors, the
> Estates, and any Holders of Claims that are Releasing Parties, (3) fair, equitable,
> and reasonable, (4) given and made after due notice and opportunity for hearing,
> and (5) a bar to any of the Releasing Parties asserting any released claim against
> any of the Released Parties.

Plan, Section 11.11(b).

24.    The releases described in  Section 11.11(b) of the Plan are not part of any

agreement between the Debtors and all parties affected by the Plan.

25.    Moreover, under section 1123(b)(3)(A), the Plan may only provide for the

settlement of claims or interest belonging to the Debtors or the estate—not the settlement of

claims held by third parties.

26.     To the extent the third party releases are appropriate under prevailing case law in this district, *see, e.g., In re Washington Mutual,* 442 B.R. 314 (Bankr. D. Del. 2011); *In re Coram Healthcare Corp.,* 315 B.R. 321 (Bankr. D. Del. 2004); *In re Exide Technologies,* 303 B.R. 47 (Bankr. D. Del. 2003), they may be approved as part of the Plan.  The Debtors have not articulated any justification for the request for additional relief under Bankruptcy Rule 9019.

C.  **The Plan seeks to improperly modify the Debtors' Obligations Regarding Statutory Fees Under 28 U.S.C. § 1930**

27.     Section 11.03 provides:

All fees payable pursuant to 28 U.S.C. § 1930, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid by the Debtors on or before the Effective Date. All such fees that arise after the Effective Date shall be paid by the Liquidation Trust. Notwithstanding the foregoing: (i) for the Remaining Debtor, quarterly fees for the quarter in which the Effective Date occurs will be calculated on the basis of all Estate Assets distributed to the Liquidation Trust on the Effective Date in the Chapter 11 Case of the Remaining Debtor; (ii) for all other Debtors, quarterly fees for the quarter in which the Effective Date occurs will be calculated on the basis of disbursements (if any) made by such Debtors prior to the Effective Date; and (iii) quarterly fees for each quarter after the quarter in which the Effective Date occurs will be $325.00 for the Remaining Debtor through the entry of the Final Decree for the Remaining Debtor or the dismissal or conversion of the Chapter 11 Case regarding the Remaining Debtor. Notwithstanding anything to the contrary in the Plan, the U.S. Trustee shall not be required to file any proofs of claim with respect to quarterly fees payable pursuant to 28 U.S.C. § 1930.

28.     The Plan therefore seeks to avoid payment of quarterly fees as incurred after the effective date on account of the Liquidation Trust's disbursements, and instead by fiat require the Quarterly Fee obligations are to only be the minimum fee.

<u>**CONCLUSION**</u>

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny confirmation of

the Plan as written and grant any such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGION 3**

Dated: June 22, 2020                    **BY:** */s/Timothy J. Fox*
                                        Timothy J. Fox, Jr., Esq.
                                        United States Department of Justice
                                        Office of the United States Trustee
                                        J. Caleb Boggs Federal Building
                                        844 N. King Street, Room 2207
                                        Wilmington, DE 19801
                                        (302) 573-6491