IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RAVN AIR GROUP, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10755 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 323** |

CERTIFICATION OF ALEXA WESTMORELAND OF
STRETTO REGARDING VOTING AND TABULATION
OF BALLOTS CAST ON THE CHAPTER 11 PLAN OF LIQUIDATION OF RAVN AIR
GROUP, INC. AND ITS AFFILIATED DEBTORS

I, Alexa T. Westmoreland, declare, under penalty of perjury:

1.   I am a Senior Associate of Stretto, located at 8269 E. 23rd Avenue, Suite 275, Denver, Colorado 80238. I am over the age of eighteen years. I do not have a direct interest in the chapter 11 cases and should be considered an impartial party. Except as otherwise indicated, all matters set forth herein are based upon my personal knowledge, and, if called as a witness, I could and would testify competently thereto.

2.   I submit this certification (the "Certification") with respect to the solicitation and tabulation of votes cast on the *Chapter 11 Plan of Liquidation of Ravn Air Group, Inc. and its Affiliated Debtors* (as amended, supplemented, or modified from time to time, the "Plan").[2] Except as otherwise indicated herein, all facts set forth herein are based upon my personal knowledge or

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Solicitation Procedures Order (as defined herein).

my review of relevant documents. I am authorized to submit this Certification on behalf of Stretto. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

3. In accordance with (a) the *Order Authorizing Retention and Appointment of Stretto as Administrative Advisor Nunc Pro Tunc to the Petition Date*, dated May 18, 2020 [Docket No. 220] and (b) the *Order (I) Approving Proposed Disclosure Statement and the Form and Manner of the Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of Debtors' Chapter 11 Plan of Liquidation*, dated June 7, 2020 [Docket No. 318] (the "Solicitation Procedures Order"), Stretto was appointed and authorized to assist the Debtors with, inter alia, soliciting, receiving, reviewing, determining the validity of, and tabulating Ballots cast on the Plan by holders of Claims in the Voting Class (as defined below).

4. Pursuant to the Plan and Solicitation Procedures Order, only Holders of Prepetition Secured Creditor Claims in Class 1 and General Unsecured Claims in Class 4 (the "Voting Classes") were entitled to vote to accept or reject the Plan.

5. The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Solicitation Procedures Order. Stretto was instructed by the Debtors to solicit, review, determine the validity of, and tabulate Ballots submitted to vote to accept or reject the Plan by the Holders of Claims in the Voting Classes.

6. The Solicitation Procedures Order established May 27, 2020 as the record date for determining the Holders of Claims in the Voting Class who would be entitled to vote on the Plan (the "Voting Record Date").

7. In accordance with the Solicitation Procedures Order, Stretto solicited the Holders of Claims in the Voting Class as of the Voting Record Date. Stretto's *Affidavit of Service of Solicitation Materials* was filed with the Court on June 15, 2020 [Docket No. 339].

8. Ballots returned by online submission, mail, hand delivery, or overnight courier were received by personnel of Stretto at the offices of Stretto in Irvine, California. All Ballots received by Stretto were date-stamped upon receipt and were processed in accordance with the procedures set forth in the Solicitation Procedures Order.

9. For a Ballot to be counted as valid, the Ballot must have been properly completed in accordance with the procedures set forth in the Solicitation Procedures Order and executed by the relevant Holder, or such Holder's authorized representative, and must have been received by Stretto by no later than 11:59 p.m. (prevailing Eastern Time) on June 19, 2020 (the "Voting Deadline").

10. I certify that attached hereto as **Exhibit A** is a detailed voting report of all Ballots submitted to Stretto as of the filing of this Certification.

11. I hereby certify that the results of the voting by Holders of Claims in the Voting Classes are as set forth in **Exhibit B** to this Certification, which is a true and correct copy of the final tabulation of votes cast by timely and properly completed Ballots received by Stretto.

12. I hereby certify that attached hereto as **Exhibit C** is a detailed voting report of all non-tabulated Ballots submitted to Stretto as of the filing of this Certification.

[*Remainder of page left intentionally blank.*]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 23, 2020

                                      */s/ Alexa Westmoreland*
                                      Alexa Westmoreland

                                      Stretto

146484.01601/123460333v.1