IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RAVN AIR GROUP, INC. *et al.*,[1] | Case No. 20-10755 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Dkt. No. 377** |

# DECLARATION OF JOHN MANNION IN SUPPORT OF EMERGENCY MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING ENTRY INTO PAYROLL SUPPORT PROGRAM AGREEMENTS AND GRANTING RELATED RELIEF

I, John Mannion, do hereby declare as follows:

1. I am Chief Financial Officer of Ravn Air Group, Inc. ("Ravn Air Group"), a corporation organized under the laws of Delaware. I serve in a similar capacity for the other above-captioned debtors (collectively with Ravn Air Group, "Ravn" or the "Debtors") in these cases (the "Chapter 11 Cases") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). I am generally familiar with the day-to-day operations of the Debtors and their affairs, books, and records.

2. This declaration is filed in support of the *Emergency Motion of the Debtors for an Order Authorizing Entry into Payroll Support Program Agreements and Granting Related Relief* (the "Motion"),[2] filed concurrently herewith.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is: 4700 Old International Airport Road, Anchorage, AK 99502.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

146484.01601/123462294v.2

3. On April 3, 2020, the Debtors submitted applications for Payroll Support Program ("PSP") grants under the CARES Act. The Debtors submitted two applications under the PSP: one for Corvus Airlines, Inc. (which provides passenger carrier service), for $19.8 million (the "Passenger PSP Application"), and one for Hageland Aviation Services, Inc. (which provides cargo air services), for $16.6 million (the "Cargo PSP Application," and, together with the Passenger PSP Application, the "PSP Applications").

4. On April 5, 2020, prior to the filing of these Chapter 11 Cases, the Debtors laid off almost all of their remaining workforce, other than a very small number of employees necessary to the administration of these Chapter 11 Cases.

5. On May 14, the Debtors received correspondence from Treasury indicating that Ravn had been conditionally approved to move forward with their PSP applications under the CARES Act. On June 5, 2020, Treasury sent the Debtors the forms of PSP Agreements to sign and informed the Debtors that, subject to execution of the PSP Agreements and satisfaction of the terms and conditions set forth therein, Treasury would approve a grant of 76% of the Debtors' Passenger PSP Application and a grant of 100% of the Debtors' Cargo PSP Application.

6. To satisfy the first condition described above, the Debtors, FNBA, and Treasury have agreed to establish the Deposit Account at FNBA, pursuant to the form of DACA attached to the Motion as Exhibit C, to hold the PSP Grant funds. The DACA defines the Deposit Account as a "deposit account" as such term is defined in section 9-102(a)(29) of the Uniform Commercial Code, subject to the control of Treasury.

7. Almost all, if not all, of the parties that have indicated interest in a going concern transaction have made clear that the availability of the PSP Grant money would be a condition to consummating a transaction.

8. Although the Debtors expect that the majority of the funds available under the PSP Grants will be used by a purchaser of the Debtors' assets as a going concern, if the Debtors are able to find such a purchaser, the approval of the PSP Applications means that some funds will be available to the Debtors, upon entry into the PSP Agreements and the Court's approval of this Motion, to use for payment of the remaining employees' salaries and benefits. The PSP Agreements provide for an initial payment to the Debtors of a total of $5,278,484.17, which would be funded within three business days of Court approval of this Motion. If that amount is funded before July 3, the Debtors anticipate that they will use over $117,000 by July 9, the anticipated effective date of the Plan, to fund the payroll payments on July 7 and July 9.

9. The Debtors have limited financing available under the DIP facility. The funds that will be available to the Debtors under the PSP Grants will provide much needed liquidity to the Debtors to pay employee obligations incurred during the Chapter 11 Cases. Moreover, the availability of the PSP funds is important to prospective going concern purchasers. Although the Motion will not be heard before the June 24 bid deadline, the Debtors believe that the filing of this Motion before the bid deadline will encourage bidding. If the Debtors receive more than one Qualified Bid under the Bidding Procedures Order and determine that an auction is necessary, the Debtors believe that approval of this Motion in advance of the auction will be important to maximize the value of bids obtained at the auction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Anchorage, Alaska on June 23, 2020.

                                                  */s/ John Mannion*
                                                  John Mannion

146484.01601/123462294v.2