**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RAVN AIR GROUP, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10755 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Dkt. No. 384**<br><br>Hearing Date: July 9, 2020 at 11:00 a.m. (ET)<br>Obj. Deadline: July 2, 2020 at 4:00 p.m. (ET) |

**MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL EXHIBIT B TO THE DECLARATION OF JOHN T. YOUNG, JR. IN SUPPORT OF CONFIRMATION OF THE FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF RAVN AIR GROUP, INC. AND ITS AFFILIATED DEBTORS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") authorizing the Debtors to redact and to file under seal certain information contained in Exhibit B to the *Declaration of John T. Young, Jr. in Support of Confirmation of the Chapter 11 Plan of Liquidation of Ravn Air Group, Inc. and Its Affiliated Debtors* [Docket No. 384] (the "Young

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

146484.01601/123462017v.2

Declaration"), which is being filed contemporaneously herewith.[2] In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. section 157(b). The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue for this matter is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409.

3. The bases for the relief requested herein are sections 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4. On April 5, 2020, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases.

6. On April 20, 2020, the office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in these Cases.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Young Declaration.

7. On June 7, 2020, the Court entered the *Order (I) Approving Proposed Disclosure Statement and the Form and Manner of the Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of Debtors' Chapter 11 Plan of Liquidation* [Docket No. 318].

8. On June 9, 2020, the Debtors filed the solicitation versions of (i) the *Chapter 11 Plan of Liquidation of Ravn Air Group and Its Affiliated Debtors* [Docket No. 323] (as may be further amended, supplemented or otherwise modified, the "Plan")[3], and (ii) the *Disclosure Statement for the Chapter 11 Plan of Liquidation of Ravn Air Group and Its Affiliated Debtors* [Docket No. 325].

9. The Debtors submit the Young Declaration in support of confirmation of the Plan and the *Debtors' Memorandum of Law in Support of Confirmation of the First Amended Chapter 11 Plan of Liquidation of Ravn Air Group, Inc. and Its Affiliated Debtors* (the "Confirmation Memorandum").

**RELIEF REQUESTED**

10. By this Motion, the Debtors seek entry of the Proposed Order: (i) authorizing the Debtors to redact and to file under seal the Filipenko Report attached to the Young Declaration as Exhibit B (the "Confidential Information") and (ii) directing that Confidential Information remain under seal.

---

[3] An amended Plan was filed on June 24, 2020. [Docket No. 381].

**BASIS FOR RELIEF**

11.     Pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . .

*Id. See also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) ("if the information fits any of the specified categories, the court is *required* to protect a requesting interested party and has no discretion to deny the application."). Bankruptcy Rule 9018 allows this Court to "make any order which justice requires" with regard to the protection of, among other things, "commercial information." *See In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (determining that the purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Unlike Rule 26(c) of the Federal Rules of Civil Procedure, "good cause" is not required under Bankruptcy Code section 107(b) or Bankruptcy Rule 9018. *Orion Pictures*, 21 F.3d at 27-28.

12.     Commercial information has been interpreted to mean "information which would result in an 'unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (*quoting Orion Pictures*, 21 F.3d at 27-28). *See also In re Altegrity, Inc.*, Case No. 15-10226 (LSS), 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (collecting cases where confidential commercial information included employee lists). This information need not rise to the level of a trade secret. *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011).

Thus, confidential commercial information may take different forms. *See, e.g., Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP)*, 485 B.R. 823-24 (Bankr. S.D.N.Y. 2013) (finding investment strategies to be commercial information); *Borders*, 462 B.R. at 50 (finding information contained in a share purchase agreement to be commercial information).

13. Here, the Debtors respectfully submit that the Confidential Information contained in Exhibit B of the Young Declaration is sensitive, confidential, and proprietary, thus, protectable as confidential commercial information under section 107 of the Bankruptcy Code.

14. The Confidential Information contains a valuation analysis of the Debtors' real estate assets and relies, in part, on information obtained from the data room. The Confidential Information contained in Exhibit B, if made public, could harm the Debtors' efforts to maximize the value of their assets and negatively impact their ongoing sale process. Therefore, the public disclosure of the Confidential Information could harm all stakeholders in the Chapter 11 Cases.

15. The Debtors have complied with Local Rule 9018-1(d) and have filed a publicly viewable proposed redacted version of Exhibit B.

16. For the foregoing reasons, the Debtors submit that the Confidential Information contained in Exhibit B of the Young Declaration satisfies Bankruptcy Code section 107(b) and the public disclosure of such information will harm all parties in interest.

## NOTICE

17. The Debtors are providing notice of the Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to BNP Paribas, as agent for the DIP Lenders and Prepetition Lenders; (c) counsel to the Official Committee of Unsecured Creditors; and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, under the circumstances, no other or further notice is required.

WHEREFORE, the Debtors respectfully request the Court enter an order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief as the Court deems necessary.

Dated: June 24, 2020
Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Victoria Guilfoyle*
Victoria A. Guilfoyle (No. 5183)
Stanley B. Tarr (No. 5535)
Jose F. Bibiloni (No. 6261)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: guilfoyle@blankrome.com
tarr@blankrome.com
jbibiloni@blankrome.com

-and-

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (*pro hac vice*)
Jane Kim (*pro hac vice*)
Thomas B. Rupp (*pro hac vice*)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone:  (415) 496-6723
Facsimile:  (650) 636-9251
Email: tkeller@kbkllp.com
jkim@kbkllp.com
trupp@kbkllp.com

*Attorneys for Debtors*
*and Debtors-in-Possession*

146484.01601/123462017v.2