## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RAVN AIR GROUP, INC., *et al.*,[1] | ) | Case No. 20-10755 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re. Docket Nos. 197 & 295** |

**ORDER APPROVING THE DEBTORS' MOTION FOR THE (A) SALE OF CERTAIN ACQUIRED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, AND (C) PAYMENT OF BID PROTECTIONS, IF APPLICABLE, WITH RESPECT TO THE SALE TO WRIGHT AIR SERVICE, INC.**

Upon the motion (the "Sale Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Sale Order") Authorizing and Approving (A) the Sale of Certain Acquired Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) the Assumption and Assignment of Certain Contracts, and (C) Payment of Bid Protections, if Applicable (collectively, the "Transaction"), pursuant to that certain Asset Purchase Agreement (the "APA")[2] attached to this Sale Order as Exhibit 1; and this Court having entered an order on June 3, 2020 [Docket No. 295] (the "Bid Procedures Order") approving, among other things, the proposed form of notice of the Sale Hearing; and the Debtors having determined, that Wright Air Service, Inc. (the "Buyer") has submitted the highest or otherwise best bid for those certain Acquired Assets, as defined in the APA (including, without

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754). The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Sale Motion, the APA, or the Bid Procedures Order, as applicable.

limitation, those assets set forth on Exhibit A to the APA); and upon adequate and sufficient notice of the Sale Motion and all other related transactions contemplated thereunder and in this Sale Order; and all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; and the Court having reviewed and considered the Sale Motion and all relief related thereto and any objections thereto; and upon the full record in support of the relief requested by the Debtors in the Sale Motion; and this Court having jurisdiction over this matter; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Sale Motion in this district is proper; and it further appearing that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and upon the full record of these chapter 11 cases and all other pleadings and proceedings, including the Sale Motion; and after due deliberation thereon, and good and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**[3]

## I.    Jurisdiction, Final Order, and Statutory Predicates.

A.    This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(l) and 1334(a). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014.

---

[3]    All findings of fact and conclusions of law announced by the Court at the Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith.

C.     This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, waives any stay, and expressly directs entry of judgment as set forth herein.

**II.     Notice of the Sale Motion and Cure Amounts.**

D.     Notice of the Sale Hearing was timely, proper, and reasonably calculated to provide interested parties with timely and proper notice of the sale and the Sale Hearing, and no other or further notice of the Sale Motion and the Sale Hearing is, or shall be, required. The requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

E.     A reasonable opportunity to object and be heard with respect to the Transaction and the Sale Motion and the relief requested therein has been afforded to all interested persons and entities.

**III.     Good Faith of the Buyer.**

F.     The APA was negotiated, proposed, and entered into by the Debtors and the Buyer without collusion, in good faith, and from arms'-length bargaining positions.

G.     Neither the Debtors, nor the Buyer have engaged in any conduct that would cause or permit the Transaction to be avoided under Bankruptcy Code section 363(n). The Buyer is consummating the Transaction in "good faith" within the meaning of section 363(m) of the Bankruptcy Code and is not an "insider" of any Debtor (as defined under section 101(31) of the Bankruptcy Code). Buyer has proceeded in good faith in all respects in connection with the Transaction. Buyer is therefore entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code.

H.      On June 26, 2020, this Court entered its order confirming the Second Amended Chapter 11 Plan of Liquidation of RAVN Air Group, Inc. and its Affiliated Debtors (the "Plan"). The Transaction does not constitute a *sub rosa* chapter 11 plan. The Transaction neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates a chapter 11 plan for any of the Debtors.

## IV.      Highest or Otherwise Best Offer.

I.      The Debtors' marketing process with respect to the Acquired Assets afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Acquired Assets under the circumstances, as approved in the Bid Procedures Order. The APA constitutes the highest or otherwise best offer for the Acquired Assets, and the Debtors' determination that the APA constitutes the highest or otherwise best offer for the Acquired Assets constitutes a valid and sound exercise of the Debtors' business judgment.

J.      Approval of the Sale Motion and the APA and the consummation of the Transaction is in the best interests of the Debtors' chapter 11 estates, their creditors, and other parties in interest. The Transaction should be approved.

## V.      No Merger.

K.      The Buyer is not a mere continuation of the Debtors or their estates, or any of them, and there is no continuity of enterprise between the Buyer and the Debtors, or any of them. The Buyer is not holding itself out to the public as a continuation of the Debtors. The Buyer is not a successor to the Debtors or their estates by reason of any theory of law or equity, and the Transaction does not amount to a consolidation, merger, or de facto merger of the Buyer and the Debtors, or any of them.

4

**VI.    Validity of Transfer.**

L.    The APA was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia. None of the Debtors or the Buyer are entering into the transactions contemplated by the APA fraudulently for the purpose of statutory or common law fraudulent conveyance or fraudulent or voidable transfer claims.

M.    The Debtors are the sole and lawful owners of the Acquired Assets. The Acquired Assets constitute property of the Debtors' estates and title thereto is vested in the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code. Except as otherwise provided in paragraphs 16, 25, 36 and 37 of this Sale Order, subject to section 363(f) of the Bankruptcy Code, the transfer of each of the Acquired Assets to the Buyer will be, as of the Closing Date, a legal, valid, and effective transfer of the Acquired Assets, which transfer vests or will vest the Buyer with all right, title, and interest of the Debtors to the Acquired Assets free and clear of (a) all liens (including any liens as that term is defined in section 101(37) of the Bankruptcy Code) and encumbrances relating to, accruing, or arising at any time prior to the Closing Date (collectively, the "Liens") and (b) all debts arising under, relating to, or in connection with any act of the Debtors or claims (as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guaranties, options in favor of third parties, rights, contractual commitments, restrictions, interests, mortgages, hypothecations, charges, indentures, loan agreement, instruments, collective bargaining agreement, leases, licenses, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, judgments, claims for reimbursement, contribution, indemnity, exoneration, infringement, products liability, alter-ego, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without

limitation, rights with respect to Claims (as defined below) and Liens (A) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Debtors' or the Buyer's interests in the Acquired Assets, or any similar rights, or (B) in respect of taxes, restrictions, rights of first refusal, charges of interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, as defined in this clause (b), "Claims"), relating to, accruing or arising any time prior to entry of this Sale Order, with the exception of any such Liens or Claims that are expressly assumed by the Buyer or otherwise permitted under the APA (the "Permitted Obligations"), including, for the avoidance of doubt, Cure Costs or any other obligations arising under the Assumed Contracts to the extent expressly set forth in the APA.

N.    Subject to the entry of this Sale Order, each Debtor: (i) has full requisite corporate or other organizational power and authority to execute, deliver, and perform its obligations under the APA and all other documents contemplated thereby and (ii) has taken all requisite corporate or other organizational action and formalities necessary to authorize and approve the execution, delivery, and performance of its obligations under the APA and to consummate the Transaction, including as required by their respective organizational documents, and, upon execution thereof, the APA and the related documents were or will be duly and validly executed and delivered by such Debtor and enforceable against such Debtor in accordance with their terms and, assuming due authorization, execution, and delivery thereof by the other parties thereto, constituted or will constitute a valid and binding obligation of such Debtor. No government, regulatory, or other consents or approvals, other than those expressly provided for in the APA, were required for the

execution, delivery, and performance by the Debtors of the APA or the consummation of the Transaction contemplated thereby. No consents or approvals of the Debtors, other than those expressly provided for in the APA or this Sale Order, are required for the Debtors to consummate the Transaction.

**VII.    Transfer of the Acquired Assets Free and Clear.**

O.    The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtors may sell the Acquired Assets free and clear of any interest in the property other than the Permitted Obligations or as otherwise set forth in this Sale Order.

P.    The Buyer would not have entered into the APA and would not consummate the Transaction contemplated thereby if the sale and/or transfer of the Acquired Assets to the Buyer was not free and clear of all Liens and Claims, other than Permitted Obligations with respect to the Acquired Assets, or if the Buyer would, or in the future could, be liable for any of such Liens and Claims (other than the Permitted Obligations).

Q.    The Debtors may sell the Acquired Assets free and clear of all Liens and Claims against the Debtors, their estates, or any of the Acquired Assets (except the Permitted Obligations) because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens or Claims against the Debtors, their estates, or any of the Acquired Assets who did not object, or who withdrew their objections, to the Transaction or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. All other holders of Liens or Claims (except to the extent that such Liens or Claims are Permitted Obligations) are adequately protected by having their Liens or Claims, if any, in each instance against the Debtors, their estates, or any of the Acquired Assets, attach to the net cash proceeds of the Purchase Price ultimately attributable to the Acquired Assets in which such creditor alleges a Lien or Claim, in the same order of priority, with the same validity, force,

and effect that such Liens or Claims had prior to the Transaction, subject to any claims and defenses that the Debtors and their estates may possess with respect thereto.

R.      The Transaction is deemed a sale under the Plan entitled to all of the protections associated with a sale under a plan, including without limitation the protections afforded to recipients of the Debtors' assets pursuant to sections 363 and 1123(a)(5) of the Bankruptcy Code, under the Plan, and exemption from certain taxes pursuant to Bankruptcy Code section 1146.

## VIII.   Cure Costs and Adequate Assurance of Future Performance.

S.      The assumption and assignment to the Buyer of the Assumed Contracts listed in the APA (as further defined in the APA, the "<u>Assumed Contracts</u>") pursuant to the terms of this Sale Order is integral to the APA and is in the best interests of the Debtors and their estates, their creditors, and all other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors. Subject to the terms and conditions of the APA, the Buyer shall cure, or provide adequate assurance of cure, of any default existing prior to the date hereof with respect to the Assumed Contracts, within the meaning of sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code. The Buyer's promise to pay the Cure Costs shall constitute adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

## IX.      Compelling Circumstances for an Immediate Sale.

T.      Good and sufficient reasons for approval of the APA and the Transaction have been articulated. The relief requested in the Sale Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Debtors have demonstrated both (a) good, sufficient, and sound business purposes and justifications for approving the APA and (b) compelling circumstances for the Transaction outside the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code, and outside of a plan of reorganization, in that, among

other things, the immediate consummation of the Transaction with the Buyer is necessary and appropriate to maximize the value of the Debtors' estates and the Transaction will provide the means for the Debtors to maximize distributions to creditors.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

**I.      General Provisions.**

1.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these chapter 11 cases pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.      The relief requested in the Sale Motion and the Transaction contemplated thereby and by the APA are approved as set forth in this Sale Order and on the record of the Sale Hearing, which is incorporated herein as if set forth fully in this Sale Order, and the Transaction contemplated thereby is approved.

3.      All objections to the Sale Motion, the Transaction, or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits with prejudice. Those parties who did not object or withdrew their objections to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

II.     **Approval of the APA.**

4.      The APA and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved, pursuant to sections 105, 363, 364, and 554 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014, each as applicable.

5.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Transaction pursuant to and in accordance with the terms and conditions of the APA, (b) close the Transaction as contemplated in the APA and this Sale Order, and (c) execute and deliver, perform under, consummate, implement, and fully close the APA, including the assumption and assignment to the Buyer of the Assumed Contracts, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the Transaction.

6.      Subject to the restrictions set forth in this Sale Order and the APA, the Debtors and the Buyer are authorized to take any and all actions as may be necessary or desirable to implement the Transaction, and any actions taken by the Debtors or the Buyer necessary or desirable to implement the Transaction prior to the date of this Sale Order, hereby are approved and ratified.

7.      This Sale Order and the terms and provisions of the APA shall be binding in all respects upon the Debtors, their affiliates, their estates, all creditors of and holders of equity interests in any Debtor, any holders of Liens, Claims, or other interests (whether known or unknown) in, against, or on all or any portion of the Acquired Assets, all counterparties to any executory contract or unexpired lease of the Debtors, the Buyer and all successors and assigns of the Buyer, the Acquired Assets, and any trustees, examiners, or receivers, if any, subsequently appointed in any of the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the Debtors' cases. The APA shall not be subject to rejection or

avoidance by the Debtors, their estates, their creditors, their equity holders, or any trustees, examiners, or receivers. Any trustee appointed in these cases (including a Chapter 7 trustee) shall be and hereby is authorized to operate the business of the Debtors to the fullest extent necessary to permit compliance with the terms of this Sale Order. This Sale Order and the APA shall inure to the benefit of the Debtors, their estates and creditors, the Buyer, and the respective successors and assigns of each of the foregoing.

**III.   Transfer of the Acquired Assets.**

8.      Except as otherwise provided in paragraphs 16, 25, 36 and 37 of this Sale Order, pursuant to sections 105(a), 363(b), 363(f), 365(b), and 365(f) of the Bankruptcy Code, the Debtors are authorized to transfer the Acquired Assets to the Buyer and in accordance with the terms of the APA and such transfer shall constitute a legal, valid, binding, and effective sale and shall vest the Buyer with title to the Acquired Assets, and, other than the Permitted Obligations, the Acquired Assets shall be free and clear of all Liens, Claims, and other interests of any kind or nature whatsoever, with all such Liens, Claims, or other interests to attach to the cash proceeds of the Purchase Price ultimately attributable to the property against or in which such Liens, Claims, or other interests are asserted, subject to the terms thereof, with the same validity, force, and effect, and in the same order of priority, which such Liens, Claims, or other interests had prior to the Transaction, subject to any rights, claims, and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

9.      The Debtors are hereby authorized to take any and all actions necessary to consummate the APA, including any actions that otherwise would require further approval by shareholders, members, or its board of directors, as the case may be, without the need of obtaining such approvals.

10.     The sale of the Acquired Assets to the Buyer pursuant to the APA and the consummation of the transactions contemplated by the APA do not require any consents other than as specifically provided for in the APA or this Sale Order. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA. A certified copy of this Sale Order may be filed with the appropriate clerk or recorded with the recorder of any state, county, or local authority to act to cancel any of the Liens, Claims, and other encumbrances of record except those assumed as Permitted Obligations.

11.     The provisions of Rule 70 of the Federal Rules of Civil Procedure, made applicable to these Cases by Bankruptcy Rule 7070, are specifically made applicable to Icecap, LLC and the Frontier Alaska Aviation Trust. JJM, Inc. is authorized to direct Icecap, LLC, as trustee for the Frontier Alaska Aviation Trust, to execute all documents and take all actions, including the delivery of assets, necessary to implement and/or consummate the APA and this Sale Order. JJM, Inc. is authorized to execute all such documents and take all such actions on behalf of Icecap, LLC and the Frontier Alaska Aviation Trust, and such documents and actions will have the same effect as if executed or performed by Icecap, LLC or the Frontier Alaska Aviation Trust, as applicable.

12.     If any person or entity that has filed statements or other documents or agreement evidencing Claims or Liens on, or interests in, all or any portion of the Acquired Assets (other than statements or documents with respect to Permitted Obligations) shall not have delivered to the Debtors, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Claims, Liens, or interests which the person or entity has or may assert with respect to all or any portion of the Acquired Assets, the Debtors are

hereby authorized, and the Buyer is hereby authorized, on behalf of the Debtors and the Debtors' creditors, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Acquired Assets. The Debtors and the Buyer are each authorized to file a copy of this Sale Order, which, upon filing, shall be conclusive evidence of the release and termination of such Claim, Lien, or interest.

13.    This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filings, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

14.    Except as otherwise provided in paragraphs 16, 25, 36 and 37 of this Sale Order, all persons and entities that are presently, or on the Closing may be, in possession of some or all of the Acquired Assets to be sold, transferred, or conveyed to the Buyer pursuant to the APA are hereby directed to surrender possession of the Acquired Assets to the Buyer on the Closing Date. Subject to the terms, conditions, and provisions of this Sale Order, all persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell and/or transfer the Acquired Assets to the Buyer in accordance with the terms of the APA and this Sale Order.

15.     Except as otherwise provided in paragraphs 16, 25, 36 and 37 of this Sale Order, to the maximum extent permitted by applicable law, and in accordance with the APA, the Buyer shall be authorized, as of the Closing, to operate under any license, permit, registration, and governmental authorization or approval (collectively, the "Licenses") of the Debtors with respect to the Acquired Assets and the Sale. To the extent the Buyer cannot operate under any Licenses in accordance with the previous sentence, such Licenses shall be in effect while the Buyer, with assistance from the Debtors, works promptly and diligently to apply for and secure all necessary government approvals for new issuance of Licenses to the Buyer.

16.     Notwithstanding anything in this Sale Order, subject to section 525(a) of the Bankruptcy Code, no governmental unit may revoke or suspend any right, license, trademark, or other permission relating to the use of the Acquired Assets sold, transferred, or conveyed to the Buyer on account of the filing or pendency of these Chapter 11 Cases; provided, however, that notwithstanding anything in this Sale Order to the contrary, unless otherwise approved or determined by the FAA, the Debtor's FAA Operating Certificates are non-transferable. The FAA may issue a new operating certificate to the Buyer only after the FAA has evaluated the Buyer and determined that it is properly and adequately equipped and able to conduct safe operations in accordance with applicable federal law. The DOT Certificate cannot be transferred without the prior approval of the Department of Transportation.

IV.     **Assumption and Assignment of Assumed Contracts.**

17.     The Debtors are hereby authorized and directed in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code to (a) assume and assign to the Buyer, in accordance with the terms of the APA, the Assumed Contracts free and clear of all Liens, Claims, and other interests of any kind or nature whatsoever (other than the Permitted Obligations), and (b) execute and

deliver to the Buyer such documents or other instruments as the Buyer deems may be necessary to assign and transfer the Assumed Contracts to the Buyer.

18.    Except as otherwise provided in paragraphs 16, 25, 36 and 37 of this Sale Order, with respect to the Assumed Contracts: (a) the Debtors may assume each of the Assumed Contracts in accordance with section 365 of the Bankruptcy Code; (b) the Debtors may assign each Assumed Contract in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the party to such Assumed Contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such Contract, constitute unenforceable anti-assignment provisions which are void and of no force and effect; (c) all other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Buyer of each Assumed Contract have been satisfied; and (d) the Assumed Contracts shall be transferred and assigned to, and following the closing of the Transaction remain in full force and effect for the benefit of, the Buyer, notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer.

19.    All defaults or other obligations of the Debtors under the Assumed Contracts arising or accruing prior to the closing of the Transaction, or required to be paid pursuant to section 365 of the Bankruptcy Code in connection with the assumption and assignment of the Assumed Contracts, shall be cured by the Buyer in the amount as set forth in, and pursuant to the terms of, the APA.

20.     Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested in all right, title, and interest of each Assumed Contract. To the extent provided in the APA, the Debtors shall cooperate with, and take all actions reasonably requested by, the Buyer to effectuate the foregoing.

21.     Except as otherwise provided in paragraphs 16, 25, 36 and 37 of this Sale Order, each Assumed Contract counterparty is deemed to have consented to assumption and assignment, and the Buyer shall be deemed to have demonstrated adequate assurance of future performance with respect to such Assumed Contract pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

22.     Upon the Debtors' assignment of the Assumed Contracts to the Buyer under the provisions of this Sale Order, any additional orders of this Court, and the Buyer's payment of any Cure Costs pursuant to the terms of the APA, no default shall exist under any Assumed Contract, and no counterparty to any Assumed Contract shall be permitted (a) to declare a default by the Buyer under such Assumed Contract or (b) to otherwise take action against the Buyer as a result of any Debtors' financial condition, bankruptcy, or failure to perform any of its obligations under the relevant Assumed Contract. Each non-Debtor party to an Assumed Contract hereby is also forever barred, estopped, and permanently enjoined from (i) asserting against the Debtors or the Buyer, or the property of any of them, any default or Claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the closing of the Transaction, or, against the Buyer, any counterclaim, defense, setoff, or any other Claim asserted or assertable against the Debtors and (ii) imposing or charging against the Buyer or its affiliates any rent accelerations, assignment fees, increases, or any other fees as a result of the Debtors' assumption and assignments to the Buyer of the Assumed Contracts.

23.     The Buyer shall be deemed to be substituted for the Debtors as a party to the applicable Assumed Contracts.

24.     All counterparties to the Assumed Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Buyer, and shall not charge the Debtors or the Buyer for any instruments, applications, consents, or other documents that may be required or requested by any public authority or other party or entity to effectuate the applicable transfers in connection with the sale of the Acquired Assets.

25.     For the avoidance of doubt, the assumption and assignment and transfer of any contract or lease with the United States and/or the provision of essential air service shall require the consent of the United States.

**V.     Prohibition of Actions Against the Buyer.**

26.     Except for the Permitted Obligations in the case of the Acquired Assets, or as otherwise expressly provided for in this Sale Order or the APA, the Buyer shall not have any liability or other obligation of the Debtors arising under or related to any of the Acquired Assets. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the APA, the Buyer shall not be liable for any Claims or Liens against the Debtors or any of their predecessors or affiliates, and the Buyer shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental, successor, or transferee liability, labor law, *de facto* merger, mere continuation, or substantial continuity, whether known or unknown, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, intercompany loans, and receivables among the Debtors, and any taxes arising, accruing, or payable under, out of, in

connection with, or in any way relating to the operation of any of the Acquired Assets except as expressly assumed under the APA.

27.    Pursuant to Bankruptcy Code section 1146(a), any transfer of the Acquired Assets to the Buyer or made in connection with the Transaction shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment to the fullest extent contemplated by Bankruptcy Code section 1146(a). The appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

28.    Except with respect to Permitted Obligations, or as otherwise permitted by the APA or this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding Liens, Claims, or other interests of any kind or nature whatsoever against or in all or any portion of the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors, the Acquired Assets, the operation of the Debtors' business prior to the closing of the Transaction, or the transfer of the Acquired Assets to the Buyer, hereby are forever barred, estopped, and permanently enjoined from asserting against the Buyer, any of the foregoing's affiliates, successors, or assigns, their property or the Acquired Assets, such persons' or entities' Liens, Claims, or interests in and to the Acquired Assets, including, without limitation,

the following actions:  (a) commencing or continuing in any manner any action or other proceeding against the Purchase and each of its affiliates, successors, Acquired Assets or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Buyer, and each of its affiliates, successors, Acquired Assets, or properties; (c) creating, perfecting, or enforcing any Lien or other Claim against the Buyer, and each of its affiliates, successors, Acquired Assets, or properties; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Buyer, its affiliates or its successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the APA or actions contemplated or taken in respect thereof; or (f) revoking, terminating, or failing or refusing to transfer or renew any license, permit, or authorization to operate any of the Acquired Assets or conduct any of the businesses operated with the Acquired Assets.

29.     Except as otherwise provided in paragraphs 16, 25, 36 and 37 of this Sale Order, all persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell and transfer the Acquired Assets to the Buyer in accordance with the terms of the APA or this Sale Order.

30.     Except as provided in the APA and this Sale Order and without limiting other applicable provisions of this Sale Order, the Buyer is not, by virtue of the consummation of the Transaction, assuming, nor shall it be liable or responsible for, as a successor or otherwise (including with respect to successor or vicarious liabilities of any kind or character), under any theory of law or equity, including any theory of antitrust, environmental successor or transferee liability, labor law, de facto merger, or substantial continuity, whether known or unknown, now existing or hereafter raised, which may be asserted or unasserted, fixed or contingent, liquidated

or unliquidated with respect to the Debtors, or any of their predecessors or affiliates or any obligations of the Debtors or their predecessors or affiliates, for any liabilities, debts, commitments, or obligations (whether known or unknown, disclosed or undisclosed, absolute, contingent, inchoate, fixed or otherwise) in any way whatsoever relating to or arising from the Acquired Assets or the Debtors' operation of their businesses or use of the Acquired Assets or any such liabilities, debts, commitments, or obligations that in any way whatsoever are to be observed, paid, discharged, or performed (in each case, including any liabilities that result from, relate to or arise out of tort or product liability claims), or any liabilities calculable by reference to the Debtors or their Acquired Assets or operations (including by reference to the Debtors' experience or similar ratings), or relating to continuing conditions existing, including with respect to any of Debtors' predecessors or affiliates, which liabilities, debts, commitments, and obligations are hereby extinguished insofar as they may give rise to successor liability, without regard to whether the claimant asserting any such liabilities, debts, commitments, or obligations has delivered to the Buyer a release thereof. The Buyer has each given substantial consideration under the APA for the benefit of the holders of any Liens or Claims. The consideration given by the Buyer shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Buyer, which releases shall be deemed to have been given in favor of the Buyer by all holders of Liens or Claims against or interests in the Debtors or any of the Acquired Assets.

**VI.    Other Provisions.**

31.    The consideration provided by the Buyer to the Debtors pursuant to the APA for the Acquired Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, Uniform Voidable Transactions Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.

32.     The transactions contemplated by the APA are undertaken by the Buyer without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transaction shall not affect the validity of the Transaction, or the assumption and assignment of the Assumed Contracts, unless such authorization and such Transaction are duly stayed pending such appeal. The Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, are each entitled to the full protections of section 363(m) of the Bankruptcy Code.

33.     For cause shown, pursuant to Bankruptcy Rules 6004(h) and 7062(g), this Sale Order shall not be stayed, shall be effective immediately upon entry, and the Debtors and the Buyer are authorized to close the Transaction immediately upon entry of this Sale Order.

34.     The failure to specifically include any particular provision of the APA in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety; provided that this Sale Order shall govern if there is any inconsistency between the APA (including all ancillary documents executed in connection therewith) and this Sale Order.

35.     The APA and any related documents or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court.

36.     Nothing in this Sale Order or the APA releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Sale Order. Nothing in this Sale Order or the APA authorizes the transfer or assignment of any governmental

(a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Sale Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Sale Order or to adjudicate any defense asserted under this Order. Nothing in this Sale Order shall enjoin, release, impair or otherwise preclude the United States from pursuing any criminal action or any police or regulatory action or from pursuing any liability to the United States that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code.

37.     Nothing in this Sale Order shall enjoin, release, impair or otherwise preclude the United States from exercising any valid and otherwise enforceable right of setoff or recoupment subsequent to the Petition Date, and such rights are preserved.

38.     For the avoidance of doubt, to the extent that Saab Defense and Security USA LLC n/k/a Saab, Inc. has any setoff or recoupment rights in existence as of the Petition Date that are valid and not avoidable, nothing in this Sale Order or in any documents, agreements or orders associated with or entered into in connection with the Sale Order or sale shall impair such rights, and nothing in this Sale Order or in any of the documents set forth in this paragraph shall impair any setoff or recoupment rights that are valid and not avoidable in existence subsequent to the Petition Date, and the Debtors, their estates and the Liquidation Trust as a successor in interest to the Debtors reserve all of their rights with respect to any prepetition or post-petition setoff and recoupment.

39.     Except as otherwise provided in paragraphs 16, 25, 36 and 37 of this Sale Order, the Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the APA, all amendments thereto, and any

waivers and consents thereunder and each of the agreements executed in connection therewith to which any Debtor is a party or which has been assigned by the Debtors to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Transaction, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Acquired Assets to the Buyer; (b) interpret, implement, and enforce the provisions of this Sale Order; (c) protect the Buyer against any Liens, Claims, or other interest in or against the Debtors or the Acquired Assets of any kind or nature whatsoever; and (d) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to the Assumed Contracts.

40.    To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Sale Motion in these chapter 11 cases, the terms of this Sale Order shall govern.

**Dated: July 9th, 2020 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**