# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RAVN AIR GROUP, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10755 (BLS)<br><br>(Jointly Administered)<br><br>**Proposed Hearing Date: August 19, 2020 at 10:30 a.m. (ET)**<br><br>Re: Docket Nos. 511 |

### DECLARATION OF JOHN T. YOUNG, JR. IN SUPPORT OF MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING PAYMENT OF BONUSES AND GRANTING RELATED RELIEF

I, John T. Young, Jr., do hereby declare as follows:

1. I am a Senior Managing Director at Conway MacKenzie, LLC ("Conway MacKenzie"), financial advisor to the Debtors[2] in these Chapter 11 Cases, and I submit this declaration in support of the Motion of the Debtors for an Order Authorizing Payment of Bonuses and Granting Related Relief. Unless otherwise stated, I have personal knowledge of the facts stated herein.

2. Prior to the Petition Date, the Debtors established a Special Restructuring Committee comprised of two independent directors, Richard Nevins and James Decker, and the Debtors' Chief Executive Officer, David H. Pflieger, Jr. The Special Restructuring Committee

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows:  Ravn Air Group, Inc. (3047), Ravn Air Group Holdings, LLC (5356), JJM, Inc. (4858), HoTH, Inc. (9957), Peninsula Aviation Services, Inc. (6859), Corvus Airlines, Inc. (7666), Frontier Flying Service, Inc. (8091), and Hageland Aviation Services, Inc. (2754).  The notice address for all of the Debtors is 4700 Old International Airport Road, Anchorage, AK 99502.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

was empowered by the Debtors to take all actions material to these Chapter 11 Cases, including the negotiation and filing of the Plan and decisions relating to whether, and how, to explore asset sales.  Among other thigs, the Special Restructuring Committee directed the Debtors to seek authority to sell all, substantially all, or a substantial portion of their assets in order to test the markets.

3.     Prior to and after entry of the Bidding Procedures Order, the Debtors undertook various efforts intended to maximize the value of their assets.  These included the ongoing pursuit of federal funding under the CARES Act and other support programs, led by Mr. Pflieger and a number of professionals, which efforts attracted a number of potential going concern bidders.  Senior managers created and, through the diligence process, revised and adapted *pro forma* financial models to help interested parties understand the Debtors' businesses and refine their own investment views.  The Debtors and their professionals established a robust virtual data room and populated it with detailed information on their assets and their businesses and updated the data room as new information was sought or became available.

4.     As a result of the foregoing efforts, the Debtors held numerous negotiations and auctions that, in the aggregate, are expected to yield substantially in excess of $50 million in proceeds.  Additional assets with anticipated aggregate value in excess of $5 million will be transferred for future sale by the Liquidation Trust (as defined in the Plan).  The recovery thus expected to be realized is highly likely to exceed the Asset Realization Threshold and exceeds, by a wide margin, the aggregate proceeds that the Debtors anticipated recovering for the estate and its creditors.

5.     The Independent Directors, who comprise the majority of the members of the Special Restructuring Committee, in consultation with me, determined that the efforts of the

Debtors' officers and employees on behalf of the estate warranted bonus compensation. Mr. Pflieger was consulted with respect to officers and employees other than himself but was not consulted with respect to his participation and did not participate otherwise in the discussion of the Bonuses.  The Independent Directors and I thereafter commenced negotiations with the Committee and the Lenders.

6.    The Committee sought and received confirmation that any bonuses paid hereunder constituted Liquidation Trust Expenses (as defined in the Plan) and, therefore, will not be counted against unsecured creditors' recoveries once the Asset Realization Threshold is met. Based on that understanding, the Committee has confirmed that it does not oppose the relief requested in the Motion.

7.    The Lenders agreed to the Bonuses based on the following conditions:  (a) the Bonuses would be payable to certain of the Debtors' existing and former employees, including Mr. Pflieger, as identified to and in amounts agreed by the Lenders, which amounts aggregate $250,000; and (b) the Bonuses are subject to collection of $50 million in gross asset sale proceeds prior to the effective date of the Plan.

8.    I believe a sound business purpose exists for the Debtors pay the Bonuses.  The affected current and former employees worked long hours to achieve the results obtained here without the support of a traditional sale infrastructure or funding therefor.  The challenge was even more notable because the COVID-19 pandemic significantly limited the ability of potential purchasers to visit the Debtors' premises or conduct on-site diligence, thus putting even greater burdens on the incumbent team to provide support for remote diligence exercises.

9.    In light of the initial approach required by the Lenders and reflected in the DIP Orders and the Plan, the employees were offered no incentive compensation at the outset, such

that those who remained to support the sale effort and help close the sales did so without any assurance of extra remuneration or a job that would survive the sale process.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed in Houston, Texas on August 11, 2020.

                                            /s/ *John T. Young Jr.*
                                            John T. Young, Jr.

146484.01601/123704193v.1