IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RAVN AIR GROUP, INC. *et al.*, [1]<br><br>Remaining Debtor. | Chapter 11<br><br>Case No. 20-10755 (BLS)<br><br>**Hearing: July 27, 2022 at 11:00 a.m. (ET)**<br>**Obj. Deadline: July 11, 2022 at 4:00 p.m. (ET)** |

**LIQUIDATION TRUSTEE'S MOTION FOR ENTRY OF A FINAL DECREE PURSUANT TO BANKRUPTCY CODE § 350(a) AND BANKRUPTCY RULE 3022 CLOSING THE LAST CASE REMAINING OF THE DEBTORS' CHAPTER 11 CASES**

John T. Young, Jr., in his capacity as liquidation trustee (the "Liquidation Trustee") of the Ravn Air Group Liquidation Trust (the "Liquidation Trust"), hereby files this motion (this "Motion") seeking a final decree closing the Chapter 11 case of Ravn Air Group, Inc., the last remaining Chapter 11 case of the above-captioned debtor and debtor-in-possession, as reorganized (the "Remaining Debtor," and, with its debtor affiliates prior to the Effective Date (defined below), the "Debtors" and following the Effective Date, the "Reorganized Debtors"). In support of this Motion, the Liquidation Trustee respectfully represents as follows:

[1] The Remaining Debtor in these chapter 11 cases and the last four digits of its U.S. tax identification number is as follows: Ravn Air Group, Inc. (3047). The notice address for the Remaining Debtor is c/o John T. Young, Jr., Riveron FKA Conway Mackenzie, LLC, 909 Fannin Street, Suite 4000, Houston, Texas 77010.

**JURISDICTION**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**SUMMARY**

2. The Liquidation Trustee should be permitted to close the Remaining Debtor's Chapter 11 case, styled as Ravn Air Group, Inc., Case No. 20-10755 (BLS). As described in greater detail below, all of the other related Chapter 11 cases have already been closed and all of the estates have been fully administered. Furthermore, among other reasons that support the closing of the remaining Chapter 11 case, the Debtors' plan of reorganization has been substantially consummated, there are no pending adversary proceedings and there are no matters remaining to be resolved.

**BACKGROUND**

3. On April 5, 2020, each of the Debtors filed with this Court a separate, voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On April 7, 2020, this Court entered an Order providing for the joint administration of those cases (Docket No. 42).

5. On June 26, 2020, the Debtors filed their Second Amended Chapter 11 Plan of Liquidation of Ravn Air Group, Inc. and its Affiliated Debtors (the "Plan")[2] (Docket No. 398).

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

6. On June 26, 2020, this Court entered the Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Plan of Liquidation of Ravn Air Group, Inc. and its Affiliated Debtors (the "Confirmation Order") (Docket No. 400).

7. The Plan became effective on October 30, 2020 (the "Effective Date").

8. On November 9, 2020, the Reorganized Debtors filed a Certification of Counsel Regarding Final Decree Closing Certain Cases and Amending Caption of Remaining Case (Docket No. 679).

9. On November 12, 2020, this Court entered the Final Decree Closing Certain Cases and Amending Caption of Remaining Case (the "First Final Decree") (Docket No. 686). The First Final Decree applied to all of the Chapter 11 cases other than that of the Remaining Debtor.

**RELIEF REQUESTED**

10. By this Motion, the Liquidation Trustee seeks entry of a final decree closing the Chapter 11 case of the Remaining Debtor in substantially the form attached hereto as Exhibit A.

**BASIS FOR RELIEF REQUESTED**

11. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered . . ., the court shall close the case." Similarly, Bankruptcy Rule 3022 governs the closing of Chapter 11 cases and further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Finally, Local Rule 3022-1(a) provides that, "upon written motion, a party in interest may seek the entry of a final decree at any time after the

confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

12. The Bankruptcy Code, the Bankruptcy Rules, and the Local Rules do not define the term "fully administered." The Advisory Committee Notes to Bankruptcy Rule 3022, however, set forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

a. whether the order confirming the plan has become final;

b. whether deposits required by the plan have been distributed;

c. whether the property proposed by the plan to be transferred has been transferred;

d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

e. whether payments under the plan have commenced; and

f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

See Fed. R. Bankr. P. 3022, Advisory Committee Notes (1991).

13. The factors outlined above "are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." In re SLI, Inc., 2005 WL 1668396,* 2 (Bankr. D. Del. June 24, 2005). "Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered." In re Union Home and Industrial, Inc., 375 B.R. 912, 917 (10th Cir. B.A.P. 2007) (internal citation omitted); see also In re Ginko Associates, L.P., 2009 WL 2916917, at *2 (E.D. Pa. June 25, 2009) ("A court should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022 along with any other relevant factors, in determining whether an estate has been fully administered" and "not all the factors set forth in

the Advisory Committee Notes need to be present to establish that a case is fully administered"); In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Notes when deciding whether to close a case); In re Jay Bee Enters., Inc., 207 B.R. 536, 538-39 (Bankr. E.D. Ky. 1997) (same); Walnut Assocs. v. Saidel, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.") (quoting In re Mold Makers, Inc., 124 B.R. 766, 768-69 (Bankr. N.D. Ill.1990)).

14. In addition to the factors set forth in the Advisory Committee Notes, courts have also considered whether the plan of reorganization has been substantially consummated. See In re Gates Community Chapel of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997); see also Walnut Assocs., 164 B.R at 493. The Bankruptcy Code defines the term "substantial consummation" as:

> a. transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> b. assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>
> c. commencement of distribution under the plan.

See Bankruptcy Code § 1101(2).

15. The Liquidation Trustee submits that an analysis of the factors enumerated in the Advisory Committee Notes to Bankruptcy Rule 3022 and the substantial consummation standard demonstrate the appropriateness of entering a final decree closing the case of the Remaining Debtor.

16. Prior to entry of the First Final Decree in 2020, the Confirmation Order had become final and non-appealable; transfers of property had been completed; payments under the Plan commenced; and the Plan had been substantially consummated. Since then, the Liquidation Trustee, on behalf of the Remaining Debtor, has completed all of its obligations under the Plan and resolved all outstanding matters that were pending as of the entry of the First Final Decree, as well as new matters that were commenced thereafter.

17. Specifically, with respect to transfers and payments under the Plan:

a. On the Effective Date, the Liquidation Trust was established for the benefit of Holders of Liquidation Trust Interests to be administered in accordance with the terms of the Liquidation Trust Agreement.

b. On the Effective Date, the Liquidation Trust Funding was transferred to the Liquidation Trust.

c. On the Effective Date, $250,000 was transferred to the Creditors' Fund to be administered by the Liquidation Trust on account of Holders of Class C Liquidation Trust Interests.

d. The Liquidation Trustee believes that he, on behalf of the Remaining Debtor, has resolved and satisfied all administrative, secured, and priority claims.

18. In addition, all motions, contested matters, and adversary proceedings have been finally resolved.

19. Accordingly, the Liquidation Trustee submits that the relief requested herein is necessary and appropriate, and a final decree closing the Remaining Debtor's Chapter 11 case should be entered. The proposed entry of this final decree would be without prejudice to the Liquidation Trustee or other parties to petition the Court to reopen the case pursuant to section 350(b) of the Bankruptcy Code under appropriate circumstances.

## FINAL REPORT

20. Pursuant to Local Rule 3022-1(c), which requires a debtor to file a final report at least fourteen (14) days prior to a hearing on a motion to close a Chapter 11 case, the Liquidation Trustee's Final Report Pursuant to Local Rule 3022-1(c) is attached hereto as Exhibit B.

## NOTICE

21. Notice of this Motion has been given, in accordance with the Bankruptcy Rules and the Local Rules, via first-class mail service, e-mail, facsimile, telephone, and/or hand delivery, as appropriate, to the United States Trustee and all parties that have requested service of notice in these cases pursuant to Bankruptcy Rule 2002. The Liquidation Trustee submits that no other or further notice need be given in light of the circumstances of these cases.

## NO PREVIOUS REQUEST

22. No previous request for the relief sought in this Motion has been made to this or to any other Court.

## CONCLUSION

WHEREFORE, the Liquidation Trustee requests entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as is just and proper under the circumstances.

Dated: June 24, 2022
Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Victoria A. Guilfoyle*
Victoria A. Guilfoyle (No. 5183)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

- and -

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (*pro hac vice*)
Gabrielle Albert (*pro hac vice*)
Danisha Brar (*pro hac vice*)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 496-6723
Emails: tkeller@kbkllp.com
galbert@kbkllp.com
dbrar@kbkllp.com

*Attorneys for the Liquidation Trustee*