# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RAVN AIR GROUP, INC.,<br><br>Remaining Debtor. | Chapter 11<br><br>Case No. 20-10755 (BLS) |

**FINAL DECREE**

Upon consideration of the *Liquidation Trustee's Motion for Entry of a Final Decree pursuant to Bankruptcy Code §350(a) and Bankruptcy Rule 3022 Closing the Last Case Remaining of the Debtors' Chapter 11 Cases* (the "Motion"), filed by John T. Young, Jr., in his capacity as liquidation trustee (the "Liquidation Trustee") of the Ravn Air Group Liquidation Trust (the "Liquidation Trust"), and the Final Report of the Liquidation Trust and this Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b); and (iv) notice of the Motion, proposed *Final Decree Closing Remaining Case*, and the hearing on confirmation of the Debtors' chapter 11 plan (the "Confirmation Hearing") was sufficient under the circumstances; and the Confirmation Hearing, which covered the relief requested, being held on June 25, 2020; and upon the record of the Confirmation Hearing on the relief requested and all of the proceedings had before this Court; and this Court having found and determined that the relief sought is in the best interests of the above-captioned reorganized debtor and its affiliated reorganized debtors (collectively, the "Debtors"), their estates, their creditors and

all other parties in interest; and it appearing that the relief requested is in accordance with the terms of the *Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Chapter 11 Plan of Liquidation of Ravn Air Group, Inc. and Its Affiliated Debtors* [Docket No. 400] (the "Confirmation Order");[1] and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Chapter 11 case of Ravn Air Group, Inc., Case No. 20-10755 (the "Closing Case"), shall be closed effective as of June 30, 2022.

2. This Order shall be entered on the docket of the Closing Case, and thereafter such docket shall be marked as "Closed." The caption of the Closing Case is as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RAVN AIR GROUP, INC.,<br><br>Remaining Debtor. | Chapter 11<br><br>Case No. 20-10755 (BLS) |

3. Entry of this Order is without prejudice to the rights of the Liquidation Trust or any other party in interest to seek to reopen the Closing Case for cause pursuant to section 350(b) of the Bankruptcy Code.

4. The closing of the Closing Case will in no way prejudice the Liquidation Trust's rights to object or otherwise contest a proof of Claim or a request for Administrative Claim filed against any of the Debtors or to commence or prosecute any action to which any of the Debtors is, was, or may be a party, or a claimant's rights to receive Distributions under the Plan to the

[1] Capitalized terms used but not defined herein have the terms ascribed to them in the Confirmation Order.

extent such claimant's Claim is ultimately Allowed, nor will the closing of such Case otherwise alter or modify the terms of the Plan.

5. Pursuant to section 11.21 of the Plan, on entry of this Order, the Liquidation Trustee, the Liquidation Trust Supervisory Board, and their respective Related Parties, in each case to the extent not previously discharged by the Bankruptcy Court, shall be deemed discharged and have no further duties or obligations to any Person.

6. The Debtors, the Liquidation Trust, and the Clerk of the Court are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction to hear and determine any matters or disputes related to the Closing Case, including, without limitation, any matters or disputes relating to the effect of injunction provisions contained in the Plan and/or the Confirmation Order. Further, this Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.