# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>RAVN AIR GROUP, INC., *et al.*,[1]<br><br>Remaining Debtor. | Chapter 11<br><br>Case No. 20-10755 (BLS) |

**FINAL REPORT OF RAVN AIR GROUP LIQUIDATION TRUST**

John T. Young, Jr., in his capacity as liquidation trustee (the "Liquidation Trustee") of the Ravn Air Group Liquidation Trust (the "Liquidation Trust"), submits this final report (the "Final Report") pursuant to Local Rule 3022-1(c) of the Local Rules for the United States Bankruptcy Court for the District of Delaware.

**TIMELINE OF THE CHAPTER 11 CASES**

1. On April 5, 2020, the debtor in the above-referenced case and several affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Prior to October 30, 2020 (the "Effective Date"), the Debtors operated their businesses and managed their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On June 26, 2020, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Chapter 11 Plan of Liquidation of Ravn Air Group, Inc. and Its Affiliated Debtors* [D.I. 400] (the "Confirmation Order") confirming the

[1] The Remaining Debtor in these chapter 11 cases and the last four digits of its U.S. tax identification number is as follows: Ravn Air Group, Inc. (3047). The notice address for the Remaining Debtor is c/o John T. Young, Jr., Riveron fka Conway Mackenzie, LLC, 909 Fannin Street, Suite 4000, Houston, Texas 77010.

Debtors' plan of reorganization (the "Plan"). Under the terms of the Plan, the Debtors were deemed consolidated upon the Effective Date, leaving Ravn Air Group, Inc. as the sole Remaining Debtor. The Plan provided for creation of the Liquidation Trust to be administered by the Liquidation Trustee on the Effective Date. The Plan became effective on the Effective Date [D.I. 673].

3. Pursuant to the terms of the Plan, on or prior to the Effective Date, the Liquidation Trust Agreement was executed, thereby creating the Liquidation Trust and the Liquidation Trustee. On the Effective Date, among other things, all assets of the Debtors became assets of the Liquidation Trust and the Liquidation Trust became the successor in interest to the Debtors as more fully described in the Plan.

4. As contemplated in the Plan, the Debtors undertook sales of certain of their assets in order to fund the Plan. The more than two dozen sales closed with gross proceeds in excess of $55 million.

5. Since the Effective Date, the Liquidation Trustee has, *inter alia*, (i) reconciled, objected to and/or resolved all administrative, priority, secured and unsecured claims; and (ii) distributed the vast majority of the Liquidation Trust's assets in accordance with the Plan and the Liquidating Trust Agreement.

**DISTRIBUTIONS UNDER THE PLAN**

6. All distributions to be made under the Plan on account of allowed claims in these cases have been made, or are in the process of being made, in accordance with the Plan. The percentage of dividends paid or to be paid to claimants are as follows:

| TYPE OF CLAIM OR INTEREST | DISTRIBUTION[2] | DISTRIBUTION AMOUNT |
|---|---|---|
| Secured Claims | 100% | $153,571.92 |
| Administrative Claims | 100% | $ 2,265,323.11 |
| Priority Claims | 100% | $ 208,053.14 |
| Unsecured Claims | 2.269% | $1,207,432.43 |
| Equity Interests | 0% | $0.00 |

## MATTERS OF IMPORTANCE

7. All disputed claims, motions, contested matters, and adversary proceedings in the Chapter 11 Cases have been addressed and fully resolved.

8. Substantially all of the Liquidation Trust's assets have been converted to cash and distributed to holders of the allowed claims, and all other potential remaining assets have been sold to third parties.

9. All fees owing to the Office of the United States Trustee for the quarterly periods through and including the first quarter of 2022 have been paid. Fees owing for the second quarter of 2022 will be paid in accordance with Section 1930 of Title 28 of the United States Code.

10. All professional fees and expenses through the Effective Date have been paid in accordance with the orders of this Court.

11. All professional fees and expenses of the professionals retained by the Liquidation Trust have been paid, or will be paid, in accordance with the Plan and the Liquidating Trust Agreement.

[2] The information in this table is intended only as a summary description of the distributions required by the Plan. The distribution percentage is based on the allowed amounts of claims, established either by agreement or via Court order. Any unintended conflict between this summary and the Plan itself should not be construed in any way to modify the terms of the Plan. Parties are referred to the Plan itself for detailed descriptions of the distributions thereunder. Percentages and dollars have been rounded to whole numbers.

12. The Plan has been substantially consummated and the obligations thereunder have been fulfilled.

Dated: Houston, Texas
June 24, 2022

*/s/ John T. Young Jr.*
John T. Young, Jr.
Trustee of the Ravn Air Group Liquidation Trust